UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT TACOMA

| | |
|---|---|
| LISA C. NEAL, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF BAINBRIDGE ISLAND,<br><br>        Defendant. | NO.: 3:20-cv-06025<br><br>**COMPLAINT**<br><br>JURY DEMAND |

Plaintiff Lisa C. Neal ("Neal" or "Plaintiff") brings this action against the City of Bainbridge Island ("COBI"). Plaintiff alleges violation of Plaintiff's Constitutionally protected right to meaningfully participate in government through the exercise of her political free speech, including speech employed by Plaintiff to hold a COBI committee/process to its legal responsibilities owed to the citizens of Bainbridge Island. Plaintiff further alleges defamation, and the negligent or intentional infliction of emotional distress.

### I.    PARTIES

1.1    Plaintiff is a resident of the City of Bainbridge Island, Kitsap County, Washington.

COMPLAINT - 1
(Cause No. 3:20-cv-06025)

1.2   COBI is a municipal corporation located in Kitsap County, Washington, organized under the laws of the State of Washington.

## II.   JURISDICTION & VENUE

2.1   This court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983. The court has ancillary jurisdiction over Plaintiff's state law claims.

2.2   The court has personal jurisdiction over the parties. Plaintiff has complied with Revised Code of Washington § 4.96.020's requirement that Defendant municipality COBI be provided 60-days' notice of the claim for damages. Plaintiff has complied with Revised Code of Washington § 7.96.040's requirement that Defendant be provided an opportunity to correct or clarify the alleged defamation.

2.3   Venue is proper in the Western District of Washington at Tacoma pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Plaintiff and Defendant COBI are located in this district, and because the events giving rise to Plaintiff's claims occurred in this district.

## III.   RELEVANT FACTS

3.1   Plaintiff is a lawyer licensed in good standing in the state of Washington since 1996, and in Texas (inact.) since 1992.

3.2   Plaintiff served as a Bainbridge Island Municipal Code ("BIMC") Chapter 2.01 citizen volunteer appointed by the City Council to the Island Center Subarea Planning Process Steering Committee ("Committee"). Plaintiff was Vice-Chair of the Committee from her appointment in December of 2017 until August 14, 2018, when Defendant COBI publicly removed her, asserting Plaintiff was so

**COMPLAINT - 2**
(Cause No. 3:20-cv-06025)

disruptive that she must be removed from the Committee. The COBI Council did not follow the removal procedure provided by the COBI Code, but instead followed a procedure more likely to cause Plaintiff harm in her personal and professional life. As a citizen volunteer on a COBI advisory committee, Plaintiff was not a public figure.

3.3   Under Bainbridge Island Municipal Code ("BIMC" or "Code") § 2.01.020, Plaintiff's removal from the Committee was solely within the Mayor's discretion and control, subject only to Plaintiff's possible restoration to the Committee by a majority vote of the Council within 30 days of the Mayor's notice of the removal, in the event a majority disagreed with the removal. In this case, however, rather than handle the matter quietly, per the Code, for the protection of Plaintiff's personal and professional privacy, the Mayor and Council chose to make a public spectacle of Plaintiff's removal at a regular, televised, recorded Council meeting, complete with Council member testimony about Plaintiff, and the testimony of witnesses, as well as from a member of the public who had no association with the Committee or Plaintiff, all without notice to Plaintiff, or giving her a chance to respond to the false claims publicly raised against her in a public venue, claims that are now forever lodged upon permanent media potentially available to her current/future employers and clients, social acquaintances, etc. Plaintiff was one of the few "low/controlled-growth" members of the Committee who was concerned with COBI's apparent pro-growth bias. This bias was plainly apparent when Staff misrepresented the law regarding required growth, promoted the idea of sewer extension to Island Center, or unilaterally added properties to expansion drafts. Plaintiff was the only Committee member who raised concerns regarding the failure

