1
2
3
4
5
6

The Honorable Robert S. Lasnik

7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

9

LISA C. NEAL, an individual,

                              Plaintiff,

10
11

v.

12

CITY OF BAINBRIDGE ISLAND,

                              Defendant.

13

No. 3:20-cv-06025-RSL

DEFENDANT CITY OF BAINBRIDGE
ISLAND'S MOTION FOR
PROTECTIVE ORDER STAYING
DISCOVERY PENDING RULING ON
MOTION TO DISMISS

**NOTED FOR HEARING**:
FRIDAY, MARCH 19, 2021

14
15
16

17

## I.       INTRODUCTION AND RELIEF REQUESTED

18
19
20
21
22
23

Pursuant to Fed. R. Civ.P. 26(c), Defendant City of Bainbridge requests the Court enter an order staying discovery until 30 days after the Court has ruled on the City's pending Motion to Dismiss. Dkt. 10. This stay would stay all pretrial discovery and delay the start of the 30-day time frame in which the City would otherwise have to respond to the discovery requests Plaintiff Lisa Neal served the City on March 8, 2021. *See Declaration of Jayne L. Freeman in Support of Motion for Protective Order*, Ex. A.

24

## II.       FACTS RELATED TO MOTION

25
26

Plaintiff filed this lawsuit in October of 2020, but she failed to serve the City with any pleadings until January 14, 2021. At that time, Plaintiff only served a copy of an

27

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Amended Complaint [Dkt. 3]. *See* Dkt. 10. On March 4, 2021, the City filed a Motion to Dismiss Plaintiff's claims. Dkt. 10.

On March 5, 2021, counsel for the parties conducted an FRCP 26 attorney conference. *See Freeman Decl.* Counsel for the City proposed delaying discovery, including Initial Disclosures, until the court rules on the City's Motion to Dismiss. *Id*. Plaintiff requested the City continue its Motion approximately one month for various reasons, including allowing Plaintiff to conduct discovery. *Id*. The City declined this request. *Id*.

On March 8, 2021, Plaintiff served the City with discovery requests, with responses would be due April 8, 2021.  *Id*. Counsel for the parties conferred on March 11, 2021 regarding the City's request to stay discovery pending the court's ruling on its Motion to Dismiss. *Id.*; *see also Declaration of Kari Lester in Support of Motion for Protective Order.* The City now requests the Court stay discovery until a ruling is issued on its Motion to Dismiss.

### III.    EVIDENCE RELIED ON

- Pleadings in Court file;
- Declaration of Jayne L. Freeman; and
- Declaration of Kari Lester.

### IV.    LEGAL AUTHORITY

**A.    The Court May Enter a Protective Order Staying Discovery Upon Showing of Good Cause.**

The Court has liberal discretion to issue a protective order to control the terms and timing of pretrial discovery upon a motion for "for good cause" "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S. Ct. 2199, 2208, 81 L. Ed. 2d 17 (1984).  The rule requires that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

DEF'S MOTION FOR A PROTECTIVE ORDER
STAYING DISCOVERY - 2
3:20-cv-06025-RSL
1002-01718/538061

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    Fed. R. Civ. P. 26.

2        Rule 26 provides the Court wide latitude to fashion protective orders as appropriate

3    in light of the "competing needs and interest of parties affected by discovery." *Rhinehart*,

4    467 U.S. at 36, 104 S. Ct. at 2209.  Consistent with this rule, "[t]he District Court has broad

5    discretion to stay proceedings as an incident to its power to control its own docket." *Clinton

6    v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997). A protective

7    order staying discovery should further the "goal of efficiency for the courts and litigants."

8    *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

9        Along this reasoning, a stay of discovery is appropriate where a ruling on a

10   dispositive motion would reduce the need for discovery. *Quezambra v. United Domestic

11   Workers of Am. AFSCME Local 3930*, 819CV00927JLSJEM, 2019 WL 8108745, at *2

12   (C.D. Cal. Nov. 14, 2019). This is the case when "(1) "the pending motion [is] potentially

13   dispositive of the entire case, or at least dispositive on the issue at which discovery is

14   aimed," and (2) "the pending, potentially dispositive motion can be decided absent

15   additional discovery." *Id.*; *see also Mlejnecky v. Olympus Imaging Am.*, Inc., 2:10-CV-

16   02630, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011) ("A party may seek a protective

17   order that stays discovery pending resolution of a potentially dispositive motion such as a

18   motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).") (citing *Wenger v.

19   Monroe*, 282 F.3d 1068, 1077 (9th Cir.2002))).

20       Here, Plaintiff submitted her first set of requests for production before the parties

21   have exchanged initial disclosures and while Defendant's motion to dismiss is pending

22   before the Court. *Freeman Decl.* ¶¶ 4-7. Given the possibility that the Court's ruling on the

23   motion to dismiss will reduce or eliminate the need for the City to respond to Plaintiff's

24   extensive and broad discovery requests, there is good cause to stay discovery pending that

25   decision. Fed. R. Civ. P. 26(c). The City brings this motion after the parties conferred in

26   good faith regarding these issues on March 11, 2021. *Lester Decl.* ¶ 2.

27

DEF'S MOTION FOR A PROTECTIVE ORDER
STAYING DISCOVERY - 3
3:20-cv-06025-RSL
1002-01718/538061

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**B.** **Resolution of the City's Pending Motion to Dismiss is Good Cause for Staying Discovery Until the Court Issues a Ruling.**

The Court should exercise its discretion here to stay discovery pending the disposition of the City's motion to dismiss. "The Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Wagh v. Metris Direct, Inc*., 363 F.3d 821, 829 (9th Cir.2003), overruled on other grounds, *Odom v. Microsoft Corp*., 486 F.3d 541, 551 (9th Cir.2007) (en banc)).

