# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

LISA C. NEAL,

        Plaintiff,

     v.

CITY OF BAINBRIDGE ISLAND,

        Defendant.

NO. C20-6025RSL

ORDER STAYING DISCOVERY

This matter comes before the Court on "Defendant City of Bainbridge Island's Motion for Protective Order Staying Discovery Pending Ruling on Motion to Dismiss." Dkt. # 12. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, as well as the underlying motion to dismiss, the Court finds as follows:

The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. The Court nevertheless has discretion to stay discovery if defendant shows that it is entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th

ORDER STAYING DISCOVERY - 1

Cir. 2017) ("District court[] orders controlling discovery are reviewed for an abuse of discretion.").

The pending motion to dismiss raises both procedural and substantive challenges to all of plaintiff's claims. A brief review of the moving papers shows that there is "a real question whether" plaintiff has adequately pled her claims. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981). Such a showing is only half of the analysis, however. To determine whether the expense and burden of discovery is "undue" and therefore justifies a protective order, the Court must also consider whether plaintiff has shown that she will be prejudiced if a stay is ordered. *Id.* In this regard, plaintiff argues that, even if defendant's motion to dismiss is successful, she must have an opportunity to discover facts which could shore up any weakly-pled claims, such as whether she was a "public figure" for purposes of her defamation claim, whether defendant's agents are entitled to the immunities claimed, and the impact of disparaging statements on plaintiff. Dkt. # 15 at 8. It is unclear what relevant and as yet unknown information plaintiff believes defendant can provide on these issues. The roles of the various actors, including plaintiff, do not seem to be in dispute, and any effects plaintiff suffered as a result of defendant's conduct are already known to her. In the absence of a showing that discovery is necessary to meet defendant's motion to dismiss, the apparent merit of defendant's arguments justifies the requested stay.

For all of the foregoing reasons, defendants request for a stay of discovery is GRANTED. Discovery, including the exchange of initial disclosures, is hereby STAYED until the Court resolves the pending motion to dismiss. If any claims survive, defendant shall have thirty days

//

ORDER STAYING DISCOVERY - 2

following resolution of the motion to dismiss to respond to plaintiff's first set of interrogatories and requests for production.

Dated this 25th day of May, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER STAYING DISCOVERY - 3