1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10
11
12
13
14
15

| | |
|---|---|
| LISA C. NEAL, | CASE NO. 3:20-cv-06025-DGE |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| CITY OF BAINBRIDGE ISLAND, | |
| Defendant. | |

16   This matter comes before the Court on Defendant City of Bainbridge Island's ("the

17 City") motion to dismiss, or in the alternative, to bifurcate Plaintiff Lisa Neal's Public Records

18 Act ("PRA") claims.  (Dkt. No. 10.)  Plaintiff opposes Defendant's motion.  (Dkt. No. 18.)

19   Having considered Defendants' motions, Plaintiff's Response, Defendants' Replies, the

20 exhibits and declarations attached thereto, and the remainder of the record, the Court DENIES

21 Defendant's motion to dismiss without prejudice to Defendant raising similar substantive

22 arguments in a motion for summary judgment.

23
24

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This case arises from events surrounding the City Council of Bainbridge Island's vote to remove Plaintiff from her position as a citizen volunteer member of the Island Center Subarea Planning Process Steering Committee ("the Committee") in August 2018.

The Committee was established by the City Council in 2017 primarily to "commence the subarea planning process for a designated center or neighborhood" and was to consist of up to nine members representing a "wide spectrum of interests and expertise." (Dkt. Nos. 3 at 3; 10 at 1; 10-1 at 15-16.) The Council appointed Plaintiff to the Committee in late 2017, and she served on the Committee until her removal on August 14, 2018. (Dkt. Nos. 3 at 3; 10 at 1.) Plaintiff alleges that in voting to remove her from the Committee, the City Council publicly humiliated and defamed her, and sought to chill her speech and prevent her from serving on City land use committees because she raised concerns related to the City's Comprehensive Plan and several Committee members' potential conflicts of interest. (Dkt. Nos. 3 at 1-32; 18 at 24.)

Plaintiff brings several claims against the City based on these events, including: 1) Violation of the First Amendment pursuant to 42 U.S.C. § 1983, 2) Defamation, 3) Intentional and/or Negligent Infliction of Emotional Distress, 4) Violation of Revised Code of Washington 42.56 (the Public Records Act), and 5) Violation of Revised Code of Washington 4.24.510. (Dkt. No. 3 at 31-34).

## II.     STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl.*

1   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Mere conclusory statements in a complaint and

2   "formulaic recitation[s] of the elements of a cause of action" are not sufficient.  *Id.*  "Dismissal

3   can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

4   under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

5   1988) (citation omitted).

6   　　　When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

7   Court accepts all facts alleged in the complaint as true and makes all inferences in the light most

8   favorable to the non-moving party.  *Baker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824

9   (9th Cir. 2009).  However, the court is not required to accept as true a "legal conclusion couched

10   as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "must

11   contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

12   face."  *Id.* at 678.  This requirement is met when the plaintiff "pleads factual content that allows

13   the court to draw the reasonable inference that the defendant is liable for the misconduct

14   alleged."  *Id.*  The complaint need not include detailed allegations, but it must have "more than

15   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

16   do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  Absent facial plausibility, a

17   plaintiff's claims must be dismissed.  *Id.* at 570.

18   　　　Generally, a district court may not consider material beyond the complaint in ruling on a

19   Rule 12(b)(6) motion to dismiss.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

20   However, there are limited exceptions to this rule: (1) a court may consider material properly

21   submitted as a part of the complaint; (2) a court may consider documents not physically attached

22   to the pleading if the contents are alleged in the complaint and no party questions the

23   authenticity; and (3) under Federal Rule of Evidence 201, a court may take judicial notice of

24

1    matters of public record.  *Id.* at 688–89.

2    **III.    DISCUSSION**

3        **A.    Proper Service**

4          Defendant argues that Plaintiff's complaint should be dismissed pursuant to Federal Rule

5    of Civil Procedure 12(b)(4) for insufficient service.  (Dkt. Nos 10 at 3-4; 21 at 2-3.)  Defendant

6    cites Federal Rule of Civil Procedure 4(m), which provides that if a Defendant is not served

7    within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

8    plaintiff—must dismiss the action without prejudice against that defendant or order that service

9    be made within a specified time.  (*Id.*); Fed. R. Civ. P. 4(m).

