UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

LISA C. NEAL, an individual,

                Plaintiff,

    v.

CITY OF BAINBRIDGE ISLAND,

                Defendant.

No. 3:20-cv-06025

DEFENDANT CITY OF BAINBRIDGE ISLAND'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. 30] AND AFFIRMATIVE DEFENSES

Defendant, City of Bainbridge Island, in answer to Plaintiff Lisa Neal's Second Amended Complaint, Dkt. 30, admits, denies, and alleges as follows:

Plaintiff makes no allegations of fact in the first paragraph of her Complaint; therefore, no response is required. However, Defendant denies Plaintiff's allegations and claims against the City.

## I.

1.1    Defendant admits the allegations contained in paragraph 1.1.

1.2    Defendant admits the allegations contained in paragraph 1.2.

## II.

2.1    Defendant admits the allegations contained in paragraph 2.1.

2.2    Defendant admits the allegations contained in paragraph 2.2.

2.3    The allegations in paragraph 2.3 consist of a legal conclusion, which require no response. To the extent that a response is necessary, Defendant denies the allegations paragraph 2.3.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

2.4     The allegations in paragraph 2.4 consist of a legal conclusion, which require no response. To the extent that a response is necessary, Defendant denies the allegations paragraph 2.4.

2.5     Defendant denies the allegations in paragraph 2.5.

**III.**

3.1     Upon information and belief, Defendant admits Plaintiff is a lawyer. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.1 and, therefore, neither admits or denies at this time.

3.2     Upon information and belief, Defendant admits the allegations in paragraph 3.2. By way of further Answer, BIMC 2.16.210, which sets forth process related to the Subarea Planning Process Steering Committee, speaks for itself.

3.3     Defendant denies the allegations as characterized in paragraph 3.3 to the extent those allegations differ from what is stated in BIMC 2.16.210. By way of further Answer, BIMC 2.16.210 sets forth the responsibilities of the Steering Committee:

> *3. The steering committee shall:*
> *a. Establish a planning process consistent with this chapter for developing the subarea plan, which shall include a work plan, timeline, and budget, and which shall be submitted to the city council for approval;*
> *b. With the advice and assistance of the interdepartmental staff team, develop a subarea plan consisting of a report and a proposed comprehensive plan amendment, if appropriate, for the designated center or neighborhood;*
> *c. As a part of the work plan, establish a public participation process that includes public meetings in addition to the initial public meeting conducted under subsection F of this section, and work with city staff to ensure outreach to the community during the subarea planning process; and*
> *d. Ensure that the subarea planning process provides adequate opportunity for participation by property owners and residents who live in or near the designated center or neighborhood.*

3.4     Upon information and belief, Defendant admits the Committee was formed in 2017. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3.4 as characterized and therefore denies the same.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 2
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.5    Upon information and belief, Defendant admits the allegations in paragraph 3.5.

3.6    Defendant denies the allegations as characterized in paragraph 3.6. By way of further Answer, Plaintiff was not hired as a City employee; she was appointed as a volunteer to a citizen committee pursuant to the BIMC.

3.7    Upon information and belief, Defendant admits the allegations in paragraph 3.7.

3.8    Defendant denies the allegations in paragraph 3.8.

3.9    Defendant lacks sufficient knowledge to determine the truth of the allegations as characterized in paragraph 3.9 and therefore denies the same.

3.10    Defendant denies the allegations as characterized in paragraph 3.10.

3.11    Upon information and belief, Defendant admits Plaintiff may have had conversations with Sarah Blossom when she served as a member of the City of Bainbridge Island City Council.    Defendant denies the remaining allegations as characterized in paragraph 3.11.

3.12    Defendant denies the allegations as characterized in paragraph 3.12.

3.13    Defendant denies the allegations as characterized in paragraph 3.13.

3.14    Upon information and belief, Defendant admits then-Councilmember Blossom made a motion to remove Plaintiff from the Committee during an August 14, 2018, public City Council meeting, and that Jon Quitslund commented during the public comment period, and that then-Planning Director Christensen responded to questions by City Councilmembers during the same meeting. The public record speaks for itself. Defendant denies the remaining allegations as characterized in paragraph 3.14.

3.15    Defendant denies the allegations as characterized in paragraph 3.15.

3.16    Defendant denies the allegations as characterized in paragraph 3.16.

3.17    Upon information and belief, Defendant admits the Committee provided a survey to community members seeking feedback regarding a number of issues. Defendant

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

lacks sufficient information to confirm or deny the remaining allegations contained in paragraph 3.17 and therefore denies the same.

3.18    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.18 and therefore denies the same.

3.19    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.19 and therefore denies the same.

3.20    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.20 and therefore denies the same.

3.21    Paragraph 3.21 is vague and unclear as to the meaning of "the Committee's consultant (Maker reported to the Committee regarding the 'sticker' exercise," and therefore Defendant denies the allegations as characterized in paragraph 3.21.

3.22    Paragraph 3.22 is vague, and Defendant lacks sufficient information to confirm or deny the allegations in paragraph 3.22 and therefore denies the same.

3.23    Paragraph 3.23 is vague and unclear, and therefore Defendant denies the allegations as characterized in paragraph 3.23. By way of further Answer, to the extent that Plaintiff's allegations relate to a statement made during a City Council public meeting, the publicly available recordings of City Council meetings speak for themselves.

3.24    Defendant lacks information sufficient to confirm or deny the allegations as characterized in paragraph 3.24 and therefore Defendant denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to a statement made during a City-sponsored public meeting, the publicly available recordings of such meetings speak for themselves.

3.25    The allegations contained in paragraph 3.25 are vague and unclear; Defendant cannot confirm or deny the truth of the allegations and therefore denies the same.

3.26    The allegations contained in paragraph 3.26 are vague and unclear; Defendant cannot confirm or deny the truth of the allegations and therefore denies the same.  By way of further Answer, to the extent that Plaintiff's allegation relates to a publicly available

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 4
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

document, the document speaks for itself.

3.27    Defendant denies the allegations as characterized in paragraph 3.27 that the community was "speaking through the stickers." By way of further Answer, to the extent that Plaintiff's allegation relates to a publicly available document, the document speaks for itself.

3.28    The allegations contained in 3.28 are vague as to time frame and context; Defendant lacks sufficient information to confirm or deny the allegations, and therefore denies the same.

3.29    The allegations contained in paragraph 3.29 are vague and unclear, and Defendant lacks sufficient information to confirm or deny the allegations, and therefore denies the same.   By way of further Answer, to the extent that Plaintiff's allegations relate to a publicly available recording, the recording speaks for itself.

3.30    The allegations contained in paragraph 3.30 are vague and unclear and therefore Defendant lacks sufficient information to confirm or deny the same.  By way of further Answer, to the extent that Plaintiff's allegation relates to a publicly available recording, the recording speaks for itself.

3.31    The allegations contained in 3.31 are vague and unclear as to the meaning of "earlier start date" and therefore Defendant lacks sufficient information to confirm or deny the same. By way of further Answer, to the extent that Plaintiff's allegations relate to a publicly available recording, the recording speaks for itself. Defendant denies the remaining allegations as characterized in paragraph 3.31.

3.32    The allegations contained in paragraph 3.32 are vague and unclear as to time frame and meaning of "the Plan Blossom referenced" and therefore Defendant lacks sufficient information to confirm or deny the allegations, and therefore denies the same.

3.33    Upon information and belief, Defendant admits Planning Commission Minutes for July 24, 2003 provide information pertaining to a zoning plan. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes, the minutes speak for themselves.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.34    The allegations contained in 3.34 are vague and unclear as to the meaning of "high density housing" and therefore Defendant lacks sufficient information to confirm or deny the allegations, and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available documents, the documents speak for themselves.

3.35    Plaintiff's allegations in paragraph 3.35 appear to characterize language contained in an unknown pleading or transcript in an unrelated lawsuit. Defendant lacks sufficient information regarding the context or content of the particular document cited and therefore denies the allegations as characterized in paragraph 3.35.

3.36    The allegations contained in paragraph 3.36 are vague and unclear as to the meaning of "previously strongly advocated for high density housing" and therefore Defendant lacks sufficient information to confirm or deny the allegations, and therefore denies the same.

3.37    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.37, which relate to findings of a third-party entity, and therefore denies the same.

3.38    Upon information and belief, Defendant admits the Suzuki property contains wetlands and a pond.

3.39    The allegations contained in paragraph 3.39 merely contain Plaintiff's opinion and are vague and unclear as to the meaning of "the proposals" referenced. Therefore, Defendant denies the allegations as characterized.

3.40    The allegations contained in paragraph 3.40 are vague and unclear as to context, time frame, and meaning of "the project" and "others in her community" and therefore Defendant lacks sufficient information to confirm or deny the allegations and denies the same.

3.41    The allegations in paragraph 3.41 appear to relate to conduct of a third-party unrelated to the claims or defenses in this case. Accordingly, Defendant denies the allegations

DEF'S ANSWER TO PLT'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES - 6
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

contained in paragraph 3.41 because it is not obligated to provide a response and lacks sufficient information to confirm or deny the allegations.

3.42    The allegations in paragraph 3.42 appear to relate to conduct of a third-party unrelated to the claims or defenses in this case. Accordingly, Defendant denies the allegations contained in paragraph 3.42 because it is not obligated to provide a response and lacks sufficient information to confirm or deny the allegations.

3.43    The allegations contained in paragraph 3.43 are vague as to the meaning of "project," and Defendant lacks sufficient information to confirm or deny the allegations and therefore denies the same.

3.44    Defendant lacks information sufficient to confirm or deny the allegations contained in paragraph 3.44 and therefore denies the same.

3.45    Defendant lacks sufficient information regarding the context or identity of the speaker of the statement referenced in paragraph 3.45 to confirm or deny the truth of the allegations, and therefore denies the same.

3.46    Defendant lacks sufficient information regarding the identity of the speaker or context of the statement quoted to confirm or deny the truth of the allegations contained in paragraph 3.46 and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.47    The allegations in paragraph 3.47 include vague characterizations regarding statements of unidentified speakers and Defendant lacks sufficient information to confirm or deny the allegations and therefore denies the same.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.48    The allegations in paragraph 3.48 include vague characterizations of statements and therefore Defendant lacks sufficient information to confirm or deny the allegations and denies the same. By way of further Answer, to the extent that Plaintiff's

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 7
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.49    The allegations in paragraph 3.49 include vague characterizations of conversations involving unidentified third parties and therefore Defendant lacks sufficient information to confirm or deny the allegations as characterized and denies the same.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.50    Upon information and belief, Defendant admits Maradel Gale served on the City of Bainbridge Island Planning Commission from approximately January 2006 to July 2017. Defendant also admits Jon Quitslund served on the Bainbridge Island Planning Commission, and he left the Commission in 2021.

