1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

| LISA NEAL, | CASE NO. 3:20-cv-06025-DGE |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 48) |
| v. | |
| CITY OF BAINBRIDGE ISLAND, | |
| Defendant. | |

17

18

This matter comes before the Court on Plaintiff's motion to compel.  (Dkt. No. 48.)
Having reviewed the motion, all supporting materials, and the record, the Court GRANTS in
PART and DENIES in part Plaintiff's motion.

19

20

### I.      FACTUAL AND PROCEDURAL BACKGROUND

This case arises from events surrounding the City Council of Bainbridge Island's vote to
remove Plaintiff from her position as a citizen volunteer member of the Island Center Subarea
Planning Process Steering Committee ("the Committee") in August 2018.

21

22

23

24

1    On December 29, 2021, the Court denied the City of Bainbridge Island's ("the City")

2    motion to dismiss.  (Dkt. No. 29.)  On January 11, 2022, Plaintiff filed a Second Amended

3    Complaint.  (Dkt. No. 30.)  On May 25, 2022, the Court granted a motion to continue the trial, in

4    part to allow time for additional discovery, which to that point totaled approximately 28,000

5    pages of material.  (Dkt. Nos. 32 and 34.)

6    In her Second Amended Complaint, Plaintiff contends that in voting to remove her from

7    the Committee, the City Council made false allegations against her, resulting in significant

8    sleeplessness, worry and distress.  (Dkt. No. 30 at 37.)  Plaintiff contends that these allegations,

9    which were recorded and made in a public forum, could lead current or future employers and

10   clients to form an adverse opinion of her.  (*Id*.)  Plaintiff argues that these false statements were

11   made to retaliate against Plaintiff for her opposition to the city government's pro-growth culture,

12   to sideline and diminish her in the community, and to chill and marginalize her speech and the

13   speech of others who might be inclined to speak out on the same issues.  (*Id*. at 4.)

14   Plaintiff brings several claims against the City based on these events, including: 1)

15   Violation of the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, 2) Defamation,

16   3) Negligent or Intentional Infliction of Emotional Distress, 4) Violation of Revised Code of

17   Washington 42.56 (the Public Records Act), and 5) Violation of Revised Code of Washington

18   4.24.510.  (*Id*. at 45-55.)

19   In July 2022, the parties contacted the Court requesting a status conference to address a

20   discovery dispute.  (Dkt. No. 37.)  The Court ordered the parties to submit a joint statement

21   regarding their dispute.  (*Id*.)  The parties submitted their joint statement on July 29, 2022.  (Dkt.

22   No. 40.)

23

24

1    On August 2, 2022, the Court held a status conference concerning the parties' discovery

2    dispute.  (Dkt. No. 41.)  During the conference, Plaintiff argued that Defendant improperly

3    objected to certain discovery requests as disproportionate to the needs of the case.  (*Id*. at 4.)

4    Defendant contended that it had made a reasonable effort to search for the documents requested

5    by Plaintiff and produced a significant number of documents dating back to 2001, but maintained

6    that Plaintiff's requests were far broader than the needs of the case.  (*Id*. at 5-7.)

7    When asked what documents Defendant failed to produce, Plaintiff cited 300 public

8    comments available on the City's website, which Plaintiff contends Defendant should have

9    produced in response to Plaintiff's request for production of all documents relating to the Island

10    Center subarea planning process.  (*Id*. at 7-8.)  When asked to explain the relevance of these

11    public comments to her causes of action, Plaintiff responded that:

12    The actual removal, the discrete -- you know, the August 14, 2018 event,
       that's the culminating event.  The issue becomes: What led up to it?

13

14    In order to prove that [Plaintiff] was removed as a pretense, she has to
       show that there was this overarching pro-development stance, and that
       does go back to before 2000 actually. That's why these things are relevant.

15

16    [Plaintiff] has to show that it is more likely than not that there is a pro-
       growth movement afoot and that she was deliberately silenced and
       unconstitutionally silenced by an overarching pro-growth movement that

17    is run from a largely behind-the-scenes group of folks, almost all of which
       have been identified in plaintiff's Complaint and discovery documents.

18
    (*Id*. at 10.)