**COMPLAINT - 3**
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

of the Committee to disclose members' potential conflicts of interest, and was one of several Committee members who raised questions regarding the "off-Code" process being followed by the Committee Staff liaisons. In response to Plaintiff's expressed concerns about COBI's mishandling of the Committee process, COBI decided to remove Plaintiff from the Committee. As noted above, rather than follow BIMC § 2.01.020 by having the Mayor simply inform Plaintiff and the Council that she was no longer on the Island Center Committee for "just cause," COBI and its agents purposely made Plaintiff's removal a public pillory in order to silence or limit her "low-growth" views going forward from within the Committee, or without, as well as to discourage others on the Committee from publicly speaking out about the Committee's failures to follow state/COBI land use law, COBI procedures, and the rules requiring the disclosure of members' potential conflicts of interest. At least two members of the Committee stand to significantly benefit financially in the event their property is upzoned by the Committee's ultimate recommendation to Council.

3.4     During her tenure on the Committee, Plaintiff raised concerns about the Committee's inability to "weigh in" regarding the public engagement plan before Staff presented it to COBI Council for approval, Staff's drafting of the Work Plan required by BIMC § 2.16.210, which Code section required the Committee to draft same, as well as about the Staff's interview and hiring of consultants without notice to the Committee, even after the Committee voted to postpone consultant hiring and expressed its desire to "weigh in" on the Requests For Qualifications. Plaintiff also objected to COBI Planning Director Defendant Gary Christensen's unilateral change to a Committee agenda, which change tacitly overruled a Committee vote taken at the previous meeting. Plaintiff requested that minutes be lodged for all meetings, as

COMPLAINT - 4
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

required by RCW 42.30.035, and was told by Chair Gale and Staff that, "the recording is sufficient," when that is not a correct statement of the law. Plaintiff repeatedly stated in meetings that the COBI Staff's comments that the Growth Management Act "required growth" were incorrect, and Plaintiff stated in meetings that the COBI Staff's, and Council member/liaison, Sarah Blossom's, repeated comments that the Comprehensive Plan required expansion and upzoning of Island Center, were incorrect.

3.5   Plaintiff also repeatedly objected to the Committee's ongoing failure to disclose Committee members' potential conflicts of interest, as required by the COBI Ethics Program. Plaintiff repeatedly advocated for correction of the Staff's and Chair's failures to include conflict disclosures on the meeting Agendas. These efforts at obtaining full disclosure were actively opposed by COBI's Staff "liaisons" to the Committee, and by the Chair, Maradel Gale, who was a member of the Ethics Board, at the time. These people variously asserted that (1) "Committee members cannot have a conflict" because the Council interviewed them and knew of their financial interests; (2) that the members "cannot have a conflict" because the applicable Code section requires that they come from the Island Center area; and (3) that the members "cannot have a conflict" because the Committee provides only a recommendation. Chair Gale, who at the time was also on the Ethics Board and charged with implementing the existing Ethics Program, actively sought to change the Ethics Program section applicable to citizen committees, including the Island Center Committee, during this dispute to exempt Island Center Committee members from having to disclose conflicts (thereby confirming that Plaintiff's position on the issue was correct). After Plaintiff's correspondence with Mayor Medina explaining the

**COMPLAINT - 5**
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

scope of the proposed change, the City Council properly rejected that proposed change to the Ethics Program. The Committee, as a whole, has not yet fully disclosed the personal and financial interests held by some of the members, nor has it complied with the Ethics Program's requirement that the Committee vote to allow participation of those with conflicts.

3.6     Plaintiff sought assistance from Sarah Blossom in her capacities as Council liaison to the Committee, and as City Council member, but no assistance was provided.

3.7     Plaintiff sought advice and assistance from the City Attorney, Joe Levan, and the City Attorney explained that he did not provide advice regarding the COBI Ethics Program.

3.8     Plaintiff spoke with Sarah Blossom on July 11, 2018, and, finally, Blossom promised to undertake resolution of Plaintiff's concerns. Blossom requested that Plaintiff bring her any future complaints, and Plaintiff agreed.