Because factual issues may not need to be addressed if the court grants the motion to dismiss, a "stay furthers the goal of efficiency for the court and litigants." *Little*, 863 F.2d at 685. As the Ninth Circuit noted in *Rutman Wine v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir.1987), "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.* Further, there is good cause to grant a protective order staying discovery when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981)).

As anticipated by Fed. R. Civ. P. 12(b), the City's motion turns on purely legal issues based on the allegations in Plaintiff's First Amended Complaint [Dkt. 3] and evidence cited and relied on therein. Unless and until the court determines that questions of fact preclude early dismissal of Plaintiff's lawsuit, or any alleged claims therein, it is a waste of resources to require the City to engage in any discovery—particularly the voluminous discovery promulgated here. *See, e.g.*, *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (finding that district court did not abuse discretion by staying discovery pending resolution of motion to dismiss because "[d]iscovery is only appropriate where there are

DEF'S MOTION FOR A PROTECTIVE ORDER
STAYING DISCOVERY - 4
3:20-cv-06025-RSL
1002-01718/538061

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

factual issues raised by a Rule 12(b) motion").

Plaintiff's decision to issue discovery prior to even exchanging initial disclosures further demonstrates good cause for a stay here. Just like Rule 12(b) motions, the purpose of initial disclosures is to limit the scope discovery early on. *Medhekar v. U.S. Dist. Court for the N. Dist. of California*, 99 F.3d 325, 327–28 (9th Cir. 1996) ("The drafters of Rule 26(a) intended these disclosures to serve as "the functional equivalent" to discovery, and to eliminate the need for formal discovery at the early stages of litigation." (citing 1993 Advisory Committee Notes to Fed.R.Civ.P. 26(a)(1))); *see also Estate of Lee v. California Dep't of Corr. & Rehab.*, 2:20-CV-1161-JAM-CKD, 2021 WL 490242, at *2 (E.D. Cal. Jan. 14, 2021) (while motion to dismiss pending, there was a strong justification for stay of discovery prior to initial disclosures deadline).

**C.**     **<u>Staying Discovery Until the Court Either Dismisses Plaintiff's Claims or Rules that Factual or Legal Issues Preclude Early Dismissal Does not Prejudice Plaintiff.</u>**

Prior to issuing discovery requests, Plaintiff submitted a number of public records requests to the City pursuant to RCW Ch. 42.56, Washington's Public Records Act, and has already obtained a vast number of documents and items (audio, etc.) through this process. In many respects, the discovery requests are largely duplicative of these disclosures. To the extent the requests differ, it appears Plaintiff is making discovery requests that are even more broad and less likely to lead to discovery of evidence related to the claims in her lawsuit. *See Freeman Decl.*, Ex. A. Plaintiff is not prejudiced by delaying discovery regarding matters for which Plaintiff already possesses the relevant evidence, i.e. the proceedings and documents upon which her First Amended Complaint is based. *Id.*; Dkt. 3, Dkt. 10.

Though not asking the court to rule on potential objections in this motion, the City anticipates raising objections to the scope of a number of the requests as overly broad, unduly burdensome, outside the scope of allowable discovery under Fed. R. Civ. P. 26, and

DEF'S MOTION FOR A PROTECTIVE ORDER
STAYING DISCOVERY - 5
3:20-cv-06025-RSL
1002-01718/538061

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  not proportional to the needs of discovery as related to Plaintiff's claims. Delaying the start

2  of discovery until 30 days after the Court's ruling on the City's Motion to Dismiss will not

3  prejudice Plaintiff, as she intentionally waited three months to serve the City with any

4  pleadings after apparently filing a Complaint last year and has currently proposed a trial

5  date two years in the future, in Spring of 2023. *See Freeman Decl.*

6  ## V.  CONCLUSION

7  Based on the foregoing, the City requests the court enter an order staying discovery

8  until 30 days after it rules on the City's Motion to Dismiss.

9

10  DATED:  March 11, 2021

11  KEATING, BUCKLIN & McCORMACK, INC., P.S.

12

13  By: */s/ Jayne L. Freeman*
   Jayne L. Freeman, WSBA #24318

14  Audrey M. Airut Murphy, WSBA #56833
   Attorneys for Defendant City of Bainbridge Island

15

16  801 Second Avenue, Suite 1210
   Seattle, WA  98104

17  Phone: (206) 623-8861
   Fax:    (206) 223-9423

18  Email: jfreeman@kbmlawyers.com
   Email: amurphy@kbmlawyers.com

19

20

21

22

23

24

25

26

27

DEF'S MOTION FOR A PROTECTIVE ORDER
STAYING DISCOVERY - 6
3:20-cv-06025-RSL
1002-01718/538061

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
Christopher L. Neal, WSBA #25685
NEAL FIRM, PLLC
P.O. Box 11215
Bainbridge Island, WA  98110
(206) 317-3000
Email:  cneal@coveragenorthwest.com

**Attorneys for Defendant City of Bainbridge Island**
Kari I. Lester, WSBA #28396
OGDEN MURPHY WALLACE P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, WA  98164-2008
Telephone:  (206) 447-7000
Fax:  (206) 447-0215
Email:  klester@omwlaw.com
pabbey@omwlaw.com

DATED:  March 11, 2021

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423