10         Here, Plaintiff filed her complaint with this Court on October 16, 2020, and filed a First

11   Amended complaint on January 14, 2021, 90 days later.  (Dkt. Nos. 1 and 3.)  Defendant

12   contends that Plaintiff unilaterally filed her amended complaint without serving the City with her

13   original complaint, and was therefore not permitted to amend her complaint as a matter of course

14   pursuant to FRCP 15.  (Dkt. Nos. 10 at 3-4; 21 at 2-3.)

15         Plaintiff contends that she sent a draft of her complaint to the City Council in May 2020,

16   and filed a Tort Claim Notice on August 13, 2020, but received no response to either.  (Dkt. Nos.

17   18 at 4; 20 at 2.)  Plaintiff further contends that she forwarded a demand letter that included a

18   request for a tolling agreement to the City to explore non-monetary settlement options in October

19   2020, and that she filed her original complaint when the City refused to agree to toll the statute

20   of limitations on her claims.  (Dkt. No. 20 at 2.)

21         Defendant accepted service of Plaintiff's amended complaint on January 14, 2021.  (Dkt.

22   Nos. 19 at 2-3; 19-4 at 2.)  This was the 90th day after the original complaint was filed.

23   Defendant argues that while they were aware of Plaintiff's claims, Plaintiff cannot invoke the

24

1  jurisdiction of this Court absent proper service, and that Plaintiff has not established "good

2  cause" for failing to properly effect service on Defendant.  (Dkt. No. 21 at 2-3)

3        An amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d

4  1258, 1262 (9th Cir. 1992).  The original complaint is "treated thereafter as non-existent." *Loux*

5  *v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa Cty.*,

6  693 F.3d 896 (9th Cir. 2012).  Courts in the Ninth Circuit have found that an amended complaint

7  supersedes the original complaint when the amended complaint is properly served.  *Doe v.*

8  *Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998).  Because Plaintiff amended the

9  complaint before it was served and because it was served within 90 days after the original

10  complaint was filed, service of only the amended complaint was proper.

11        Accordingly, Plaintiff's amended complaint, which has been served, supersedes her

12  original complaint, and the Court will consider the amended complaint when assessing

13  Defendant's Rule 12(b)(6) motion.

14        **B.**    **Motion to Amend Complaint**

15        In her response to Defendant's Rule 12(b)(6) motion, Plaintiff asks for leave to amend

16  her First Amended Complaint, arguing that the facts alleged, and the full hearing of the City

17  Council meeting of August 14, 2018, support a claim under the Equal Protection Clause of the

18  Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and a claim for conspiracy to deprive

19  Plaintiff of her constitutional rights.  (Dkt. No. 18 at 8, 25.)  Plaintiff further asks to amend her

20  complaint to add additional facts concerning whether she was a city employee.  (Dkt. No. 18 at

21  2-3.)  Defendant opposes Plaintiff's motion.  (Dkt. No. 21 at 13.)

22

23

24

1    Pursuant to Federal Rule of Civil Procedure 15(a), after an initial 21 day period for

2    amendment as of right, pleadings may be amended only with the opposing party's written

3    consent or by leave of the court.  Fed. R. Civ. P. 15(a)(2).

4    "Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R.

5    Civ. P. 15(a)(2), and request for leave should be granted with 'extreme liberty.'"  *Moss v. U.S.*

6    *Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) quoting *Owens v. Kaiser Found. Health Plan,*

7    *Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  In addition, "Dismissal without leave to amend is

8    improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any

9    amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991); *see also*

10    *Moss v. U.S. Secret Service*, 572 F.3d at 972; *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.

11    2002).

12    The Court must consider five factors when considering whether to grant a plaintiff leave

13    to amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of

14    amendment, and 5) whether the plaintiff has previously amended the complaint.  *Desertrain v.*

15    *City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014), citing *Johnson v. Buckley*, 356 F.3d

16    1067, 1077 (9th Cir. 2004).

17    Here, there is no evidence of bad faith.  Plaintiff has only amended her complaint once,

18    and there is no evidence that permitting her to amend her complaint to add new theories and facts

19    in support of her claims would cause undue delay or prejudice to Defendant.