3.51    Upon information and belief, Defendant admits the Island Center Committee was formed in November 2017.

3.52    Upon information and belief, Defendant admits the allegations contained in paragraph 3.52.

3.53    Upon information and belief, Defendant admits Scott Anderson was a Committee member in 2017.

3.54    Upon information and belief, Defendant admits Maradel Gale was a Committee member in 2017.

3.55    Defendant lacks sufficient information to confirm or deny the allegations in paragraph 3.55 as characterized and therefore denies the same.

3.56    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.56 and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available property records, the records speak for themselves.

3.57    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.57 and therefore denies the same. By way of further Answer, to the

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 8
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

extent that Plaintiff's allegations relate to publicly available property ownership records, the records speak for themselves.

3.58    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.58 at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available property ownership records, the records speak for themselves.

3.59    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.59 at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available Planning Commission meeting minutes or recordings, the records speak for themselves.

3.60    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.60 at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available property ownership and zoning records, the records speak for themselves.

3.61    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.61 at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available Planning Commission meeting minutes or recordings, the records speak for themselves.

3.62    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.62 at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

3.63    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.63 at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.64    The allegations contained in paragraph 3.64 are vague as to timeframe and context, and therefore Defendant lacks sufficient information to confirm or deny the allegations as characterized and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.65    The allegations contained in paragraph 3.65 are vague and argumentative as characterized, and Defendant lacks sufficient information to confirm or deny the allegations and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.66    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.66 as characterized at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.67    The allegations contained in paragraph 3.67 are vague and argumentative and Defendant lacks sufficient information to confirm or deny the allegations as characterized at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to a publicly available newspaper article, the records speak for themselves.

3.68    Defendant denies the allegations as characterized in paragraph 3.68. By way of further Answer, upon information and belief, Defendant admits that Consultant Charlie Wenzlau attended the June 5, 2019 Island Center Subarea Planning meeting and the Committee engaged in ongoing discussions regarding a number of issues, including boundary lines on proposed maps presented at the meeting.

3.69    The allegations contained in paragraph 3.69 are vague and unclear and Defendant lacks sufficient information at this time to confirm or deny the allegations as characterized and therefore denies the same. By way of further Answer, Consultant Jeff Arango attended the November 6, 2019 Island Center Subarea Planning meeting and the

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 10
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Committee engaged in ongoing discussions regarding the boundary lines of the proposed maps presented at the meeting.

3.70    The allegations contained in paragraph 3.70 are vague and unclear, and Defendant denies the allegations as characterized. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

3.71    The allegations contained in paragraph 3.71 are vague and unclear, and Defendant denies the allegations as characterized. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

3.72    The allegations contained in paragraph 3.72 are vague and unclear, and Defendant denies the allegations as characterized. Upon information and belief, Defendant admits Jon Quitslund was appointed as Planning Commission liaison to the Island Center Committee. Defendant lacks sufficient information to confirm or deny the remaining allegations contained in paragraph 3.72 and therefore denies the same.

3.73    The allegations contained in paragraph 3.73 are vague and argumentative, and Defendant denies the allegations as characterized. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

3.74    Defendant lacks sufficient information to confirm or deny the allegations in paragraph 3.74 and therefore denies the same. To the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

3.75    Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.75 and therefore denies the same. To the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.76     Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.76 and therefore denies the same. To the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

3.77     Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.77 and therefore denies the same.

3.78     The allegations contained in paragraph 3.73 are vague and argumentative, and Defendant denies the allegations as characterized. To the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.79     Paragraph 3.79 does not contain an allegation of fact and therefore Defendant is not obligated to provide a response. To the extent that Defendant is obligated to provide a response to such allegations, Defendant denies the same.

3.80     The allegations contained in paragraph 3.80 are vague and argumentative, and Defendant lacks sufficient information to confirm or deny the allegations and therefore denies the allegations as characterized. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

3.81     Defendant lacks sufficient information to confirm or deny the allegations in paragraph 3.81 and therefore denies the allegations as characterized. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes or recordings, the records speak for themselves.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.82    The allegations in paragraph 3.82 are vague as to meaning of "reviewed" and context of "a replacement consultant" for the purposes of this allegation, and Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.82 at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.83    The allegations in paragraph 3.83 are vague as to context and Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.83 at this time and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.84    The allegations in paragraph 3.84 include vague characterizations of conversations involving unidentified third parties, thus Defendant lacks sufficient information to confirm or deny the allegations and denies the same.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.85    The allegations in paragraph 3.85 include vague, argumentative characterizations of conversations involving unidentified individuals and therefore Defendant lacks sufficient information to confirm or deny the allegations and denies the same.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.86    The allegations in paragraph 3.86 include vague characterizations of statements made at an unspecified time and therefore Defendant lacks sufficient information to confirm or deny the allegations and denies the same.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.87    Defendant lacks sufficient information to confirm the truth of the allegations in paragraph 3.87 and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 13
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

speak for themselves. Moreover, neither the City nor the court can know why any individual elected official may have cast a vote on any proposal, and such motives are not properly invaded by the Court.

3.88    Defendant lacks sufficient knowledge of the truth of the allegations as characterized in paragraph 3.88 and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.89    Defendant lacks sufficient knowledge of the truth of the allegations as characterized in paragraph 3.89 and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.90    The allegations in paragraph 3.90 are vague and unclear as to the identity of the speaker alleged to have made a statement and the context of any such statement, and therefore Defendant lacks sufficient information to confirm the truth of the allegations in paragraph 3.90  and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.91    The allegations contained in paragraph 3.91 are vague and unclear, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.92    The allegations contained in paragraph 3.92 are vague and argumentative, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.93     The allegations in paragraph 3.93 include vague characterizations related to alleged activities that took place at an unspecified time, and therefore Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations in paragraph 3.93 and therefore denies the same.

3.94     Defendant denies the allegations as characterized in paragraph 3.94. By way of further Answer, upon information and belief, Defendant admits the members of the Committee and City staff discussed the Growth Management Act at various meetings.

3.95     The allegations contained in paragraph 3.95 are vague and argumentative, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same.

3.96     Defendant denies the allegations as characterized in 3.96. By way of further Answer, Defendant denies that Plaintiff's commentary related to any "misstatements of the law."

3.97      Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.97 and therefore cannot admit or deny the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.98     The allegations contained in paragraph 3.98 are vague and argumentative, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same.

3.99     The allegations contained in paragraph 3.99 are vague and argumentative, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same.

3.100   The allegations contained in paragraph 3.100 are vague and argumentative, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 15
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.101   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.101 and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.102   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.102 and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.103   The allegations contained in paragraph 3.103 are vague and argumentative, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.104   The allegations contained in paragraph 3.104 are vague and argumentative, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.105   Defendant denies the allegations as characterized in paragraph 3.105. By way of further Answer, Staff Liaison Sutton and others at the November 23, 2020 Committee meeting engaged in ongoing discussions regarding various development standards and considerations to implement in a draft plan.

3.106   The allegations contained in paragraph 3.106 are vague and argumentative, and Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.107   The allegations contained in paragraph 3.107 contain merely legal conclusions to which no response is required. To the extent that Defendant is required to provide a response, Defendant denies the allegations as characterized.

3.108   The allegations contained in paragraph 3.108 contain merely legal conclusions to which no response is required. To the extent that an Answer is required, Defendant denies the allegations as characterized. By way of further Answer, the current COBI Ethics Program Code of Conduct, last revised as of June 2, 2021, provides in part: "*Meetings of the City Council and City Committees and Commissions shall have standing agenda item for disclosure of possible conflicts of interest. Members are encouraged to disclose relationships with persons and issues on the agenda, including potential conflicts of interests. If necessary, discussion among the members may be undertaken to judge the significance of these relationships and whether a possible conflict of interest exists*." Resolution No. 2021-10, Section II, J (June 2, 2021).

3.109   The allegations contained in paragraph 3.109 contain merely legal conclusions to which no response is required. To the extent that an Answer is required, Defendant denies the allegations as characterized. By way of further Answer, the current COBI Ethics Program Code of Conduct Art. II, D.1 "Conflict of Interest—General" (which contains different language than the code provision that was in effect at times relevant to Plaintiff's claims), provides the following:

> 1.   *Applications of Conflict of Interest*
> *Except as permitted in Subsections D.2 or D.3 below, a Councilmember or member of a City Committee or Commission shall not take any direct official action on a matter if they, or a member of their immediate family:*
> *a. Have any substantial direct or indirect contractual employment related to the matter;*
> *b. Have other significant financial or private interest in that matter (which includes serving on a Board of Directors for any organization but does not, for Councilmembers, include appointing members to the Salary Commission); or*
> *c. Are a party to a contract or the owner of an interest in real or personal property that would be significantly affected by that matter.*

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 17
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

> *Taking direct official action on, or regarding, legislation of general application does not "significantly affect" real or personal property within the meaning of this Subsection.*

Resolution No. 2020-13. (Aug. 11, 2020).

3.110   Defendant denies the allegations contained in paragraph 3.110 because it is unclear which version of the COBI Ethics Program Code of Conduct this paragraph is referenced, and the paragraph does not accurately state what is provided in the current COBI Ethics Program Code of Conduct. Thus, Defendant denies the allegations as characterized.

3.111 Defendant denies the allegations contained in paragraph 3.111 because it is unclear which version of the COBI Ethics Program Code of Conduct is referenced. By way of further Answer, it is unclear what "this obligation" refers to in paragraph 3.111 or what timeframe is alleged, and therefore Defendant denies the allegations in paragraph 3.111 as characterized.

3.112   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.112 and therefore denies the same.

3.113   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized paragraph 3.113 and therefore denies the same.

3.114   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized paragraph 3.114 and therefore denies the same.

3.115   Defendant denies the allegations as characterized in paragraph 3.115. By way of further Answer, upon information and belief, Defendant admits at the January 17, 2018 meeting, a member of the public asked if the Committee considered it a conflict of interest that one Committee member asked for a rezone of his property, which would potentially change the value of the property.

3.116   Defendant denies the allegations as characterized in paragraph 3.116. By way of further Answer, upon information and belief, Defendant admits, in response to a question about whether there was a potential conflict of interest if a Committee member had an interest in rezoning his property, former Planning Director Gary Christensen stated:

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 18
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

"*Not necessarily, as long as you disclose it, and certainly it's well known that a member of the committee is interested in looking at some changes to their property, which might not be allowed today, but that wouldn't keep anybody over any other committee member or any member of the community from coming forward with—and suggesting some plans. And remember that this committee is advisory only, so it makes a recommendation, or it will develop a plan and a concept which will then be forwarded to the planning commission; the planning commission will then review it and it will hold public hearings; it will then forward a recommendation to the city council, and the city council will take final action. So, typically, as long as you are upfront, and you disclose those potential conflicts of interest, if there's no objections then people can serve on boards and commissions and committees. Certainly, that information was made available to the city council in the selection process*."