19

20    Plaintiff also objected to Defendant's alleged refusal to identify managing or speaking

      agents.  (*Id*. at 20-21.)

21

22    Defendant stated that the City searched for the documents requested, and was unaware of

23    any documents in the City's possession that it had chosen not to produce.  (*Id*. at 13-15.)

      Defendant objected to discovery concerning certain reservation of rights letters, arguing that the

24

City is part of a risk pool, and that reservation of rights letters could contain privileged attorney work product.  (*Id*. at 16-18.)

The Court advised the parties that it would not compel discovery of documents the City did not possess, and would not order former employees or other people not under the City's control to produce documents.  (*Id*. at 15-16.)

On August 23, 2022, Plaintiff sent Defendant a letter again arguing that Defendant should have produced the 300 public comments available on the City's website.  (Dkt. No. 49 at 25-30.) Plaintiff also itemized several categories of documents that Defendant allegedly failed to produce, and re-stated her objection to Defendant's alleged refusal to identify managing or speaking agents.  (*Id*. at 27-30.)

On October 7, 2022, Plaintiff sent Defendant another letter, re-stating her concerns about speaking agents and other matters, and stating that "to the extent [the City] has raised improper objections to shield responsive documents from discovery, refused to answer Interrogatories based on improper objections, failed to perform a search for documents, or to investigate to determine facts requested, Plaintiff reserves the right to seek sanctions."  (*Id*. at 32-33.)

On November 3, 2022, Plaintiff filed a motion to compel discovery pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv).  (Dkt. No. 48.)  Defendant responded to Plaintiff's motion (Dkt. No. 50) and Plaintiff replied.  (Dkt. No. 52.)

## II.   LEGAL STANDARD

"Discovery is supposed to proceed with minimal involvement of the Court."  *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests."  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328,

1   331 (N.D. Cal. 1985).  However, when a party fails to provide discovery and the parties'

2   attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party

3   may seek an order compelling that discovery.  Fed. R. Civ. P. 37(a)(1).  The party that resists

4   discovery has the burden to show why the discovery request should be denied.  *Blankenship v.*

5   *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### III.   DISCUSSION

**A. Plaintiff's Motion to Compel**

8           In her motion to compel, Plaintiff again raises Defendant's alleged failure to produce

9   approximately 300 public comments available on the City's website.  (Dkt. No. 48 at 2-3.)

10          Plaintiff states she obtained numerous documents via public records requests that she

11  claims were responsive to various interrogatories and requests for production.  (*Id.* at 4-5, 7-10.)

12  Plaintiff contends Defendant's failure to produce these documents indicates Defendant did not

13  perform an adequate search for documents responsive to Plaintiff's discovery requests.  (*Id.* at

14  13.)

15          Plaintiff argues Defendant has improperly objected to certain discovery requests as

16  disproportionate to the needs of the case because Plaintiff seeks documents pre-dating her

17  removal from the Committee by several decades.  (*Id.* at 6, 12.)  In her motion, Plaintiff contends

18  her request for production is restricted to documents from 2017.  (*Id.*)  Plaintiff re-stated her

19  previous objections to Defendant's alleged failure to identify managing or speaking agents.  (*Id.*

20  at 11-12.)  Plaintiff asks the Court to compel Defendant to produce documents from other

21  lawsuits with the same or similar claims.  (*Id.* at 12.)

22

23

24

**B.  Defendant's Response**

Defendant contends Plaintiff made unreasonably broad discovery requests and that the City has produced thousands of documents in a good faith effort to adequately respond to Plaintiff's "seemingly limitless" requests.  (Dkt. No. 50 at 1.)  Defendant further contends Plaintiff refused to limit the scope of her discovery requests or provide useful guidance to the City concerning what information she sought.  (*Id.*)  Defendant argues Plaintiff moves to compel production of documents already in her possession, and that Plaintiff obtained copies of publicly available documents which she argues could have been responsive to her "vague and open-ended requests."  (*Id.* at 1-2.)

Defendant contends Plaintiff could serve more specific discovery requests if she seeks information not contained in the documents already produced, and that Plaintiff's motion does not seek the production of additional, relevant information, but was instead filed "for purely punitive purposes."  (*Id.* at 2.)