3.9     At the August 14, 2018 City Council meeting, then-Mayor Kol Medina raised the issue of Plaintiff's removal from the Committee by telling the public that "anyone serving on any of the Committees serves at the pleasure of the Council and we can remove them if we feel like they are, for whatever reason, disrupting the Committee, not acting appropriately. We have reasons to, some councilors anyway have expressed reasons to believe this person [Plaintiff] should be removed from the Committee," at which point the Mayor, contrary to BIMC § 2.01.020, invited anyone to make a motion to that effect. The Mayor having introduced the idea that Plaintiff, a near-30 year attorney with an unblemished record in two states, was "disruptive," and "not acting appropriately," Council member Blossom then formally moved to

COMPLAINT - 6
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

remove Plaintiff from the Committee. Mayor Medina's recitation of the grounds for Plaintiff's removal in this case conflicts with BIMC § 2.01.020.

3.10   Council member Blossom's stated reasons supporting Plaintiff's removal were that "we've had some Committee members resign because of [Plaintiff's actions/behavior]," and that Plaintiff had refused to meet with the Planning Director, Gary Christensen. Based upon documents and interviews, both statements were false.

3.11   On August 14, 2018, under questioning by another Council member, Planning Director Gary Christensen confirmed that, in fact, no one had resigned solely because of Neal's actions on the Committee.

3.12   On August 14, 2018, during the Mayor's inexplicably permitted/invited public comment on Plaintiff's removal from the volunteer citizens' Committee, COBI Planning Commission member, Jon Quitslund, after admitting he had no personal knowledge of Plaintiff, claimed Plaintiff was abusive ("just ugly, and totally inappropriate") to COBI Staff liaison to the Committee, Senior Planner Jennifer Sutton. Planning Commissioner Quitslund stated that he'd "heard things that were upsetting" to him "because they seemed to be threatening a kind of dysfunction in a very touchy and very important process." Quitslund went on to state that it "seemed to be the case that there's just so much disruption and so much blocking of the description of where we're going and how, and, and what's at stake . . . ." Quitslund closed his speech by agreeing with Plaintiff's removal from the Committee, and then suggesting that Plaintiff's behavior/action "seems irrational." After this speech, Quitslund became the Planning Commission liaison to the Committee, and he is on record as warning the Committee members that their presentation to the Planning

COMPLAINT - 7
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

Commission of a no-growth or low-growth plan for Island Center would violate the Comprehensive Plan and would, therefore, be a "non-starter with the Planning Commission" that has to approve the Committee's plan before it is sent to Council for implementation, or rejection. Mr. Quitslund's statement misstates COBI's Comprehensive Plan's requirements, and is representative of the kind of comment to which Plaintiff made her objections regarding COBI speakers' repeated misstatements of law. Because the misstatements potentially tainted or endangered the outcome of the Island Center planning process, Plaintiff understood that a record of objection regarding misstatements and missteps by the participants would be important to the integrity of the planning process. Quitslund later disclosed to Plaintiff that he'd learned what he knew about Plaintiff and her actions from his "friend of many years," Maradel Gale (formerly Quitslund's co-member on the Planning Commission, formerly of the Ethics Program, and current Chair of the Island Center Committee).

3.13   Despite Council's prior implementation of rules prohibiting *ad hominem* public comment of this nature, and the Mayor's own previous strict enforcement of same, Mayor Medina said nothing to interrupt Quitslund's baseless public diatribe against Plaintiff.

3.14   The Council voted 5-2 to remove Plaintiff from the Committee.

3.15   Councilmembers who voted "yes" on Defendant Blossom's motion to remove Plaintiff made it clear they had no knowledge whether the statements by others were true, or not, but that they were deferring to Blossom's superior experience as Council liaison to the Committee.

COMPLAINT - 8
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

3.16    Plaintiff was not provided notice of this meeting or any opportunity to respond, or to otherwise defend herself, or her professional reputation.

3.17    Following the August 14, 2018 Council meeting, Plaintiff heard from one Councilmember who stated he "felt really bad" about how things were handled.

3.18    Blossom called Plaintiff on August 15, 2018, the day after the removal, to tell Plaintiff of her removal.  Blossom stated that she had not known about the motion, and had not wanted to vote for it, so it remains unknown how the Mayor came to initiate Plaintiff's removal in the first place.  Further, though Plaintiff had not questioned Council's motive, Blossom volunteered, "I do not think it was because you are anti-development."