20    Defendant contends that granting Plaintiff leave to amend her complaint to include

21    additional facts would be futile, since Defendant does not dispute Plaintiff's statement that she

22    was never a City employee.  (Dkt. No. 21 at 13.)  Defendant further contends that amendment

23    would be futile in this case because Plaintiff's equal protection and derivative conspiracy claims

24

1    lack a legal basis.  (*Id.*), citing *Lockheed Martin Corp. v. Network Sol., Inc*., 194 F.3d 980, 986

2    (9th Cir.1999) ("Where the legal basis for a cause of action is tenuous, futility supports the

3    refusal to grant leave to amend.") (internal citations omitted).

4         While Plaintiff does not precisely describe the basis of her equal protection claim, she

5    cites Supreme Court precedent establishing that an equal protection claim can in some

6    circumstances be sustained even if the plaintiff has not alleged class based discrimination, but

7    instead claims that she has been irrationally singled out as a so-called "class of one."  (Dkt. No.

8    18 at 25), citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  For a plaintiff to

9    prove such a claim, they must demonstrate the government: "(1) intentionally (2) treated [the

10   plaintiff] differently than other similarly situated [persons], (3) without a rational basis."

11   *Gerhart v. Lake Cnty., Mont*., 367 F.3d 1013, 1022 (9th Cir. 2011).

12        Plaintiff also cites case law from other jurisdictions providing grounds for relief in equal

13   protection claims brought pursuant to 42 U.S.C. § 1983.  (Dkt. No. 18 at 25), citing *Esmail v.*

14   *Macrane*, 53 F.3d 176, 178 (7th Cir. 1995) (holding that to state a claim for relief under the

15   Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 a plaintiff

16   must allege that action taken by the state, whether in the form of prosecution or otherwise, was a

17   spiteful effort to "get" him for reasons wholly unrelated to any legitimate state objective);

18   *Rubinovitz v. Rogato*, 60 F.3d 906, 912 (1st Cir. 1995) (holding that in the absence of invidious

19   discrimination or the abuse of a fundamental right, a party may establish an equal protection

20   violation with evidence of bad faith or malicious intent to injure).

21        Here, the essence of Plaintiff's claim is that the City Council publicly humiliated and

22   defamed her, and sought to chill her speech and prevent her from serving on City land use

23   committees because she raised concerns related to the City's Comprehensive Plan and several

24

Committee members' potential conflicts of interest.  (Dkt. No. 3 at 1-32.)  In support of her claims, Plaintiff cites allegedly defamatory statements concerning her behavior made by City council members and other City officials.  (*Id.*)

As such, Plaintiff has set forth additional facts and a cognizable legal theory to support her equal protection claim, and amendment would not be futile for purpose of defendant's 12(b)(6) motion. *See Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1998*), overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that a proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.")

Accordingly, Plaintiff is granted leave to amend her complaint to include the new theory and additional facts provided in her opposition.

### C.    Conversion to Rule 56 Motion

Plaintiff asks this Court to treat Defendant's Rule 12(b)(6) motion as a motion for summary judgment under Rule 56.  (Dkt. No. 19 at 3.)

The Court notes that a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials.  Fed. R. Civ. P. 12(d); *Jackson v. Southern California Gas Co*., 881 F.2d 638, 643 n. 4 (9th Cir. 1989) ("The proper inquiry is whether the court relied on the extraneous matter.").

Failure to treat the motion as one for summary judgment can constitute reversible error. *See Bonilla v. Oakland Scavenger Co*., 697 F.2d 1297, 1301 (9th Cir. 1982); *Costen v. Pauline's Sportswear, Inc*., 391 F.2d 81, 84-85 (9th Cir. 1968).  A party that has been notified that the

1   court is considering material beyond the pleadings has received effective notice of the

2   conversion to summary judgment.  *See Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533

3   (9th Cir. 1985), cert. denied, 474 U.S. 826 (1985); *Townsend v. Columbia Operations*, 667 F.2d

4   844, 849 (1982).  Moreover, the fact that the court has before it exhibits outside the pleadings

5   can constitute constructive notice.  *See Grove*, 753 F.2d at 1533 (holding that notice is given

6   "when a party has reason to know that the court will consider matters outside the pleadings").

7         The extrinsic evidence in this case consists of emails between the parties, video excerpts

8   of City council meetings, and transcripts of these meetings prepared by the parties. (Dkt. Nos.