3.117    Defendant denies the allegations as characterized in paragraph 3.117. By way of further Answer, at the March 7, 2018 meeting, Plaintiff requested that all agendas start with a one sentence conflict statement, noting, "*I know we're not a legislative body, we probably can't really have a real conflict, but I think it would be helpful for the public when they're looking at something to know whether anyone has interests that are potentially impacted by our decisions…*"

3.118    Defendant denies the allegations as characterized in paragraph 3.118. By way of further Answer, at the March 7, 2018 meeting, in response to Plaintiff's request, Christenson responded, "*while there could be some potential public perception about there being either appearance of fairness or conflict of interest, it is typically not an issue with an advisory board or committee because you're not a decisionmakers so financially—I mean you may have ideas and preferences, but you're not the final decisionmaker about what ultimately happens—those are—it's the decisionmakers that are really subject to conflict of interests and appearance of fairness—where there could be financial gain. Any one of you might see some financial gain as a result of this, but you're just making a recommendation, it's not a decision*." Plaintiff responded, "*right, right; maybe we would explain that, like in a preamble or something, so that people understand that—which makes sense to me*."

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.119   The allegations contained in paragraph 3.119 are vague and argumentative and therefore Defendant denies the allegations as characterized.

3.120   The allegations contained in paragraph 3.120 are vague and argumentative and therefore Defendant denies the allegations as characterized.

3.121   Upon information and belief, Defendant admits that Gale had been nominated for the Chair position and the Committee voted her chair in 2018. Defendant lacks sufficient information to confirm or deny the remaining allegations contained in paragraph 3.121 and therefore cannot admit or deny the same.

3.122   The allegations contained in paragraph 3.122 are vague, and therefore Defendant denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.123   Defendant denies the allegations in paragraph 3.123 as characterized. By way of further Answer, upon information and belief, Defendant admits at the March 21, 2018 meeting, Ms. Sutton stated that the City Attorney told her that it was not necessary to include a standard conflict of interest statement on every agenda for several reasons, including because the Committee members are not the decisionmakers, they are the recommenders. By way of further Answer, Ms. Sutton said the City Attorney told her that if the Committee wanted to have the conflict of interest statement, they could disclose it in ways other than at the beginning of every agenda, such as by including a conflict of interest statement on the Committee's website or the City's website or both, or they could have it on the bottom of the agenda.

3.124   The allegations contained in paragraph 3.124 are vague and unclear as to time frame, and therefore Defendant denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 20
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.125   Defendant denies the allegations as characterized in paragraph 3.125. By way of further Answer, upon information and belief, Defendant admits that on April 4, 2018, the Committee agreed to have each member declare their interest in the Island Center Subarea Special Planning Process one time and state at future meetings whether that interest had changed.

3.126   Defendant denies the allegations as characterized in paragraph 3.126. By way of further Answer, Committee Chair Gale stated she would place on future agendas "statements of interest."

3.127   Upon information and belief, Defendant admits Chair Gale was a member of the Bainbridge Island Ethics Board in April 2018.

3.128   Defendant denies the allegations as characterized in paragraph 3.128. By way of further Answer, Plaintiff stated, "*Let's call it conflicts of interest at the beginning.*" Chair Gale responded, "*I think I'm going to call it statement of interest and that way people can say—.*" And Plaintiff retorted, "*well, I don't want to argue with you, I just want to follow the code.*"

3.129   The allegations contained in paragraph 3.129 are vague and unclear as to time frame, and therefore Defendant denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves. Upon information and belief, Defendant admits that Committee agendas in late 2018 included the term, "Conflict of Interest Disclosure" along with Call to Order and Agenda Review as the first item of business. Still, the Committee meeting minutes are not verbatim reports of the Committee meetings and contain various terms, including "statements of interest" and other variations of similar terminology.

3.130   The allegations contained in paragraph 3.130 are vague, and Defendant denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

speak for themselves.

3.131   Defendant denies the allegations as characterized in paragraph 3.131. By way of further Answer, individual volunteer members of committees do not automatically have an attorney-client relationship with the City Attorney. Upon information and belief, Defendant admits that Plaintiff contacted the City Attorney at some point in 2018 and Jennifer Sutton, along with other members of the committee, pointed out that conflict of interest disclosures had already been addressed. To the extent that Plaintiff's allegations relate to publicly available meeting minutes and recordings, the records speak for themselves.

3.132   The allegations contained in paragraph 3.132 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.

3.133   The allegations contained in paragraph 3.133 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.

3.134   The allegations contained in paragraph 3.134 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.

3.135   The allegations contained in paragraph 3.135 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.

3.136   The allegations contained in paragraph 3.136 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.

3.137   The allegations contained in paragraph 3.137 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.   By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.138   The allegations contained in paragraph 3.138 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.   By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.139   Defendant denies the allegations as characterized in paragraph 3.139.

3.140   The allegations contained in paragraph 3.140 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.   By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.141   The allegations contained in paragraph 3.141 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.   By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.142   The allegations contained in paragraph 3.142 are vague and argumentative, and Defendant denies the allegations as characterized.

3.143   Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.143 and therefore cannot admit or deny at this time.

3.144   The allegations contained in paragraph 3.144 are vague and argumentative, and Defendant denies the allegations as characterized.

3.145   The allegations contained in paragraph 3.145 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.

3.146   The allegations contained in paragraph 3.146 are vague and argumentative, and Defendant denies the allegations.   By way of further Answer, neither the City Attorney nor the City Clerk are "third parties" with respect to the City.

3.147   The allegations contained in paragraph 3.147 consist of a legal conclusion for which no response is required. To the extent that a response is required, Defendant denies the

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

allegations. By way of further Answer, neither the City Attorney nor the City Clerk are "third parties" with respect to the City.

3.148   Defendant denies the allegations as characterized in paragraph 3.148. Defendant asserts that Plaintiff is not and has never been a client of the City Attorney, Joe Levan. At all times relevant to Plaintiff's claims, Mr. Levan's client has been the City of Bainbridge Island.

3.149   The allegations contained in paragraph 3.149 consist of an unfounded legal conclusion, and Defendant denies the allegations as characterized. Plaintiff is not and has never been a client of the City Attorney, Joe Levan. At all relevant times, Mr. Levan's client has been the City of Bainbridge Island.  Further, Plaintiff's allegations in paragraph 3.149 regarding the City's attorney are baseless and inflammatory, and asserted for no proper purpose, but rather to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and unsupported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law in contravention of FED. R. CIV. P. 11.

3.150   Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.150 and therefore denies the same. By way of further Answer, Defendant denies the City Attorney engaged in any conduct causing emotional distress.

3.151   Defendant denies the allegations as characterized in paragraph 3.151.

3.152   Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.152 and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.153   Upon information and belief, Defendant admits the City Manager at the time, Morgan Smith, sent an email dated November 15, 2019 to Plaintiff. Defendant denies the remaining allegations contained in paragraph 3.153. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 24
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.154   Defendant denies the allegations as characterized in paragraph 3.154. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available meeting minutes and records, the records speak for themselves.

3.155   Defendant denies the allegations as characterized in paragraph 3.155. By way of further Answer, agendas after April 4, 2018 reflected a standing agenda item for "Conflict Disclosure" and the chair called for any changes in status or similar issues in Committee meetings after April 4, 2018.

3.156   The allegations contained in paragraph 3.156 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized. By way of further Answer, at the June 6, 2018 Committee meeting, Plaintiff stated, "*The COBI ethics program requires all committees comply with it according to its terms. It requires conflict of interest statements showing any benefit a committee member might gain from the committee's work and requires the committee actually vote before allowing that member to discuss or vote on a particular topic if they could benefit from it.  I spoke to the city attorney regarding the information that has been transmitted to us by staff regarding whether—regarding our not being subject to the ethics program because we don't make decisions. And I asked him about that. He said he did not advise the staff of that—with that particular statement. He said no committee is exempt from the program but he also is not someone who advises on the program because it's a program; it's not a statute, it's not a code section. So essentially, he said he doesn't really have any comment on the application of the program. It's enforced by the board, the ethic's board, and then by city council*." To the extent that Plaintiff's allegations relate to publicly available meeting minutes and records, the records speak for themselves. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.157   The allegations contained in paragraph 3.157 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.158  The allegations contained in paragraph 3.158 are vague and argumentative, and Defendant lacks sufficient information to confirm or deny the truth of the allegations and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly records, the records speak for themselves.

3.159  The allegations contained in paragraph 3.159 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.160  The allegations contained in paragraph 3.160 are vague and Defendant lacks sufficient information to confirm or deny the truth of the allegations, and therefore Defendant denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.161  The allegations contained in paragraph 3.161 are vague and argumentative, and Defendant denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.162  The allegations contained in paragraph 3.162 are vague and argumentative, and Defendant lacks sufficient information to confirm or deny the truth of the allegations and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.163  The allegations contained in paragraph 3.163 are vague and argumentative, and Defendant lacks sufficient information to confirm or deny the truth of the allegations and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

themselves.

3.164   The allegations contained in paragraph 3.164 are vague and argumentative, and Defendant lacks sufficient information to confirm or deny the truth of the allegation as characterized, and therefore denies the same. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.165   Defendant denies the allegations in paragraph 3.165 as characterized. By way of further Answer, upon information and belief, Defendant admits that Chair Gale said "Here you go, Lisa" at the December 16, 2020 Committee meeting.

3.166   Defendant denies the allegations in paragraph 3.166 as characterized.

3.167   Defendant denies the allegations in paragraph 3.167 as characterized.

3.168   Upon information and belief, Defendant admits Plaintiff has shared opinions regarding a number of topics with the Committee, the city council, mayor, and city manager at various times since August 2018. Defendant denies the remaining allegations as characterized. By way of further Answer, Defendant denies that the Committee or City have engaged in any conduct that constituted "failures"—or that Plaintiff's communicated opinions alleged any such failures.

3.169   The allegations contained in paragraph 3.169 are vague as to time frame and context, argumentative, and Defendant lacks sufficient information to confirm or deny the truth of the allegations and therefore denies the allegations as characterized.

3.170   Upon information and belief, Defendant admits the allegations contained in paragraph 3.170.

3.171   The allegations contained in paragraph 3.171 are vague and argumentative, and Defendant lacks sufficient information to confirm or deny the truth of the allegations and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

DEF'S ANSWER TO PLT'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES - 27
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.172    The allegations contained in paragraph 3.172 are vague and argumentative, and Defendant lacks sufficient information to confirm or deny the truth of the allegations and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.173    The allegations contained in paragraph 3.173 are vague as to the context and formality of the "vote" referenced; Defendant lacks sufficient information to confirm or deny the allegations as characterized, and therefore denies the same.