**C.  Analysis**

In her motion, Plaintiff seeks to compel production of documents related to requests for production 1, 3, 4, 8, 10, 13, 14, 16, 17, 19, 21, and 26 and interrogatories 2, 3, 7, 8, 10, 11, and 14.  (Dkt. No. 48 at 7-10.)

Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery regarding a nonprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

1    However, Rule 26(b)(2)(C) provides that the Court must limit the frequency of discovery

2 otherwise allowed by the federal civil rules or by local rule if the Court determines that: "(i) the

3 discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

4 source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

5 discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)

6 the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

7 26(b)(2)(C)(i)-(iii).

8    1.  <u>Request for Production No. 1</u>

9    Request for Production No. 1 seeks "all documents regarding the Island Center Subarea

10 Planning Process." (Dkt. No. 51-1 at 21.) Plaintiff contends the 300 public comments available

11 on the City's website relate to the Island Center subarea planning process, and argues

12 Defendant's failure to produce these documents indicates that Defendant did not perform an

13 adequate search for documents responsive to Plaintiff's request for production. (Dkt. No. 48 at

14 2-3.)

15    Defendant contends that Plaintiff's request is overly broad as to time period, author,

16 subject matter, and form of document. (Dkt. No. 51-1 at 21.) Defendant further contends it has

17 produced documents in response to this request, and that Plaintiff has requested and received

18 additional responsive documents via a public records request. (*Id.*)

19    To the extent Plaintiff seeks production of publicly available documents already in her

20 possession, the Court will not, and cannot, compel production of these documents. *Valenzuela v.*

21 *Smith*, Case No. S 04-0900, 2006 WL 403842 at *2 (E.D.Cal. Feb. 16, 2006) ("Defendants ...

22 will not be compelled to produce documents that are equally available to plaintiff."); *Baum v.*

23 *Village of Chittenango*, 218 F.R.D. 36, 40–41 (N.D.N.Y.2003) ("[C]ompelling discovery from

24

another is unnecessary when the documents sought are equally accessible to all."); *Bleecker v. Standard Fire Ins. Co.*, 130 F.Supp.2d 726, 738 (E.D.N.C.2000) ("Discovery is not required when documents are in the possession of or are readily obtainable by the party seeking a motion to compel."); *S.E.C. v. Samuel H. Sloan & Co.*, 369 F.Supp. 994, 995–996 (S.D.N.Y.1973) ("It is well established that discovery need not be required of documents of public record which are equally accessible to all parties.")

To the extent Plaintiff's motion to compel asks the Court to sanction Defendant for its alleged lack of diligence in producing these publicly available comments, the Court declines to do so.

Plaintiff contends she only seeks information regarding the 2017 process, and is not seeking information dating back to 2001. (Dkt. No. 48 at 6-7.)  Notwithstanding, the Court concludes "all documents regarding the Island Center Subarea Planning Process" is overbroad and is not proportional to the needs of the case.  It is unclear to the Court how every potential document that in any way might reference the Island Center Subarea Planning Process is relevant to the specific claims asserted in this litigation.  Plaintiff has been provided with what appears to be a significant number of documents related to the Island Center Subarea Planning Process.  If there is a specific document Plaintiff believes is missing from those already produced, Plaintiff will need to identify what those documents might be so that Defendant can focus on producing those specific documents.

2.  <u>Request for Production No. 3</u>

Request for Production No. 3 seeks production of "all communications between/among Sarah Blossom and Scott Anderson, Sue/Susan Anderson and/or Vernon Anderson."  (Dkt. No. 51-1 at 22.)  Plaintiff contends that this request seeks communications "among the persons who

1    had Plaintiff removed from the Committee and a Committee member who sought to upzone his

2    own property, regarding that upzone." (Dkt. No. 48 at 7.) Plaintiff contends that she was

3    removed from the Committee after raising conflict of interest concerns regarding that

4    Committee member. (*Id*.)

5        Defendant contends that this request is overly broad, unduly burdensome, is

6    disproportionate to the needs of the case, and would result in the production of information not

7    relevant to the case. (Dkt. No. 51-1 at 22.)

8        Plaintiff's request for *all* communications between these individuals will almost certainly

9    results in the production of a significant amount of material not relevant to Plaintiff's claims, and

10   the Court therefore finds this request to be unduly burdensome and disproportionate to the needs

11   of the case.