3.19    Plaintiff watched the videotape of the City Council meeting on August 18, 2018, and was caused embarrassment and distress at the unsupported and false attacks on her, and at the thought that her current or future employer/clients could form an adverse opinion of Plaintiff's capacity/ability to function as an attorney as a result of the things said about Plaintiff.  In the following weeks, Plaintiff suffered from sleeplessness.

3.20    Plaintiff suffered worry that her current employer, who resides on the Island, would believe the false statements, and that damage would be caused to the employment relationship, as well as to her professional standing in the Bainbridge Island / Seattle legal communities.  Plaintiff is, has been, and desires to be, politically active in Bainbridge Island politics going forward, and she is concerned that her removal from the Committee in this unfounded manner undermines her personal credibility and, thereby, her ability to effect needed changes on Bainbridge Island.

COMPLAINT - 9
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON  98110
TELEPHONE (206) 317-3000

3.21    Following her removal from the Committee, Plaintiff continued to attend the Island Center Committee meetings as a member of the public. Her free speech was now limited, however. While prior votes had been taken by the Committee allowing public comment "per topic," the Committee Chair, Maradel Gale, unilaterally amended this practice after Plaintiff's removal, allowing for public comment only at the end of the meeting, after important decisions had been already made, and restricting all comment to five or ten minutes. Plaintiff's ability to meaningfully participate in the Island Center planning process was curtailed, or prevented altogether, as a result of being removed from the Committee. Plaintiff is a 24+ year resident of Island Center who has worked hard to maintain the local quality of life prized by area residents.

3.22    On or about January 20, 2019, Plaintiff spoke to Mr. Quitslund on the telephone at his request, and he advised he had no personal knowledge of facts supporting his August 14, 2018 public statement, and further advised that his longtime friend, Maradel Gale, who is also the Chair of the Committee and a member of the Ethics Board, had provided him with the information that prompted his statement to the Council. It remains unclear how it is that Mr. Quitslund knew to come and speak against Plaintiff as a member of the public when there was no prior notice to the public.

3.23    As Plaintiff had spoken with Blossom on July 11, 2018, and Blossom had volunteered in that call that prior Committee member resignations had nothing to do with Plaintiff, Plaintiff wrote to Blossom on February 27, 2019, setting out the two different statements Blossom had made, and requested Blossom explain her conflicting statements. Blossom ignored the first email. Plaintiff followed up with

COMPLAINT - 10
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

another email on March 6, 2019, and Blossom responded, "I didn't respond and I don't plan to."

3.24   Since Plaintiff's removal, COBI has re-stocked the Committee with four persons who one could conclude are more likely to be "pro-growth" than "low/no-growth": 1) an architect; 2) a builder; 3) a planner for Seattle, and 4) a member of Kol Shalom synagogue, which congregation seeks to use the City-owned lot next to their building for parking, and whose representative might, therefore, be assumed to be more sympathetic to any plan promoted by the City.  These individuals may or may not be so inclined, but their occupations were known to COBI at time of appointment.

3.25   In May, 2020, Plaintiff applied for appointment to an open seat on the City Council.  The local newspaper ran a story that highlighted Plaintiff's removal from the Committee and repeated the false claims made about her at the August 14, 2018 meeting, including information not available from the meeting tape.  Plaintiff's husband contacted the paper to request a correction and retraction, but received no response.  Plaintiff was not selected for the City Council position.

3.26   Plaintiff's current employer lives on the Island, and advised he had seen the story.

3.27   Plaintiff has applied for a position on the Ethics Board three times. Plaintiff was a Justice on her law school's Honor Court, and is otherwise qualified. After Plaintiff interviewed the third time, in March of 2020, COBI re-opened applications without explanation.  Plaintiff was again not appointed.

3.28   While Bainbridge Island land use issues are Plaintiff's primary area of interest, Plaintiff wants to serve her community as she can, so she applied for, and

**COMPLAINT - 11**
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON  98110
TELEPHONE (206) 317-3000

was appointed to, the Salary Commission in 2020. Too-few applicants were presented for the Commission to be formed under the existing Code section, however. After Plaintiff advised the Council that either more persons must be appointed, or the pertinent BIMC section must be changed, Council changed the Code section to allow for a reduced panel size.