9   11; 16-1 at 1-4; 18-1 at 1; 18-2 at 1; 18-3 at 1; 18-4 at 1-3; 19-1 at 1-5; 19-2 at 1-8; 19-3 at 1-6;

10  19-4 at 2-3; 19-5 at 2-3.)

11        A court may take judicial notice of matters of public record without converting a motion

12  to dismiss into a motion for summary judgment.  But a court "cannot take judicial notice of

13  disputed facts contained in such public records."  *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d

14  988, 999 (9th Cir. 2018) (internal citations omitted).  Federal Rule of Evidence 201 provides, in

15  pertinent part, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it

16  is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot

17  reasonably be questioned."  Fed. R. Evid. 201(b)(2).

18        While much of the extrinsic evidence in this case consists of public records of which the

19  Court could take judicial notice, the evidence also contains excerpts of party communications

20  and recorded hearings, along with transcripts of meetings submitted by the parties.  The Ninth

21  Circuit has cautioned that "the unscrupulous use of extrinsic documents to resolve competing

22  theories against the complaint risks premature dismissals of plausible claims that may turn out to

23  be valid after discovery."  *Khoja*, 899 F.3d at 998–99 ("If defendants are permitted to present

24

their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").  Because the records at issue here are incomplete, their contents are open to dispute, and the Court declines to take judicial notice of them.

Because both parties submitted materials outside of the pleadings, and may submit additional evidence following discovery, the issues raised in the present motion should be decided on summary judgment after the parties have had an opportunity to fully develop the record.  Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.")  The Court notes that Plaintiff contends that additional discovery "is anticipated to reveal different treatment for the Island Center recordings, than for other committees" (Dkt. No. 19 at 2-3), and further notes that on May 25, 2021, the Court issued a protective order staying discovery pending its ruling on Defendant's Rule 12(b)(6) motion.  (Dkt. No. 25.)

As such, the Court denies Plaintiff's request to convert Defendant's Rule 12(b)(6) motion into a motion for summary judgment at this stage.  While doing so would permit the Court to evaluate the parties' claims and defenses more efficiently, it would also encourage Defendants to file Rule 12(b)(6) motions, disguised as motions for summary judgment, at early stages of litigation.  *See e.g., Hartman v. Canyon County*, Case No. 1:20-cv-00026-CWD, 2021 WL 4847426, n.1 (D. Idaho, Oct. 18. 2021) (cautioning against filing "disguised Rule 56 motions" at early stages of litigation); *Jordan v. Wonderful Citrus Packing LLC*, Case No. 1:18-cv-00401-AWI-SAB, 2019 WL 4139269, at *2 (E.D. Cal. Aug. 30, 2019) (cautioning against filing motions for summary judgment disguised as "trial management" motions); *Valdez v. Adler*, Case

No. 1:10-cv-00772-JLT HC, 2010 WL 4814076, n. 3 (E.D. Cal. Nov. 19, 2010) (cautioning

counsel against filing a merits answer disguised as a motion to dismiss.)

     The Court finds it more appropriate to deny Defendant's Motion to Dismiss without

prejudice to Defendants raising their arguments in a Motion for Summary Judgment filed after

Plaintiff has amended her complaint and the parties have completed discovery.  The Court

further finds it appropriate to lift its protective order staying discovery (Dkt. No. 25) so the

parties can conduct additional discovery and submit material relevant to a Motion for Summary

Judgment.

## IV.   ORDER

     Having considered Defendants' motion, Plaintiff's Response, Defendants' Replies, the

exhibits and declarations attached thereto, and the remainder of the record, the Court finds and

ORDERS:

(1) Defendant's motion to dismiss or in the alternative, to bifurcate Plaintiff's claim (Dkt. No. 10) is DENIED without prejudice to Defendant raising similar substantive claims in a motion for summary judgment following discovery.

(2) The Court's protective order staying discovery pending its ruling on the motion to dismiss (Dkt. No. 25) is LIFTED and Defendant shall have thirty days to respond to Plaintiff's first set of interrogatories and requests for production.

(3) Plaintiff shall file a second amended complaint consistent that includes the additional facts and theory contained in her opposition to Defendant's 12(b)(6) motion no later than January 24, 2022.  If the second amended complaint is not filed by such date, the Court may, upon motion, enter an order dismissing the present matter.

Dated this 29th day of December, 2021.

David G. Estudillo
United States District Judge