3.174    Upon information and belief, Defendant admits Plaintiff drafted notes for the minutes of the December 5, 2017, January 17, and February 7 meetings. Defendant denies the remaining allegations in paragraph 3.174 as characterized.

3.175    Upon information and belief, Defendant admits the Committee discussed what form of minutes would be taken at Committee minutes at the December 5, 2017, which included a discussion questioning whether verbatim form of minutes were necessary or required because the meetings were recorded. By way of further Answer, Chair Gale and Ms. Sutton were present and engaged in this discussion. Defendant denies the remaining allegations as characterized in 3.175.

3.176    Defendant denies the allegations as characterized in paragraph 3.176. By way of further Answer, the February 21, 2018 Committee minutes included the following: "*Lisa Neal submitted (via Jennifer Sutton) updates to the December 5, 2017 meeting notes. It was recognized by the committee that Lisa Neal's notes/updates for the minutes of the January 17, 2018 and February 7, 2018 meetings were helpful to the committee members but not to be included in the official minutes as the audio recordings of the meetings are the official minutes and can be accessed via the City's website. The January 17, 2018 and February 7, 2018 minutes were approved as distributed*."

3.177    Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.177 and therefore denies the allegations as characterized. By way

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 28
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.178   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.178 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.179   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.179 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.180   Defendant denies the allegations as characterized in paragraph 3.180. By way of further Answer, upon information and belief, Defendant admits "Vice Chair Neal asked if the work plan should be completed first in order to assign roles and provide direction for the committee. Chair Gale advised one was not needed." *Island Center Subarea Process Steering Committee Minutes April 18, 2018*.

3.181   Defendant denies the allegations as characterized in paragraph 3.181. Upon information and belief, Defendant admits Chair Gale advised that a work plan was not needed prior to assigning roles for committee members.

3.182   Upon information and belief, Defendant admits the allegations in paragraph 3.182.

3.183   The allegations in paragraph 3.183 are vague as to timeframe and context, argumentative, and Defendant lacks sufficient information to confirm or deny the truth of the allegations and therefore denies the allegations as characterized. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.184   The allegations in paragraph 3.184 are vague as to timeframe and context, and Defendant lacks sufficient information to confirm or deny the truth of the allegations and

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 29
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

therefore denies the allegations as characterized.

3.185   Defendant lacks sufficient information to confirm or deny the allegations contained in paragraph 3.185 and therefore denies the same. By way of further Answer, upon information and belief, Defendant admits that Committee members requested input regarding contracting a Committee consultant.

3.186   Defendant denies the allegations as characterized in paragraph 3.186. By way of further Answer, the decision to contract with consultants was made by the City Council. The City issued a Request for Qualifications and an interview committee to make a recommendation to the City Council. The interview committee included Jennifer Sutton, Mike Michael, Gary Christensen, and Maradel Gale. To the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.187   The allegations contained in paragraph 3.187 are vague, unclear, and argumentative, and Defendant lacks sufficient information to confirm or deny the allegations as characterized and therefore denies the same.

3.188   Defendant denies the allegations as characterized in paragraph 3.188. By way of further Answer, upon information and belief, Defendant admits Christensen told the Committee that consultants had been contracted at the March 21, 2018 meeting and several Committee members voiced a desire to be involved in the determination of what the consultants would be doing for the Committee and requested information regarding the selection process.

3.189   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.189 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.190   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.190 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records,

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 30
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

the records speak for themselves.

3.191   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.191 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.192   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.192 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.193   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.193 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.194   Defendant denies the allegations as characterized in paragraph 3.194. By way of further Answer, upon information and belief, Defendant admits that Christensen provided suggestions for the Committee to proceed with the Island Center Subarea Planning Process at the April 4, 2018 meeting. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.195   Defendant denies that Christensen admonished the committee during the April 4, 2018 meeting. Defendant lacks knowledge sufficient to determine the truth of the remaining allegations as characterized in paragraph 3.195.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.196   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.196 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.197    Defendant denies the allegations as characterized in paragraph 3.197. By way of further Answer, upon information and belief, Defendant admits at the April 18, 2018 Committee meeting, Plaintiff raised a point of order regarding whether a vote should be held to determine whether discussing the vision statement should be added to the April 18, 2018 agenda. By way of further Answer, several people pointed out that "Determine Draft Vision Statement for Island Center" was already on the agenda. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.198    Defendant denies the allegations as characterized in paragraph 3.198. Upon information and belief, Defendant admits Plaintiff voiced an opinion that the Committee should have voted to add the vision statement issue to the April 18, 2018 agenda because the Committee had not discussed the agenda item at the April 4, 2018 meeting.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.199    Defendant denies the allegations as characterized in paragraph 3.199. By way of further Answer, upon information and belief, Defendant admits Chair Gale responded to Plaintiff's concerns regarding the agenda item by noting that the vision statement issue had already been on the agenda "for weeks and weeks," and Plaintiff continued to voice her objections and concerns regarding the agenda item issue.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.200    Defendant denies the allegations as characterized in paragraph 3.200. By way of further Answer, upon information and belief, Defendant admits Michael Loverich agreed that the committee should address the vision statement draft again and moved that the Committee revise the Committee's direction regarding the vision statement, and this motion passed by a majority vote. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 32
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.201   Defendant denies the allegations in paragraph 3.201 as characterized. By way of further Answer, the April 18, 2018 meeting minutes address the concerns raised by Plaintiff and Mr. Loverich, and they provide that Mr. Loverich' s motion passed with a majority. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.202   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.202 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.203   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.203 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.204   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.204 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.205   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.205 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.206   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.206 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.207   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.207 and therefore denies the allegations as characterized.  By way

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1
2
of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3
4
5
6
3.208   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.208 and therefore denies the allegations as characterized.  By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

7
8
3.209   The allegations in paragraph 3.209 are argumentative and vague as to the meaning of "notice" and therefore Defendant denies the allegations as characterized.

9
10
11
12
13
3.210   Upon information and belief, Defendant admits the August 14, 2018 City Council meeting agenda included a motion to remove a citizen from a committee, and the agenda item did not name the person to be removed or the committee from which the person was to be removed. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

14
15
16
17
18
19
3.211   Upon information and belief, Defendant admits then-Councilmember Peltier stated at the August 14, 2018 City Council meeting that he had spoken to Plaintiff earlier that day.  Defendant lacks knowledge sufficient to determine the truth of the remaining allegations in paragraph 3.211 and therefore cannot admit or deny at this time. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

20
21
22
23
24
25
26
3.212   Upon information and belief, Defendant admits then-Councilmember Peltier stated at the August 14, 2018 City Council meeting, "*I encouraged her to be more diplomatic*" when describing his conversation with Plaintiff referenced in paragraph 3.211. Defendant lacks sufficient information to determine the truth of the remaining allegations as characterized in paragraph 3.212 and therefore cannot admit or deny at this time. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

27

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 34
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.213   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.213 and therefore cannot admit or deny at this time.

3.214   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.214 and therefore cannot admit or deny at this time.

3.215   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.215 and therefore cannot admit or deny at this time. By way of further Answer, Mr. Medina is no longer serving as Mayor of Bainbridge Island.

3.216   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.216 and therefore cannot admit or deny at this time. By way of further Answer, Mr. Medina is no longer serving as Mayor of Bainbridge Island.

3.217   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.217 and therefore cannot admit or deny at this time.  By way of further Answer, Ms. Blossom no longer serves as a City Councilmember for Bainbridge Island.

3.218   The allegations in paragraph 3.218 purport to summarize a legal conclusion, and therefore do not require a response. To the extent that an Answer is required, Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.218 as characterized and therefore cannot admit or deny at this time. To the extent that Plaintiff's allegations relate to publicly available records, the records speak for themselves.

3.219   Defendant denies the allegations as characterized in paragraph 3.219.

3.220   The allegations in paragraph 3.220 purport to summarize a legal conclusion, and therefore do not require a response. To the extent that a response is required, Defendant denies the allegations as characterized.

3.221   Defendant denies the allegations as characterized in paragraph 3.221. By way of further Answer, upon information and belief, Defendant admits a City Council meeting occurred on August 14, 2018 during which some members of the Bainbridge Island City Council, as well as members of the public, engaged in speech and debate, including stated

DEF'S ANSWER TO PLT'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES - 35
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

opinions regarding Plaintiff and others, and that the meeting was conducted in accordance with the requirements of the Open Public Meetings Act and the BIMC. Defendant denies the remaining allegations as characterized.

3.222   Defendant denies the allegations as characterized in paragraph 3.222. By way of further Answer, then-Mayor Kol Medina stated during an August 14, 2018 City Council meeting: "*anyone serving on any of the committees serves at the pleasure of the Council, and we can remove them if we feel like they are, for whatever reason, disrupting the committee, not acting appropriately—we have reasons to—some councilmembers anyway have expressed reasons to believe this person should be removed from the committee*." This record speaks for itself.

3.223   Defendant denies the allegations as characterized in paragraph 3.223. By way of further Answer, upon information and belief, Defendant admits that after making the statement in paragraph 3.222, then-Mayor Kol Medina stated during an August 14, 2018 City Council meeting: "*Would anyone like to make a motion to that effect*?" This record speaks for itself.

3.224   The allegations in paragraph 3.224 are vague and conclusory, including related to what is meant by "implied to the public," and Defendant therefore denies the allegations as characterized.

3.225   The allegations in paragraph 3.225 purport to summarize a legal conclusion, and therefore do not require a response. To the extent that a response is required, Defendant denies the allegations as characterized.

3.226   Upon information and belief, Defendant admits the allegations in paragraph 3.226.

3.227   Defendant denies the allegations as characterized in paragraph 3.227. Upon information and belief, Defendant admits that, during the August 14, 2018 meeting, then-Councilmember Blossom stated: "*I didn't even know this was on the agenda until Ron called me, and at that point, we weren't even sure who it was about because as you know there's*

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

*another committee member on the agenda. And so, yeah, it does feel strange that it's being referred to as my recommendation because I was hoping to work this situation out.*" This record speaks for itself.

3.228   Defendant denies the allegations as characterized in paragraph 3.228. By way of further Answer, during the August 14, 2018 meeting, Ms. Blossom stated: "*I think it's an important note that the planning director at one point in this process attempted to have a conversation early on when it was apparent there was some conflict, and this person refused to meet with him. But yeah, I'm very conflicted because my preference is to try to make it work, but I do think that we—and Gary's had more conversations I think with committee members than I have—I think we're at risk of losing our chair, we've had some committee members resign because of this. So it's—really at this point I think more prioritizing, as someone said, the health and functioning of the committee over this person's participation in it I guess is a way to put it. She's an important voice; I'm sure she will stay involved in the meetings and let us hear that voice.*" This record speaks for itself.