12       3.   Request for Production No. 4

13       Request for Production No. 4 asks for "all insurance reservation of rights letters, denials

14   of insurance coverage, and other communications from insurers or risk pools issued to the City

15   of Bainbridge Island regarding Plaintiff's claims, including those made in this litigation, as well

16   as Defendant's responses to same." (Dkt. No. 51-1 at 22.)

17       Defendant initially argued that it was not producing reservation of rights letters due to

18   possible attorney-client privilege issues, but now states that it has produced all reservation of

19   rights letters within its possession and control, and has no reason to believe any additional

20   records exist. (Dkt. No. 51 at 2-3.) In response to Plaintiff's request for production, Defendant

21   produced a reservation of rights letter from the City's insurance risk pool. (Dkt. No. 51-3 at 3-

22   4.)

23

24

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 48) - 9

1    Plaintiff concedes that Defendant produced two reservation of rights letters in response to

2    its request, but that Defendant has otherwise refused to answer her inquiries, and that it remains

3    unclear whether Defendant has produced all responsive documents.  (Dkt. No. 48 at 10.)

4    Under Federal Rule of Civil Procedure 34(a)(1) a party is required to produce requested

5    documents if they are within his or her "possession, custody or control."  *Kissinger v. Reporters*

6    *Committee for Freedom of the Press*, 445 U.S. 136, 165 n. 6 (1980) (Stevens, J., concurring in

7    part and dissenting in part).  Defendant claims that it has produced all reservation of rights letters

8    within its possession, and there is not, based on the information currently before the Court,

9    reason to believe Defendant possesses additional documents responsive to Plaintiff's request.

10       4.  Request for Production No. 8

11    Request for Production No. 8 asks Defendant to produce "all documents filed with the

12    court or exchanged with party counsel related to all lawsuits brought against [the City] for

13    violation of First Amendment Rights under either the U.S. Constitution or the Washington State

14    Constitution."  (Dkt. No. 51-1 at 25.)

15    Defendant contends this request is overly burdensome and would require the City to

16    perform an unreasonable amount of legal research regarding court documents that are equally

17    accessible to Plaintiff.  (*Id*.)  Plaintiff argues that Defendant has easier access to certain

18    discovery and party communications that are not publicly available.  (Dkt. No. 48 at 10.)

19    Asking Defendant to produce *all* documents filed with the court or exchanged with party

20    counsel relating to *all* lawsuits *ever* brought against the City for violations of the First

21    Amendment would impose an unusually high burden on Defendant and would produce a great

22    deal of material not relevant to Plaintiff's causes of action.  Plaintiff can access much of the

23

24

1    requested material herself.  The Court therefore finds this request is unduly burdensome in time

2    and scope and is disproportionate to the needs of the case.

3        5.   Request for Production No. 10

4        Request for Production No. 10 seeks "copies of all blogs or social media postings

5    created by you related to the Island Center Subarea Planning Process from 2016 to present."

6    (Dkt. No. 51-1 at 26.)  Defendant has produced documents in response to this request, but

7    Plaintiff contends she lacks confidence that all materials responsive to this request have been

8    produced because Defendant continues to object to this request as overly broad, unduly

9    burdensome, vague, and disproportionate to the needs of the case.  (Dkt. Nos. 48 at 7; 51-1 at

10   26.)

11       Despite Plaintiff's lack of confidence, she does not argue that Defendant's response to

12   this request for production is deficient, or that there are specific social media posts or posts from

13   certain periods missing from the documents produced by Defendant.  Based on the information

14   currently before the Court, there is no reason to believe Defendant possesses additional

15   documents responsive to Plaintiff's request.

16       6.   Request for Production No. 13

17       Request for Production No. 13 asks Defendant to produce "all requests to [the City], the

18   Planning Commission, or any other [City] body, to begin the Island Center Subarea Planning

19   Process, as well as any [City] body's responses to same."  (Dkt. No. 51-1 at 27-28.)  Plaintiff

20   contends that this request "may include communications from certain Committee members who

21   later sought upzoning of their own property."  (Dkt. No. 48 at 7.)  Defendant provided

22   documents in response to this request, but Plaintiff claims that Defendant has not produced "any

23   directly responsive communications."  (Dkt. Nos. 48 at 7; 51-1 at 27-28.)