3.29    As a result of Defendant's actions in harming her reputation, Plaintiff has suffered damages, including being "black-balled" from official participation in Bainbridge Island land use issues. Due to Defendant's actions, Plaintiff's input into Bainbridge Island land use issues is now limited to that of voter and vocal spectator, rather than implementer.

## IV.    CAUSE OF ACTION - 42 U.S.C. § 1983

4.1    Plaintiff incorporates the allegations found in paragraphs 3.1-3.29, and incorporates the same as though fully stated herein.

4.2    Defendant's actions were taken under the color of state law, and were calculated to, and did, pursuant to 42 USC § 1983, violate Plaintiff's right to participate in government, and effectively punished her for her exercise of her right to free speech and political speech, in violation of the United States Constitution.

4.3    Defendant was obligated to protect, not impede, Plaintiff's right to raise concerns regarding process and conflicts, regardless of whether such concerns made other Committee members "uncomfortable," and regardless of whether discussion of the concerns allegedly slowed down the Committee's meetings, and/or the planning process. The desire for a "smooth process" does not trump Plaintiff's, or anyone's, Constitutionally protected rights.

**COMPLAINT - 12**
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

4.4 Defendant's actions were intentional and conducted with malice, or done with reckless or callous indifference to Plaintiff's federally protected rights, to punish and silence her (and, potentially, others) for correcting Defendant's representatives' misstatements of law and violations of procedure, as well as for insisting on the disclosure of potential conflicts by those charged with serving the citizens of Bainbridge Island.

4.5 Defendant's acts have caused Plaintiff emotional distress and reputational injuries, for which Plaintiff seeks damages.

## V.  CAUSE OF ACTION - DEFAMATION

5.1 Plaintiff incorporates the allegations found in paragraphs 3.1-3.29, and incorporates the same as though fully stated herein.

5.2 COBI, by and through its agents Kol Medina, Gary Christensen, Maradel Gale, Jon Quitslund and Sarah Blossom defamed Plaintiff by publishing false and injurious information regarding Plaintiff to third parties under a Washington State claim of common law defamation.  Plaintiff served on the Committee as a citizen volunteer, and was not a public figure.  Defendant enjoys no immunity for these acts.

5.3 As the statements tended to harm Plaintiff in her profession, these acts constituted defamation *per se*.

5.4 As Defendant intended to bar or limit Plaintiff's participation in government by making/allowing these false statements, and as the statements were unnecessary and would not have been made in public at all had Defendant followed its own Code's requirements for the removal of a Committee member, the statements

COMPLAINT - 13
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

were made out of malice.

5.5   The false statements subjected Plaintiff to contempt or ridicule.

5.6   The false statements damaged Plaintiff in an amount to be proven at trial.

5.7   Plaintiff has complied with Revised Code of Washington 7.96.040, and Defendant refuses to correct the defamation.

## VI.   CAUSE OF ACTION - NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

6.1   Plaintiff incorporates the allegations found in paragraphs 3.1-3.29, and incorporates the same as though fully stated herein.

6.2   Defendant, by and through its agents Gary Christensen, Kol Medina, and Sarah Blossom, negligently or intentionally inflicted emotional distress on Plaintiff.

6.3   Defendant's actions damaged Plaintiff in an amount to be proven at trial.

## TRIAL BY JURY DEMANDED

Plaintiff demands trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays that the Court grant the following relief against Defendant:

1.   Actual Damages;

2.   Attorney Fees and Costs incurred in this action; and

**COMPLAINT - 14**
(Cause No. 3:20-cv-06025)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

3. Such other and further relief as the Court may deem just and proper.

DATED: October 16, 2020.

NEAL FIRM, PLLC
Attorney for Plaintiff Lisa Neal


By: /s/Christopher L. Neal
Christopher L. Neal
WSBA No.: 25685
Neal Firm, PLLC
PO Box 11215
Bainbridge Island, WA 98110
(206) 317-3000
cneal@coveragenorthwest.com

**COMPLAINT - 15**
(Cause No. 3:20-cv-06025)

**NEAL FIRM, PLLC**
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON  98110
TELEPHONE (206) 317-3000