3.229   Defendant denies the allegations as characterized in paragraph 3.229.

3.230   Defendant denies the allegations as characterized in paragraph 3.230. By way of further Answer, upon information and belief, Defendant admits some Committee members who resigned from the Island Center Subarea Planning Steering Committee publicly provided various reasons for resigning.

3.231   The allegations in paragraph 3.231 are vague and unclear regarding context, and therefore Defendant denies the allegations as characterized.  By way of further Answer, to the extent that paragraph 3.231 refers to a publicly available record, the record speaks for itself.

3.232   The allegations in paragraph 3.232 are vague and unclear regarding context, and Defendant therefore denies the allegations as characterized.  By way of further Answer, to the extent that paragraph 3.232 refers to a publicly available record, the record speaks for itself.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.233   Upon information and belief, Defendant admits the allegations in paragraph 3.233.

3.234   Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.234 and therefore cannot admit or deny at this time.

3.235   Upon information and belief, Defendant admits Plaintiff called then-Councilmember Blossom on or around July 11, 2018.  Defendant lacks sufficient knowledge to determine the truth of the remaining allegations in paragraph 3.235 and therefore cannot admit or deny at this time. By way of further Answer, Ms. Blossom no longer serves on the Bainbridge Island City Council.

3.236   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.236 and therefore denies the allegations as characterized.

3.237   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.237 and therefore denies the allegations as characterized.

3.238   Defendant lacks sufficient information to confirm or deny the truth of the allegations in paragraph 3.238 and therefore denies the allegations as characterized.

3.239   Upon information and belief, Defendant admits Plaintiff sent an email to then-Councilmember Blossom dated February 27, 2019. The document speaks for itself. Defendant lacks sufficient knowledge to determine the truth of the remaining allegations in paragraph 3.239 and therefore cannot admit or deny at this time. By way of further Answer, Ms. Blossom no longer serves on the Bainbridge Island City Council.

3.240   Upon information and belief, Defendant admits the allegations in paragraph 3.240.

3.241   Upon information and belief, Defendant admits the allegations in paragraph 3.241. By way of further Answer, to the extent that this allegation relates to a public record, the document speaks for itself.

3.242   Defendant denies the allegations as characterized in paragraph 3.242. By way of further Answer, upon information and belief, Defendant admits Mr. Christensen answered

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

questions of City Councilmember as requested during an August 14, 2018 City Council meeting. The record speaks for itself.

3.243   Defendant denies the allegations as characterized in paragraph 3.243. By way of further Answer, Mr. Christensen stated during the City Council meeting: "*I can't say that that's the sole reason. I think it has been something on committee members' minds. I think it's been a stressful committee at times because of some of the agitation and kind of the controversy and decisiveness—but I can't absolutely say that those members that have resigned is because of another member. That could have contributed, but there could have been other reasons as well.*" The record of the meeting speaks for itself.

3.244   Defendant denies the allegations as characterized in paragraph 3.244. Upon information and belief, Defendant admits Mr. Christensen, the City's Planning Director at the time, had suggested meeting with Ms. Neal on or about April 18, 2018. Defendant denies the remaining allegations in paragraph.

3.245   Defendant denies the allegations as characterized in paragraph 3.245. Upon information and belief,  Defendant admits the Committee voted on April 4, 2018 meeting to distribute an "issue list" to the public, solicit input, and then draft a vision statement. To the extent that this paragraph refers to information accessible through publicly available records, the records speak for themselves.

3.246   Defendant denies the allegations as characterized in paragraph 3.246. By way of further Answer, the April 18, 2018 Committee Agenda included, "Determine DRAFT Vision Statement for Island Center" on April 18, 2018.

3.247   Defendant denies the allegations as characterized in paragraph 3.247.

3.248   Defendant denies the allegations as characterized in paragraph 3.248.

3.249   Defendant lacks sufficient information to confirm or deny the allegations in paragraph 3.249 as characterized and therefore denies the same.

3.250   Upon information and belief, Defendant admits then-Councilmember Blossom encouraged Plaintiff to meet with her and Mr. Christensen. Defendant denies the

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

remaining allegations as characterized in paragraph 3.250.

3.251   Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.251 and therefore denies the same.

3.252   Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.252 and therefore denies the same.

3.253   Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.253 and therefore denies the same.

3.254   Defendant lacks sufficient information to confirm or deny the allegations as characterized in paragraph 3.254 and therefore denies the same.

3.255   Defendant denies the allegations in paragraph 3.255 as vague. Upon information and belief, Christensen and others at the meeting addressed Plaintiff's objections to the April 18, 2018 agenda and the agenda amendment process at length.  To the extent that this paragraph relates to information contained in publicly available records, the records speak for themselves.

3.256   Defendant denies the allegations as characterized in paragraph 3.256. Defendant admits then-Councilmember Blossom stated during the August 14, 2018 City Council meeting, "*we're at risk of losing our Chair*," that Maradel Gale was the Chair of the Island Center Subarea Planning Committee at the time, and that Ms. Blossom had made a motion to remove Plaintiff from the Committee during the Council meeting.

3.257   Defendant denies the allegations as characterized in paragraph 3.257. Defendant admits then-Councilmember Blossom stated: "*To answer Rasham's question: no there hasn't been a final warning*."

3.258   Defendant denies the allegations as characterized in paragraph 3.258. Upon information and belief, Defendant admits Plaintiff had previously had conversation with then-Councilmember Blossom regarding her opinions about the Committee.

3.259   The allegations in paragraph 3.259 are vague and unclear as to timeframe and context and therefore Defendant denies the allegations as characterized.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 40
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.260   Upon information and belief, Defendant admits Plaintiff engaged in a telephone call with then-Councilmember Blossom on or about July 11, 2018. Defendant further lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.260 and therefore cannot admit or deny at this time. Ms. Blossom no longer serves on the Bainbridge Island City Council.

3.261   Defendant denies the allegations as characterized in paragraph 3.261. Upon information and belief, Defendant admits Plaintiff engaged in a private telephone call with then-Councilmember Blossom on or about July 11, 2018 but denies Ms. Blossom made "promises" to Plaintiff.

3.262   Upon information and belief, Defendant admits the allegations contained in paragraph 3.262.

3.263   Defendant lacks sufficient information to confirm or deny the truth of the allegations as characterized in paragraph 3.263 and therefore denies the same.

3.264   Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.264 and therefore cannot admit or deny at this time.

3.265   Defendant denies the allegations as characterized in paragraph 3.265. Upon information and belief, Defendant admits then Ms. Blossom addressed her conversation with Plaintiff on July 11, 2018, and Ms. Blossom communicated Plaintiff's concerns. Defendant denies the remaining allegations in paragraph 3.265. By way of further Answer, the Committee discussed whether it was appropriate that Plaintiff had used her city email address provided to her as a volunteer member of the Committee to send a mass email to the public regarding her personal grievances.

3.266   Defendant lacks sufficient information to confirm or deny the allegations in paragraph 3.266 and therefore denies the same.

3.267   Upon information and belief, Defendant admits the allegation in paragraph 3.267.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 41
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.268   The allegations in paragraph 3.268 are vague and argumentative and therefore Defendant denies the allegations as characterized.

3.269   Defendant denies the allegations as characterized in paragraph 3.269.

3.270   Defendant lacks sufficient knowledge to confirm or deny the allegations as characterized in paragraph 3.270 and therefore denies the same.

3.271   Upon information and belief, Defendant admits the allegations in paragraph 3.271. To the extent that this paragraph relates to information contained in a public record, the record speaks for itself.

3.272   Upon information and belief, Defendant admits the allegations in paragraph 3.272. By way of further Answer, the Committee did not have authority to remove members from the Committee; only the City Council could remove a Committee member.

3.273   The allegations in paragraph 3.723 are vague and unclear and Defendant lacks sufficient knowledge to confirm or deny the allegations as characterized in paragraph 3.273 and therefore denies the same.

3.274   The allegations in paragraph 3.274 are vague as to timeframe and argumentative and Defendant denies the allegations as characterized.

3.275   The allegations in paragraph 3.275 are vague and argumentative and Defendant denies the allegations as characterized.

3.276   Defendant denies the allegations as characterized in paragraph 3.276. By way of further Answer, Defendant admits the mayor permitted public comment at the August 14, 2018 City Council meeting.

3.277   Defendant denies the allegations as characterized in paragraph 3.277. By way of further Answer, Defendant admits Jon Quitslund did not state that he was also a volunteer member of the Planning Commission, and that his comments included the following opinion: "*I've heard about abuse of Jennifer Sutton that was ugly and just totally inappropriate; I think it's appropriate for the Council to do what's difficult here.*" This record speaks for itself. By way of further Answer, Defendant asserts Mr. Quitslund was not authorized to

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 42
3:20-cv-06025
1002-01718/569614

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

speak on behalf of the City of Bainbridge Island.

3.278   Defendant denies the allegations as characterized in paragraph 3.278. By way of further Answer, Defendant admits Jon Quitslund provided public comment during the August 14, 2018 City Council meeting and that his comments included opinions: "*I'm very interested in a solution to a problem. I don't have direct knowledge of the individual, I've just heard things that were upsetting to me because they seemed to be threatening a kind of disfunction in a very touchy and important process.*" By way of further Answer, Defendant asserts Mr. Quitslund was not authorized to speak on behalf of the City of Bainbridge Island.

3.279   Defendant denies the allegations as characterized in paragraph 3.279. Defendant admits Jon Quitslund provided public comment during the August 14, 2018 City Council meeting and that his comments included opinions: "*We can expect difficulties, but if it's just impossible to sort out difficulties in this planning process, which seems to be at times the case, that there's just so much disruption and so much blocking of even the description of where we're going and how—and what's at stake...*" By way of further Answer, Defendant asserts Mr. Quitslund was not authorized to speak on behalf of the City of Bainbridge Island.

3.280   Defendant denies the allegations as characterized in paragraph 3.280. By way of further Answer, Defendant admits Jon Quitslund provided public comment during the August 14, 2018 City Council meeting and that his comments included opinions: "*I heard Leslie speaking very well about the importance of a process that is as smooth as possible and as rational as possible, and it seems that there is a threat of irrationality in this.*" By way of further Answer, Defendant asserts Mr. Quitslund is a citizen of the City of Bainbridge Island and is not authorized to speak on behalf of the City of Bainbridge Island.

3.281 The allegations in paragraph 3.281 are vague and unclear, and Defendant lacks sufficient knowledge to confirm or deny the allegations in paragraph 3.281 and therefore denies the same.

3.282   The allegations in paragraph 3.282 are vague and argumentative and Defendant denies the allegations as characterized.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.283   The allegations in paragraph 3.283 are vague and argumentative and Defendant denies the allegations as characterized.

3.284   Defendant admits then-Mayor Kol Medina did not make a statement regarding Mr. Quitslund's public comment. Defendant denies then-Mayor Kol Medina was obligated to "halt" or "otherwise interrupt" a citizen's public comment.