24

1    The fact that Defendant's response to Plaintiff's request for production did not contain

2  the information Plaintiff expected does not necessarily render it deficient.  Based on the

3  information currently before the Court, there is no reason to believe Defendant possesses

4  additional documents responsive to Plaintiff's request.

5    7.   Request for Production No. 14

6    Request for Production No. 14 seeks production of "all communications from the City

7  Attorney to the Island Center Committee, Staff assigned to the Island Center Committee, or

8  members of the Island Center Committee regarding application of the Ethics Program to the

9  Committee's work."  (Dkt. No. 51-1 at 28.)

10    Defendant argues that Plaintiff's request is overly broad, unduly burdensome,

11  disproportionate to the needs of the case and may seek the production of attorney-client

12  privileged and/or work product information and is disproportionate to the needs of the case.  (*Id.*)

13  Defendant argues that it has produced documents in response to this request, and also notes that

14  Plaintiff has already received non-privileged documents related to the City's ethics program in

15  response to a public records request fulfilled in 2019.  (*Id.* at 27-28.)

16    Plaintiff contends that Defendant has not produced any communications from the City

17  Attorney, that the City has not produced a privilege log, and that attorney-client privilege does

18  not apply because Plaintiff was a member of the Committee at the time of the alleged

19  communication.  (Dkt. No. 48 at 7.)

20    To the extent Plaintiff seeks the production of non-privileged materials regarding the

21  City's ethics program, she appears to have received it in response to a public records request.

22    Regarding any responsive documents the City claims are protected by the attorney-client

23

24

1  privilege, the City shall produce a privilege log that complies with Federal Rule of Civil

2  Procedure 26(b)(5).

3      As to the assertion that Plaintiff's Committee member status negates any attorney-client

4  privilege, Plaintiff provides no authority to support this contention.

5      8.  Request for Production No. 16

6      Request for Production No. 16 asks Defendant to "produce all Agendas, Minutes, and

7  unredacted communications related to the removal of Plaintiff from the Island Center

8  Committee." (Dkt. No. 51-1 at 29.)  Plaintiff contends that no documents reflecting

9  communications regarding Plaintiff's removal have been produced.  (Dkt. No. 48 at 7.)

10     Defendant maintains its objection that this request is disproportionate to the needs of the

11  case, but notes that it has produced documents responsive to Plaintiff's request as part of its

12  general production, including City Council meeting materials such as minutes, agendas, and

13  recordings.  (Dkt. No. 51-1 at 29.)  It is unclear to the Court why this request is disproportionate

14  to the needs of the case, as a central focus of this case is Plaintiff's removal from the Island

15  Center Subarea Planning Process Steering Committee.  Presumably, the time frame of these

16  communications would not be overly burdensome either, as Plaintiff's time on this Committee

17  was limited.

18     Defendant shall supplement its response to this request for production.  If all documents

19  have already been produced, Defendant shall so state in its supplemental response.

20     9.  Request for Production No. 17

21     Request for Production No. 17 seeks production of "all Agendas, Minutes and unredacted

22  communications related to the removal/demotion of a citizen volunteer from the ETAC

23  committee, discussed at the City Council meeting on August 14, 2018."  (Dkt. No. 51-1 at 29.)

24

1    Plaintiff contends that Defendant has not produced emails or other communications relating to

2    the demotion of the citizen volunteer in question, and argues this information is relevant to her

3    equal protection claim.  (Dkt. No. 48 at 8.)

4         Defendant produced documents responsive to Plaintiff's request, but argues that this

5    request calls for the production of information not relevant to Plaintiff's claims, and would be

6    unduly burdensome because it would require Defendant to track down all communications

7    related to the removal/demotion of an individual unrelated to Plaintiff's claims.  (Dkt. No. 51-1

8    at 29.)  The Court agrees, and finds that Plaintiff's request as drafted is disproportionate to the

9    needs of the case.  However, Defendant is ordered to produce all agendas and minutes related to

10   the removal/demotion of the individual referenced at the City Council meeting on August 14,

11   2018.  To the extent these documents have been produced, Defendant shall state this in its

12   supplemental response.