3.285   Defendant admits the then-Mayor Kol Medina did not make a statement regarding Mr. Quitslund's public comment. Defendant denies then-Mayor Kol Medina was obligated to "have diminish[ed]" the "adverse impact" of a citizen's public comment.

3.286   Upon information and belief, Defendant admits the allegations in paragraph 3.286.

3.287   Paragraph 3.287 alleges merely a legal conclusion to which Defendant is not required to respond. To the extent that a response is necessary, Defendant denies the allegations as vague. The applicable provisions in the BIMC speak for themselves.

3.288   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.288 and therefore denies the same.

3.289   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.289 and therefore denies the same.

3.290   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.290 and therefore denies the same.

3.291   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.291 and therefore denies the same.

3.292   The allegations in paragraph 3.292 are vague and unclear; Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.292 and therefore denies the same.

3.293   Defendant admits the allegations as characterized in paragraph 3.293.

3.294   Defendant denies the allegations as characterized in paragraph 3.294. By way of further Answer, Defendant admits there were discussions regarding demoting a member

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 44
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

of the ETAC committee from his position as chair. To the extent that Plaintiff's allegations relate to publicly available recordings or minutes, the records speak for themselves.

3.295   Defendant lacks sufficient knowledge to confirm or deny the allegations as characterized in paragraph 3.295 and therefore denies the allegations as characterized.

3.296   Defendant denies the allegations as characterized in paragraph 3.296.

3.297   Defendant denies the allegations as characterized in paragraph 3.297. To the extent that this allegation relates to a public record, the record speaks for itself.

3.298   Defendant denies the allegations as characterized in paragraph 3.298. By way of further Answer, Defendant admits during the August 14, 2018 City Council meeting, one City Councilmember stated, "*I feel like in the case of—a councilmember bringing this to the full council for action and someone who's served on counsel for 7 years—7 years—I think in my opinion deserves the benefit of the doubt and that I would suggest the—you don't have to—but I would suggest the unanimous support of the council*." To the extent that this allegation relates to a public record, the record speaks for itself.

3.299   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.299 and therefore denies the same.

3.300   Upon information and belief, Defendant admits the allegations in paragraph 3.300.

3.301   Defendant lacks knowledge sufficient to determine the truth of the allegations as characterized in paragraph 3.301 and therefore denies the same.

3.302   Defendant denies the allegations as characterized in paragraph 3.302.

3.303   The allegations in paragraph 3.303 are vague and unclear, and Defendant lacks sufficient information to confirm or deny the allegations as characterized and therefore denies the same.

3.304   Defendant denies the allegations as characterized in paragraph 3.304. By way of further Answer, to the extent that Plaintiff's allegations relate to publicly available minutes and recordings, the public records speak for themselves. Defendant admits that during the

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 45
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

August 14, 2018 City Council meeting, Councilmember Nassar stated: "*I just want to make a point that we can't—unless we can—prevent citizens from attending committee meetings, and I think that as members of the public, they're um allowed to go and to speak their—to speak their mind—and so have we thought through the possibility that by firing a member of the committee, we're—we're exacerbating the problem. If she continues to come to committee meetings, and—I just—my preferred approach to these kinds of solutions is to first try and exhaust all attempts at solving a situation before you block someone out. Because sometimes by blocking someone out, you're achieving more—you're inviting more negativity and more of the issue in as opposed to resolving what you intended to resolve.*" The record speaks for itself.

3.305   The allegations in paragraph 3.305 are vague and argumentative and Defendant denies the allegations as characterized.

3.306   The allegations in paragraph 3.306 are vague and argumentative, and Defendant denies the allegations as characterized. Defendant admits then-Councilmember Blossom responded to Nassar's concern, stating, "*Of course people can still come and speak their mind. And, again, I would say it's not about what she's speaking or her point of views, it's more of how she interacts with other committee members and with staff.*" This record speaks for itself.

3.307   Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.307 and therefore denies the allegations as characterized.

3.308   Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.308 and therefore denies the allegations as characterized.

3.309   Defendant lacks knowledge sufficient to determine the truth of the allegations in paragraph 3.309 and therefore denies the allegations as characterized.

3.310   Defendant lacks knowledge sufficient to determine the truth of whether Ms. Blossom told Plaintiff, "I do not think it (the removal) was because you are anti-development" and therefore cannot admit or deny the allegations at this time.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 46
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.311   Upon information and belief, Defendant admits the allegations contained in paragraph 3.311.

3.312   Paragraph 3.312 does not contain an allegation of fact and therefore Defendant is not required to respond. To the extent that a response is required, Defendant denies the allegations as characterized.

3.313   The allegations in paragraph 3.313 are vague and argumentative and Defendant denies the allegations as characterized.

3.314   Defendant lacks sufficient information to confirm or deny the allegations in paragraph 3.314 and therefore denies the allegations as characterized.

3.315   Defendant lacks sufficient information to confirm or deny the allegations in paragraph 3.315 and therefore denies the allegations as characterized.

3.316   Defendant denies the allegations as characterized in paragraph 3.316. Defendant admits the City Council voted to remove a member of a different committee from the role of Chair of that committee during the August 14, 2018 City Council meeting. Defendant denies the remaining allegations in paragraph 3.316. By way of further Answer, Defendant asserts volunteers appointed to City committees are not employees of the City of Bainbridge Island.

3.317   Defendant denies the allegations as characterized in paragraph 3.317. Defendant admits the City Council voted to remove member of a different committee from the role of Chair of that committee during the August 14, 2018 City Council meeting and that the Council did not vote to remove that committee member from that committee. By way of further Answer, Defendant asserts volunteers appointed to City committees are not employees of the City of Bainbridge Island.

3.318   Defendant admits the allegations in paragraph 3.318.

3.319   Opinion No. 2018-02 speaks for itself. Defendant denies that the opinion referenced Plaintiff or Plaintiff's removal in any way.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 47
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.320   Defendant admits the Advisory Opinion contained the following language:

*…And when they are, it is incumbent upon the elected official to meet with the committee member and discuss what constitutes appropriate behavior in these situations. In the instant case, it is not clear that such discussions were held. Normal standards of ethical behavior as they relate to respect for citizens, fairness in the application of process, and recognition of the contributions of citizen committee members, may have been disregarded. This can be a problem for the city, as it sends a message to other citizens that their service on a city committee may subject them to hurtful public rebuke and reprisal without due process – and who wants to set themselves up for that? It is important to coach and educate the people who are appointed to city boards, commissions and committees. The City Council must take steps to establish a better process for dealing with situations such as this – a process that is fair, equitable, transparent, and respectful of the citizens who volunteer for the city.*

*Advisory Opinion 2018-02*, at 4-5.

3.321   The allegations in paragraph 3.321 are vague and argumentative, and Defendant denies the allegations as characterized.

3.322   Defendant denies the allegations as characterized in paragraph 3.322. Defendant admits the City Council has appointed various persons to the Island Center Subarea Plan Steering Committee since August of 2018. Defendant lacks knowledge sufficient to determine the truth of the remaining allegations as characterized and therefore denies the same.

3.323   Upon information and belief, Defendant admits the allegations in paragraph 3.323.

3.324   Defendant denies the allegations as characterized in paragraph 3.324. Defendant admits the Bainbridge Island Review newspaper published a story: *City Hall Gets Flurry of Applicants for Council Seat*. By way of further Answer, Defendant admits the article included the following statement about Plaintiff:

*Two of the candidates hoping for a council appointment, however, have bluntly criticized the council in their application letters. Neal wrote there is the impression 'that there is a "back room" contingent" running things on the island,' while Halbrook wrote that policy decisions were being 'made to maximize economic gain of the few at the expense of the many.'*

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 48
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Neal, 58, is an attorney who has owned a home on the island for 25 years.*

*She previously served the city as vice-chair of the Island Center Subarea Planning Process Steering Committee, but was kicked off the committee by a 5-2 council vote in 2018, after complaints that she was argumentative with other committee members and city staff. Two members of the committee resigned right before Neal was removed, and there were concerns other committee members would quit out of frustration.*

*Neal addressed her removal in her application for the council seat, and complained that she had been passed over twice for a position on the city's Ethics Board.*

*Her removal was 'unjustified,' Neal wrote, and made after she said the city's planning director, staff liaison to the committee, and committee chair had made 'inaccurate legal statements.'*

*Neal also complained about the city council's handling of ethics complaints against former councilman Ron Peltier and current Councilwoman Rasham Nassar.*

Brian Kelly, *City Hall Gets Flurry of Applications for Council Seat*, BAINBRIDGE ISLAND REVIEW (Apr. 17, 2020).

3.325   Defendant denies the allegations in paragraph 3.325 as vague. To the extent that the allegation relates to a document that is publicly available, the document speaks for itself.

3.326   Defendant lacks knowledge to confirm or deny the allegations as characterized in paragraph 3.326 and therefore denies the same.

3.327   Defendant lacks knowledge to confirm or deny the allegations as characterized in paragraph 3.327 and therefore denies the same.

3.328   Defendant admits Plaintiff was not selected for appointment to a vacant City Council seat in 2020. Defendant lacks knowledge sufficient to determine the truth of the remaining allegations as characterized in paragraph 3.328.  By way of further Answer, a total of six individuals applied for appointment to the vacant seat, which was determined by vote of the remaining City Council members. Five individuals were also not selected for the appointment, including Plaintiff.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.329   Upon information and belief, Defendant admits the allegation in paragraph 3.329.

3.330 The allegations in paragraph 3.330 are vague, including as to timeframe and context, and therefore Defendant therefore denies the allegations as characterized.

3.331   Defendant denies the allegations as characterized in paragraph 3.331.

3.332   Defendant denies the allegations in paragraph 3.332.

3.333   Upon information and belief, Defendant admits the allegations in paragraph 3.333.

3.334   Defendant lacks sufficient knowledge to determine the truth of the allegations as characterized in paragraph 3.334 and therefore denies the same.

3.335   Defendant lacks sufficient knowledge to determine the truth of the allegations as characterized in paragraph 3.335 and therefore cannot admit or deny the allegations at this time.

3.336   Defendant admits the allegations in paragraph 3.336.

3.337   Defendant lacks sufficient knowledge to determine the truth of the allegations as characterized in paragraph 3.337 and therefore denies the same. By way of further Answer, Defendant admits that the former Chair of the Ethics Board resigned as of December 21, 2020. To the extent that this paragraph alleges facts regarding publicly available information, the records speak for themselves.

3.338   Defendant lacks sufficient knowledge to determine the truth of the allegations as characterized in paragraph 3.338 and therefore cannot admit or deny the allegations at this time. By way of further Answer, Defendant admits there were vacancies on the Ethics Board as of the time Plaintiff filed her Second Amended Complaint.