13       10. Request for Production No. 19

14       Request for Production No. 19 seeks all documents supporting City Council member

15   Sarah Blossom's August 14, 2018 City Council statement referring to Plaintiff's alleged

16   actions/behavior: "we've had some Committee members resign because of this."  (Dkt. No. 51-1

17   at 30.)

18       Defendant produced documents in response to this request, but also argues that this

19   request is overbroad, unduly burdensome, seeks information outside of the possession, custody,

20   or control of Defendant, and is disproportionate to the needs of the case.  (*Id*.)  Defendant further

21   argues that Plaintiff received documents responsive to this request via a public records request

22   that was fulfilled in July 2020.  (*Id*.)

23

24

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 48) - 14

1    Plaintiff appears to have the requested materials in her possession, and appears to have

2    had them several months before she filed her lawsuit in October 2020.  The Court is unclear what

3    Plaintiff seeks to compel, and finds that this request is unduly burdensome and likely seeks

4    information outside of Defendant's possession.

5        11. Request for Production No. 21

6        Request for Production No. 21 asks Defendant to produce "all Island Center Subarea

7    Planning Process Related documents created, received, or held by any consultant interviewed,

8    screened, and/or hired by [the City] to assist with the Island Center Subarea Planning Process."

9    (Dkt. No. 51-1 at 31.)

10       Defendant produced documents in response to this request, but contends that the request

11   is otherwise overbroad, unduly burdensome, disproportionate to the needs of the case, not limited

12   in duration, and not likely to lead to admissible evidence.  (*Id*.)

13       Plaintiff acknowledges that it has received "voluminous" communications responsive to

14   this request via a public records request, but argues that the documents sought are relevant to

15   establish that the City's staff and certain consultants who worked on the Island Center process

16   worked "behind the scenes" in contravention of the Committee's votes.  (Dkt. No. 48 at 8.)

17       Plaintiff appears to have the requested materials in her possession.  Further, for the

18   reasons discussed above in connection with Request for Production No. 1, the Court finds that

19   this request is overly burdensome and disproportionate to the needs of the case.

20       12. Request for Production No. 26

21       Request for Production No. 26 seeks "all documents from 2011 to present reflecting

22   training provided to [City] elected officials and staff regarding the Open Public Meetings Act,

23

24

1    recordation of minutes, civil rights, anti-discrimination law, and the Public Records Act."  (Dkt.

2    No. 51-1 at 33.)

3         Defendant contends that this request is overbroad in scope and time period,

4    disproportionate to the needs of the case, and unlikely to lead to admissible evidence at trial.

5    (*Id*.)  Defendant argues that this request seeks information pertaining to *all* City employees over

6    a 10-year period, far beyond the scope of employees and relevant time period identified in

7    Plaintiff's complaint.  (*Id*.)  Defendant argues that it responded to this request by producing

8    copies of policies and procedures and training documents for the City's Public Records Officer

9    and an Administrative Specialist with the City's Planning and Community Development

10   department that relate to the Public Records Act and/or records management.  (*Id*.)

11        Plaintiff argues that she seeks information dating back to 2011 because Sarah Blossom

12   was first elected to the city council that year, and that the City knows which staff members

13   would have received training during that period.  (Dkt. No. 48 at 8.)

14        The Court questions the relevance of Plaintiff's request to her causes of action, and is

15   unclear as to why the documents produced by Defendant are inadequate.  The Court notes

16   Plaintiff seeks documents from a period long before the incident giving rise to her causes of

17   action, and finds Plaintiff's request disproportionate to the needs of the case and unlikely to

18   produce any documents relevant to Plaintiff's claim.

19        13. <u>Interrogatories Nos. 2 and 3</u>

20        Interrogatory No. 2 asks Defendant to identify "all persons involved in the Island Center

21   Subarea Planning Process."  (Dkt. No. 51-1 at 3.)  Interrogatory No. 3 asks Defendant to identify

22   "all persons with knowledge of facts relevant to this lawsuit and for each person identified, and

23   please state all the facts with respect to their knowledge."  (*Id*. at 6-7.)

24

1      Plaintiff argues that Defendant supplemented contact information for some individuals,

2 but failed to provide home address and telephone information for all employees and failed to

3 provide any specific information regarding the knowledge certain persons may hold.  (Dkt. No.