3.339   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.339 and therefore cannot confirm or deny at this time.

DEF'S ANSWER TO PLT'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES - 50
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

3.340   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.340 and therefore denies the same.

3.341   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.341 and therefore cannot confirm or deny at this time.

3.342   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.342 and therefore cannot confirm or deny at this time.

3.343   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.343 and therefore cannot confirm or deny at this time. By way of further Answer, to the extent that Plaintiff's allegations relate to a publicly available record, the records speak for themselves.

3.344   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.344 and therefore cannot confirm or deny at this time.

3.345   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.345 and therefore cannot confirm or deny at this time.

3.346   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.346 and therefore cannot confirm or deny at this time.

3.347   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.347 and therefore cannot confirm or deny at this time.

3.348   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations as characterized in paragraph 3.348 and therefore denies the allegations as characterized.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.349   Paragraph 3.349 states only a legal conclusion and therefore Defendant denies the allegations as characterized.

3.350   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations in paragraph 3.350 and therefore denies the allegations as characterized.

3.351   Paragraph 3.351 states only a legal conclusion and therefore Defendant denies the allegations as characterized.

3.352   Defendant denies the allegations as characterized in paragraph 3.352.

3.353   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations in paragraph 3.353 and therefore denies the allegations as characterized.

3.354   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations in paragraph 3.354 and therefore denies the allegations as characterized.

3.355   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations in paragraph 3.351 and therefore denies the allegations as characterized.

3.356   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations in paragraph 3.356 and therefore denies the allegations as characterized.

3.357   Defendant lacks sufficient knowledge to confirm or deny the truth of the allegations in paragraph 3.357 and therefore denies the allegations as characterized.

3.358   The allegations in paragraph 3.358 are vague as to time and meetings. Defendant admits that during the COVID-19 pandemic, City meetings were conducted via Zoom. Defendant denies all other or different allegations as characterized.

3.359   Defendant generally admits that materials to be reviewed by the Island Center Subarea Planning Process Steering Committee are usually included with any agenda, but that on occasion, presentations might be made at a meeting that the City does not have in advance. In those circumstances, the City makes efforts to obtain any such materials and include them with the Committee's approved minutes.  To the extent not admitted, Defendant denies all other or different allegations.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 52
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1    3.360   Defendant admits that Plaintiff submitted a request for records via email from

2 an address for her and her husband (who is counsel for Plaintiff in this matter) to the City

3 Clerk on December 16, 2020 that asked Defendant to "*Please produce the video and audio*

4 *Zoom recordings for all Island Center Subarea Planning Process meeting*."  The City further

5 answers that it responded to the request and assigned the number PRR #20-818 to the request.

6 To the extent that any allegations in paragraph 3.360 are inconsistent with or different than

7 the actual request, which speaks for itself, Defendant denies the same.  To the extent not

8 admitted, Defendant denies all other or different allegations.

9    3.361   Defendant denies the allegations as characterized in paragraph 3.361. By way

10 of further Answer, Defendant admits that after it fully responded to PRR #20-818 (within

11 one business day of receiving the request), Plaintiff asked Defendant to "append

12 PRR 20-818" and to "*Please produce all documents reflecting any decision, policy, directive,*

13 *or decision to delete the video portion of Zoom meetings of the Island Center Subarea*

14 *Planning Process Committee*."  Defendant admits that as part of its response to Plaintiff's

15 "append[ed]" request, on December 31, 2020 the City Clerk wrote to Plaintiff as follows:

16    *Dear Lisa,*

17    *Our policy is to record on Zoom only those committee meetings that were*
    *recorded prior to the pandemic. The Island Center Subarea Planning*
18    *Process Committee was not on that list.  Staff has to turn on the recording*
    *feature in order to record the meeting.  Recordings are not made for those*
19    *meetings so no recordings are deleted.*

20    *Please let us know if you would like us to provide emails relating to this*
21    *policy.*

22    *Best Christine*

23 To the extent that the allegations in paragraph 3.361 of Plaintiff's Complaint are inconsistent

24 with or different than the correspondence referenced therein, which speaks for itself,

25 Defendant denies the same.  To the extent not admitted, Defendant denies all other or

26 different allegations.

27

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 53
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

3.362.  Defendant admits that after the City Clerk sent Plaintiff the email noted above in response to paragraph 3.361, the City Clerk wrote to Plaintiff:

*Hi Lisa,*

*After speaking further with Planning staff, I need to modify my response. The meetings were recorded, and the audio portion was retained and uploaded to the web site since audio recordings were provided prior to the pandemic.   I will work with Planning staff to determine if there are any recordings documenting this decision.*

*I will have an additional response on January 8.*

Defendant further answers that on January 8, 2021, consistent with the City Clerk's email of December 31, 2020 to Plaintiff, the City's Administrative Specialist, Planning and Community Development wrote to Plaintiff:

*Lisa,*

*I am providing an email from Ellen Schroer with instructions on recording committee meetings on Zoom.  Following this email, Planning staff spoke about the format of recording for the Island Center Subcommittee.  We understood that the direction was to provide the same type of recording that was provided prior to the pandemic.  As a result, we only downloaded the audio file from each Zoom meeting and deleted the video file.  The videos were never downloaded to the City's system and were deleted from the Zoom account (and cloud).  Going forward, we have clarified that the video recording may be provided for these meetings.*

*There are no records relating to the instruction to retain just the audio portion.  The conversations were verbal.*

*Please do not hesitate to contact me if you have any further questions.*

*Jane Rasely*

To the extent that the allegations in paragraph 3.362 of Plaintiff's Complaint are inconsistent with or different than the correspondence referenced therein, which speaks for itself, Defendant denies the same.   To the extent not admitted, Defendant denies all other or different allegations.

3.363   Defendant denies that it delayed any response to Plaintiff regarding any records request that is the subject of this action.  Defendant further denies all other allegations

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   in paragraph 3.363.

2       3.364   Defendant admits that on Friday, December 18, 2020, within five business

3   days of receiving the request for records on December 16, 2020, the City's Administrative

4   Specialist, Planning and Community Development fulfilled PRR #20-818 by providing by a

5   website link and writing to Plaintiff:

6       *Hi Lisa,*

7       *I am releasing a link to the Committee Agenda Center on the City's website.*
8       *All audio recordings of the Island Center Subarea Planning Process*
        *Steering Committee meetings are housed there.  There is a video of the*
9       *February 10, 2020 Open House in this repository.*

10      *I am also releasing the Zoom meeting video for the December 16, 2020*
        *Island Center Subarea Planning Process Steering Committee meeting.  To*
11      *my knowledge, this is the only other meeting video we have.*

12
        *Please let me know if you have any trouble with the links provided.  I will*
13      *be out of the office until December 28, 2020 and will push the due date of*
        *this request out to December 31, 2020 in order to respond to any inquiries*
14      *or problems you may experience with the links.*

15      *Thank you,*

16      *Jane Rasely*

17  To the extent not admitted, Defendant denies all other or different allegations.

18      3.365   Defendant denies the allegations as characterized in paragraph 3.365.

19  Defendant refers to its response to paragraph 3.364, which is incorporated herein and admits

20  that it did not provide any video recordings for any meetings apart from the December 16,

21  2020 meeting as there were no Zoom recordings from any other meetings that existed as of

22  the date of the City's receipt of PRR #20-818. Defendant further answers that it did not

23  withhold, redact, or fail to produce any records that existed at the time of the request. To the

24  extent not admitted, the City denies all other or different allegations.

25      3.366   Defendant denies the allegations as characterized in paragraph 3.366 but

26  responds that the referenced email correspondence speaks for itself and is set forth in the

27  City's Answer to paragraph 3.362.  Defendant further answers that the City did not delete

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

any of the video recordings requested in PRR #20-818 from its system. Rather, the City simply did not download the video recordings sought in PRR #20-818 from Zoom prior to receiving the request. After receiving PRR #20-818, the City attempted to retrieve the recordings from Zoom but learned that the majority of those video recordings were no longer available and therefore did not exist at the time the City received PRR #20-818. To the extent not admitted, Defendant denies all other or different allegations.

3.367   Defendant denies the allegations as characterized in paragraph 3.367. By way of further Answer, the City has both posted the approved minutes for the Island Center Meetings to its website for the dates September 20, 2020, October 28, 2020 and November 23, 2020 and provided those minutes to Plaintiff upon her request for the same. To the extent not admitted, Defendant denies all other or different allegations.

3.368   Defendant denies the allegations as characterized in paragraph 3.368. Upon information and belief, Defendant admits that there may have been no official minutes recorded for the December 5, 2017 Island Center Subarea Planning Process Steering Committee meeting as this was the first gathering of the Committee. However, Defendant further answers that there are notes for the initial gathering, as well as other materials and an audio recording of the meeting. To the extent not admitted, Defendant denies all other or different allegations.

3.369   Paragraph 3.369 contains merely a legal assertion, which requires no response. To the extent that a response is required the noted Washington State statutory provision, RCW 42.30.030, speaks for itself, and to the extent that this paragraph is inconsistent with that statute, Defendant denies the same.

## IV.    CAUSE OF ACTION – 42 U.S.C. 1983

4.1     Defendant incorporates its prior responses herein.

4.2     Defendant denies the allegations as stated in paragraph 4.2.

4.3     Defendant denies the allegations as stated in paragraph 4.3.

4.4     Defendant denies the allegations as stated  in paragraph 4.4.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 56
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

4.5     Defendant admits then-Councilmember Blossom, an individual elected official, and Gary Christensen, a City employee, stated opinions during speech and debate during an August 14, 2018 City Council meeting that contained some of the excerpted phrases. Defendant denies the remaining allegations as stated in paragraph 4.5.

4.6     Defendant denies the allegations as stated in paragraph 4.6.

4.7     Defendant denies the allegations in paragraph 4.7.

4.8     Defendant denies the allegations in paragraph 4.8.

4.9     Defendant denies the allegations in paragraph 4.9.

4.10    Plaintiff's allegations as stated in paragraph 4.10 are vague and assert a legal conclusion, and therefore Defendant denies the allegations as stated in paragraph 4.10.

4.11    Defendant denies the allegations in paragraph 4.11.

4.12    Defendant denies the allegations in paragraph 4.12.

4.13    Defendant denies the allegations in paragraph 4.13.

4.14    Defendant denies the allegations as stated in paragraph 4.14.

4.15-4.23 Defendant denies the allegations in paragraphs 4.15-4.23.

**Conspiracy:**

4.24-4.36 Defendant denies the allegations as stated in paragraphs 4.24-4.36.

4.37    Paragraph 4.37 is vague and unclear, and Defendant lacks sufficient information to confirm or deny the allegations as stated and therefore denies the same.