4 48 at 8-9.)

5      Defendant argues that it has supplemented its responses to these interrogatories multiple

6 times and provided names, email addresses, and phone numbers for numerous individuals, even

7 though many of these individuals are not City employees.  (Dkt. No. 51 at 7.)  Defendant adds

8 that it identified which individuals were involved with the planning process, identified who

9 attended the City Council meeting at which Plaintiff was removed and identified their

10 position/involvement.  (*Id*.)

11      Defendant contends it has made a reasonable inquiry concerning the contact information

12 of individuals involved in the planning process or with knowledge of the lawsuit, but lacks

13 sufficient information to confirm or deny whether more updated or additional information exists

14 outside of the City's control.  (Dkt. No. 51-1 at 5-10.)  However, Defendant contends it would be

15 unduly burdensome, overbroad, and disproportionate to the needs of the case for the City to

16 contact everyone who may have knowledge of the facts related to Plaintiff's claims, because her

17 claims largely involve public statements made at public events.  (*Id*. at 7.)

18      In its responses to Interrogatory No. 2, Defendant identified numerous people involved

19 with the planning process, and provided what appear to be home addresses and telephone

20 numbers for many of them.  (*Id*. at 3-6.)  In response to Interrogatory No. 3, Defendant identified

21 numerous people who had knowledge of the facts relevant to Plaintiff's lawsuits, including

22 individuals who provided public comment at the August 14, 2018 city council meeting, and

23

24

1    provided contact information for these individuals that Defendant was able to obtain after a

2    reasonable search.  (*Id*. at 6-11.)

3            With respect to Interrogatory No. 2, Defendant appears to have provided home addresses,

4    home phone numbers, and email addresses for most of the individuals involved with the planning

5    process, omitting only the contact information of those individuals to be contacted via counsel.

6    (*Id*. at 4-6.)

7            To the extent that Defendant does not have the contact information Plaintiff seeks, and

8    cannot obtain it after a reasonable search, the Court cannot compel its production.  The Court

9    finds that Defendant has provided information responsive to Interrogatory No. 2, and compelling

10   Defendant to conduct further searches for the contact information of unidentified individuals

11   would be unduly burdensome and unlikely to yield additional relevant information.

12           As for Interrogatory No. 3, Plaintiff's request that Defendant produce all facts with

13   respect to the knowledge of certain individuals regarding this lawsuit would appear to require

14   Defendant to conduct interviews of the individuals named by Defendant in response to

15   Interrogatory No. 2.  If Plaintiff wishes to determine what certain individuals know about the

16   facts of this case, she may contact them herself, either through counsel or by utilizing the contact

17   information provided in response to Interrogatory No. 2.  The Court notes that at the time

18   Plaintiff's motion was filed, she had apparently not scheduled any depositions.  (Dkt. No. 60.)

19           Accordingly, the Court finds that Defendant has substantially responded to Interrogatory

20   No. 3, and that to the extent Plaintiff seeks knowledge of certain individuals regarding the facts

21   underlying this action, this request is overly broad and unduly burdensome.

22

23

24

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 48) - 18

14. <u>Interrogatory No. 7</u>

Interrogatory No. 7 asks Defendant to identify "all communications, whether oral or written, between or among Sarah Blossom, Doug Schulze, Jennifer Sutton, Gary Christensen, Maradel Gale, and/or [the City] related to the Plaintiff." (Dkt. No. 51-1 at 12-13.)

Defendant argues that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case because there is no limitation to the time period covered by the request. (*Id*.) Plaintiff re-states her argument that she received via public records requests documents related to this interrogatory that Defendant should have produced in discovery. (Dkt. No. 48 at 9.)

For the reasons discussed above in connection with Requests for Production Nos. 1 and 20, the Court cannot and will not compel discovery of documents that Plaintiff has already obtained via public records requests. Further, to the extent that Plaintiff seeks communications from a period not relevant to her cause of action, the Court finds that this interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case.