4.38    Defendant denies the allegations as stated in paragraph 4.38.

## V. CAUSE OF ACTION – DEFAMATION

5.1     Defendant incorporates its prior responses herein.

5.2     Defendant denies the allegations in paragraph 5.2.

5.3     Defendant denies the allegations in paragraph 5.3.

5.4     Defendant denies the allegations in paragraph 5.4.

5.5     Defendant denies the allegations in paragraph 5.5.

5.6     Defendant denies the allegations in paragraph 5.6.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 57
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

5.7     Defendant denies the allegations as stated in in paragraph 5.7.

## VI. CAUSE OF ACTION – NEGLIGENCE OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

6.1     Defendant incorporates its prior responses herein.

6.2     Defendant denies the allegations in paragraph 6.2.

6.3     Defendant denies the allegations in paragraph 6.3.

6.4     Defendant denies the allegations in paragraph 6.4.

## VII. CAUSE OF ACTION – VIOLATION OF PUBLIC RECORDS ACT RCW 42.56.

7.1     Defendant incorporates its prior responses herein.

7.2     Paragraph 7.2 states a legal conclusion and to that extent, requires no answer. To the extent this paragraph requires an answer, the noted Washington state statutory provisions, RCW 42.56.010(3) and (4), speak for themselves, and to the extent that this paragraph is inconsistent with those statutes, the City denies the same.

7.3     Paragraph 7.3 states a legal conclusion and to that extent, requires no answer. To the extent this paragraph requires an answer, the noted Washington state statutory provision, RCW 42.56.080, speaks for itself and to the extent that this paragraph is inconsistent with that statute, the City denies the same.

7.4     Paragraph 7.4 states a legal conclusion and to that extent, requires no answer. To the extent this paragraph requires an answer, the noted Washington state statutory provision, RCW 42.56.520, speaks for itself and to the extent that this paragraph is inconsistent with that statute, the City denies the same.

7.5     Defendant denies the allegations in paragraph 7.5.

7.6     Defendant denies the allegations in paragraph 7.6.

7.7     Defendant denies the allegations in paragraph 7.7.

7.8     Defendant denies the allegations in paragraph 7.8.

DEF'S ANSWER TO PLT'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES - 58
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**VIII. CAUSE OF ACTION – VIOLATION OF RCW 4.24.510**

8.1     Defendant incorporates its prior responses herein.

8.2     Defendant denies the allegations in paragraph 8.2.

8.3     Defendant denies the allegations in paragraph 8.3.

8.4     Defendant denies the allegations in paragraph 8.4.

**PRAYER**

Plaintiff makes no allegations of fact in the "Prayer" section of her Second Amended Complaint. However, Defendant denies Plaintiff is entitled to recover the relief requested. By way of further Answer, Plaintiff's demand for punitive damages against Defendant City of Bainbridge Island, a public agency, is frivolous, as it is well-established by law that punitive damages are not recoverable against municipalities.

BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSE, Defendant states and alleges as follows:

**1.     CLAIM FILING:**  That the Plaintiff has failed to file a claim against the City as required by state law or that the claim filed is insufficient.

**2.     DISCRETIONARY IMMUNITY:**  That all actions of the Defendant City of Bainbridge Island herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by an elected body of authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

**3.     STATUTE OF LIMITATIONS:**  That some of Plaintiff's claims are barred by the statute of limitations.

**4.     FAILURE TO STATE A CLAIM:**  That the Plaintiff has failed to state a claim upon which relief may be granted.

**5.     MITIGATION OF DAMAGES:**  That if the Plaintiff suffered any damages, recovery therefore is barred by Plaintiff's failure to mitigate said damages.

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 59
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**6.** **PRIVILEGE:** That alleged communications were privileged and nontortious, including those subject to intra-corporate privilege, common interest privilege, fair reporting privilege, and good faith report to a government agency.

**7.** **INTRA-CORPORATE CONSPIRACY DOCTRINE:** Plaintiff's conspiracy claims against Defendant City of Bainbridge Island are barred by the intra-corporate conspiracy doctrine.

**8.** **THIRD PARTY AT FAULT:** To the extent Plaintiff asserts claims based on publications by a media outlet, particularly without attribution of quoted sources or the writer's own characterizations that Plaintiff claims to be false, said media outlet is solely responsible for its own publications.

**9.** **PUBLIC FIGURE:** Plaintiff was a public figure and/or a limited-purpose public figure to the extent she sought appointment and served on committees or in other roles for a public agency, and regarding debate related to such application, appointment, and/or removal.

**10.** **FIRST AMENDMENT:** The Speech and Debate Clause of the First Amendment allows for comment, opinion, and debate among elected officials, citizens, and others as part of the public process.

**11.** **PUBLIC DUTY DOCTRINE:** To the extent Plaintiff alleges negligence, any potential duty allegedly owed would be owed to the public in general, and not Plaintiff, and therefore an action in negligence does not lie.

**12.** **FAILURE TO COMPLY WITH RCW 7.96.040:** Plaintiff did not comply with the requirements of RCW 7.96.040 in a manner entitling her to relief under this chapter.

**13.** **RCW 4.84.185 FRIVOLOUS CLAIM:** Plaintiff's claim based on Washington's "SLAPP" statute and demand for statutory fees of $10,000 and request for punitive damages based on State law are frivolous. RCW 4.24.510 provides immunity against civil claims, which Plaintiff acknowledges the City of Bainbridge Island has never pursued against Plaintiff. Dkt. 30, ¶8.3 ("COBI did not sue Plaintiff…"):

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 60
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**RCW 4.24.510**

**Communication to government agency or self-regulatory organization—Immunity from civil liability.**

A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

Plaintiff was fully advised of the legal bar to such a claim by way of the Defendant City's Motion to Dismiss, Dkt. Nos. 10, 17(March 2021) but re-asserted the claim nonetheless in her Second Amended Complaint [Dkt. No. 30, January 11, 2022].

**14.   42 U.S.C. § 1983 AND § 1988: ATTORNEY FEE SHIFT:**

Plaintiff's demand for punitive damages against Defendant City of Bainbridge Island, a public agency, is frivolous, as it is well-established by law that punitive damages are not recoverable against municipalities. Plaintiff was fully advised of the legal bar to such a claim by way of the Defendant City's Motion to Dismiss, Dkt. Nos. 10, 17 (March 4, 19, 2021) but re-asserted the claim nonetheless in her Second Amended Complaint [Dkt. No. 30, January 11, 2022].

**15.   FED. R. CIV. P. 11 SANCTIONS**: In addition to Plaintiff's specious claims for punitive damages and "SLAPP" claims, Plaintiff's unsupported, unilateral assertions in paragraphs 3.148-3.154, 4.27-4.32, and 6.2 of her Second Amended Complaint that the City Attorney "may have violated the Rules of Professional Conduct" based on a non-existent "attorney-client" relationship or communications with her as an individual citizen and/or volunteer are specious, inflammatory and presented solely for improper purpose, such as to

DEF'S ANSWER TO PLT'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES - 61
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

harass, cause unnecessary delay, or needlessly increase the cost of litigation; these assertions, defenses, and legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and the factual contentions have no evidentiary support and are not likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

16. **LEGISLATIVE IMMUNITY:**  Plaintiff's claims are barred by absolute sovereign immunity, which applies to cities for legislative acts of its councilmembers, including acts alleged in Plaintiff's' Second Amended Complaint. This immunity also extends to councilmembers in rendering employment decisions pertaining to quasi-judicial and executive officials.

17. **SUBJECT MATTER JURISDICTION:** The Court does not have jurisdiction of Plaintiff's claims.

18. **RECORDS REQUEST NOT DENIED AND RECORDS NOT WITHELD:** Plaintiff's claims are barred, in whole or in part, because the City has not denied Plaintiff's records request or withheld any responsive records.

19. **ADEQUATE SEARCH:** Plaintiff's claims are barred, in whole or in part, because the City conducted adequate search(es) for responsive records.

20. **IDENTIFIABLE PUBLIC RECORDS:** Plaintiff's claims are barred, in whole or in part, to the extent the request(s) at issue are not for identifiable public records and/or are not public records otherwise subject to production or disclosure under the Public Records Act.

21. **NO IMPROPER REDACTIONS:** Plaintiff's claims are barred, in whole or in part, because, to the extent that the City has redacted any public records, the redacted records are exempt from or prohibited from disclosure in accordance with Washington State law.

22. **EXISTING RECORDS WERE TIMELY PROVIDED:**  Plaintiff's claims are barred, in whole or in part, because the City timely provided the records it reasonably

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 62
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

believed were responsive to Plaintiff's request, to the extent such records existed at the time it received Plaintiff's request.

**23.**   **GOOD FAITH:** Plaintiff's claims are barred, in whole or in part, because at all times relevant to this matter, the City acted in good faith and provided the fullest possible assistance to Plaintiff in processing her public records request(s) and the City reasonably believed and/or had reasonable grounds to believe that all of its actions related to the subject request were lawful and complied with the Public Records Act.

**24.**   **EQUITABLE DEFENSES:** Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and waiver and/or estoppel and/or unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Defendant CITY OF BAINBRIDGE ISLAND prays for the following relief:

1.      That Plaintiff's complaint be dismissed with prejudice, and that Plaintiff take nothing by her Complaint;

2.      That Defendant be allowed its statutory costs and reasonable attorney fees incurred herein, including pursuant to 42 U.S.C § 1988; and

3.      That Defendant be allowed its statutory costs and reasonable attorney fees incurred herein, including pursuant to RCW 4.84.010(5), (6), and (7); and

4. That Defendant be allowed its statutory costs and reasonable attorney fees incurred herein, including pursuant to RCW 4.24.520 ; and

5.      For such additional relief the Court may deem just and equitable.

///

///

///

///

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 63
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1      DATED this 25th day of February, 2022.

2                                 KEATING, BUCKLIN & McCORMACK, INC., P.S.

3

4                     By: */s/ Jayne L. Freeman*

5                          Jayne L. Freeman, WSBA #24318

                         Audrey M. Airut Murphy, WSBA #56833

6                     *Attorneys for Defendant City of Bainbridge Island*

7                     801 Second Avenue, Suite 1210

                    Seattle, WA  98104

8                     Phone: (206) 623-8861

                    Fax:     (206) 223-9423

9                     Email: jfreeman@kbmlawyers.com

10                    Email: amurphy@kbmlawyers.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 64
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff (pro se)**

Christopher L. Neal, WSBA #25685
NEAL FIRM, PLLC
P.O. Box 11215
Bainbridge Island, WA  98110
(206) 317-3000
Email:  cneal@coveragenorthwest.com

DATED:  February 25, 2022

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
*Attorney for Defendant City of*
*Bainbridge Island*

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

DEF'S ANSWER TO PLT'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES - 65
3:20-cv-06025
1002-01718/569614

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423