15. <u>Interrogatory No. 8</u>

Interrogatory No. 8 asks Defendant to identify all persons the City "contends are managing or speaking agents for the City of Bainbridge Island." (Dkt. No. 51-1 at 13.) During the August 2, 2022 hearing, Plaintiff stated that she wanted Defendant to identify the City's speaking agents because she was concerned about being sanctioned if she contacted individuals with speaking authority for the City because they are represented by counsel. (Dkt. No. 41 at 20-21.) Plaintiff argues that Defendant's claim that Plaintiff must contact certain employees only through counsel implies that the City considers these individuals to be managing or speaking agents. (Dkt. No. 48 at 9.)

1    Defendant contends that the designation of managing or speaking agents is a legal

2    conclusion that depends on the specific, facts, context, time frame, and other circumstances

3    involved in an interaction or communication.  (*Id.*)  Defendant contends that it has identified

4    certain City personnel, such as the City Attorney and City Clerk to be contacted via the City's

5    defense counsel because contact with these individuals may raise issues concerning

6    "attorney/client communications and/or work product, to which the witness may have been privy

7    to and which privileges belong to the City, not any individual."  (Dkt. No. 50 at 8.)

8    During the hearing, the Court instructed counsel for Defendant to prepare an updated list

9    of potential witnesses with information about the case and to designate those individuals that

10   should only be contacted through counsel.  (Dkt. No. 41 at 23-26.)  The Court stated that once

11   this list was complete, Plaintiff would be free to contact any individuals that Defendant did not

12   require to be contacted via counsel.  (*Id.* at 26.)

13   As discussed above in connection with Interrogatories 2 and 3, Defendant has produced

14   an updated list of individuals who may have knowledge of Plaintiff's case, and has designated

15   which of those individuals may only be contacted through counsel.  (Dkt. No. 51-1 at 3-11.)

16   Accordingly, Plaintiff may contact those individuals not so designated without having to notify

17   opposing counsel.

18        16. Interrogatory No. 10

19   Interrogatory No. 10 asks Defendant to identify "the person or persons who placed the

20   removal of Plaintiff (whether identified by name, or not) from the Island Center Committee on

21   the agenda for the August 14, 2018 City Council meeting."  (Dkt. No. 51-1 at 14.)

22   Defendant contends that this interrogatory is vague as to the meaning of identity

23   "whether identified by name, or not."  (*Id.*)  Plaintiff contends that she has repeatedly explained

24

the meaning of this phrase, but has not provided clarification for the Court in her motion to compel.  (Dkt. No. 48 at 9.)

In seeking information about an individual, "whether identified by name, or not", Plaintiff may be seeking communications in which her removal is discussed, even though she is not mentioned by name.  However, as phrased, Plaintiff's request could also be interpreted as seeking the identity of the individual who placed Plaintiff's removal on the city council agenda. Accordingly, the Court agrees that this interrogatory is vague as written.

17. <u>Interrogatory No. 11</u>

Interrogatory No. 11 seeks "all meetings, including agenda setting meetings, at which removal of Plaintiff (whether identified by name, or not) from the Island Center Committee was discussed." (Dkt. No. 51-1 at 14.)

Defendant has produced City Council meeting materials, including minutes, agendas, and recordings, and Plaintiff states that in reviewing these documents, she found at least one agenda setting where her removal was discussed.  (Dkt. No. 48 at 9-10.)  Plaintiff's motion is unclear concerning which, if any, meeting records were omitted from Defendant's production, and the Court will not compel production of materials already in Plaintiff's possession.

### IV.    ORDER

Having considered Plaintiff's Motion to Compel, the Court GRANTS in part and

DENIES in part Plaintiff's motion as follows:

1.   Defendant SHALL produce a privilege log that complies with Federal Rule of Civil

Procedure 26(b)(5) regarding Request for Production No. 14 no later than March 10,

2023.

2.   Defendant SHALL supplement its responses to Request for Production Nos. 16 and

17 no later than March 10, 2023.

3.   As to all other discovery requests, Plaintiff's Motion is DENIED.

4.   Because Plaintiff's motion was granted in part and denied in part, the Court may,

pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), apportion the reasonable

expenses for the motion after giving the parties an opportunity to be heard.

Exercising its discretion, the Court declines to apportion payment of expenses; each

party is apportioned its own fees and costs.


Dated this 24th day of February, 2023.


David G. Estudillo
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 48) - 22