UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA NEAL,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF BAINBRIDGE ISLAND,<br><br>    Defendant. | CASE NO. 3:20-cv-06025-DGE<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE DEFENSES (DKT. NO. 55) AND DEFENDANT'S CROSS-MOTION (DKT. NO. 60) |

  This matter comes before the Court on Plaintiff's motion for summary judgment regarding Defendant's affirmative defenses (Dkt. No. 55) and Defendant's cross motion.[1] (Dkt. No. 60.)

  Having reviewed the motion, all supporting materials, and the record, the Court GRANTS in part and DENIES in part Plaintiff's motion for summary judgment regarding

---

[1] Defendant notes that the Court can simply defer consideration of the Motion pursuant to Fed. R. Civ. P. 56(d), but has also classified its response to Plaintiff's Motion as a cross-motion for continuance. (Dkt. No. 60 at 2, n.1.)

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE DEFENSES (DKT. NO. 55) AND DEFENDANT'S CROSS-MOTION (DKT. NO. 60) - 1

affirmative defenses. To the extent Defendant's cross-motion can be construed as a motion for a continuance, the Court finds that motion is now MOOT.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This case arises from events surrounding the City Council of Bainbridge Island's vote to remove Plaintiff from her position as a volunteer member of the Island Center Subarea Planning Process Steering Committee ("the Committee") in August 2018.

In her Second Amended Complaint, Plaintiff brings several claims against the City of Bainbridge Island ("the City") based on these events, including:

1) Violation of the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983;

2) Defamation;

3) Negligent or Intentional Infliction of Emotional Distress (Outrage);

4) Violation of Washington Revised Code, Chapter 42.56 (the Public Records Act); and

5) Violation of Washington Revised Code § 4.24.510.

(Dkt. No. 30 at 45–55.)

In its answer to Plaintiff's Second Amended Complaint, the City raises 24 affirmative defenses, including:

1) Claim Filing;

2) Discretionary Immunity;

3) Statute of Limitations;

4) Failure to State a Claim[2];

---

[2] While not addressed in Plaintiff's motion, "Failure to State a Claim" does not constitute an affirmative defense. *See, e.g., Barnes v. AT & T Pension Ben. Plan–Nonbargained Program,* 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiffs'] prima facie case... [and] is more properly brought as a motion.").

5) Mitigation of Damages;

6) Privilege;

7) Intra-Corporate Conspiracy Doctrine;

8) Third Party at Fault;

9) Public Figure;

10) First Amendment;

11) Public Duty Doctrine;

12) Failure to Comply with Washington Revised Code § 7.96.040;

13) RCW 4.84 Frivolous Claim;

14) 42 U.S.C. § 1983 and § 1988: Attorney Fee Shift

15) Federal Rule of Civil Procedure 11 Sanctions[3];

16) Legislative Immunity;

17) Subject Matter Jurisdiction;

18) Records Request Not Denied and Records Not Withheld;

19) Adequate Search;

20) Identifiable Public Records;

21) No Improper Redactions;

22) Existing Records Were Timely Provided;

23) Good Faith; and

24) Equitable Defenses.

(Dkt. No. 31 at 59–63.)

---

[3] As with Failure to State a Claim, a request for Rule 11 Sanctions also is not an affirmative defense.

On December 8, 2022, Plaintiff filed a Motion for Summary Judgment regarding Defendant's affirmative defenses, alleging Defendant lacks the evidence necessary to support some of its affirmative defenses, and that other defenses are either unavailable or legally insufficient. (Dkt. No. 55.)

On December 27, 2022, Defendant filed a response, asking the Court to either deny Plaintiff's Motion or defer ruling on it to give the City the opportunity to depose Plaintiff and pursue responses to discovery requests. (Dkt. No. 60.)

Defendant deposed Plaintiff on January 31, 2023 and February 3, 2023. (Dkt. No. 91-1 at 2.) On March 14, 2023, based on the completion of this additional discovery, the Court ordered the parties to supplement their positions on the pending summary judgment motions. (Dkt. No. 84.) The Court instructed that any supplementation should focus only on how the additional discovery impacted the issues raised in the pending motions and it was not an opportunity for the parties to simply restate positions already expressed in the motions. (*Id*.)

Defendant filed its supplement on March 21, 2023. (Dkt. No. 90.) Plaintiff filed her supplement on March 28, 2023. (Dkt. No. 94.)

## II.   LEGAL STANDARD

"Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law." *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 591 F. Supp. 3d 956, 960 (W.D. Wash. 2022). The party seeking summary judgment bears the burden of informing the district court of the basis for its motion, and identifying those materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials which it believes

demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. Pro. 56(c)(1)(A). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Under Federal Rule of Civil Procedure 56(d), if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to a summary judgment motion, the court may: 1) defer considering the motion or deny it; 2) allow time to obtain affidavits or declarations or to take discovery; or 3) issue any other appropriate order.

### III.   DISCUSSION

**A. Plaintiff's Motion for Summary Judgment Regarding Affirmative Defenses (Dkt. No. 55)**

Plaintiff contends Defendant has either not presented evidence to support the following affirmative defenses or that these defenses fail as a matter of law:

1) Claim Filing;

2) Discretionary Immunity;

3) Statute of Limitations;

4) Mitigation of Damages;

5) Privilege;

6) Intra-Corporate Conspiracy Doctrine;

7) Public Figure;

8) Public Duty Doctrine;

9) Failure to Comply with Washington Revised Code § 7.96.040;

10) Federal Rule of Civil Procedure 11 Sanctions;

11) Legislative Immunity;

12) Identifiable Public Records; and

13) Equitable Defenses.

(Dkt. No. 55 at 2–8.)

### B. Defendant's Response (Dkt. No. 60)

In response to Plaintiff's Motion, the City has withdrawn three of its affirmative defenses: Failure to Comply with Washington Revised Code § 7.96.040; Identifiable Public Records; and Equitable Defenses.  (Dkt. No. 60 at 4.)  Defendant asks the Court to continue Plaintiff's Motion to permit the City to obtain discovery regarding the basis of Plaintiff's underlying claims.  (*Id*. at 3.)  Defendant asks the Court to defer ruling on Plaintiff's motion until it can depose Plaintiff and obtain adequate responses to discovery requests regarding support for her claims, or in the alternative, to deny Plaintiff's Motion.  (*Id*. at 18–19.)

Defendant has deposed Plaintiff, and the discovery period ended on February 27, 2023.  (Dkt. No. 35.)  Accordingly, Defendant's request for the Court to defer its consideration of Plaintiff's motion is moot, and the Court will now rule on both motions.

### C. Analysis

1. <u>Claim Filing</u>

Plaintiff asserts Defendant "has no facts that would support the barring of Plaintiff's claims based on the alleged 'failure to file a claim.'"  (Dkt. No. 55 at 3.)  In response, Defendant asserts the operative complaint (Plaintiff's Second Amended Complaint) contains "facts and circumstances exceeding the scope of the claims set forth in the tort claim submitted in August 2020" to the City pursuant to Washington Revised Code § 4.96.020.  (Dkt. No. 60 at 5.)  Defendant contends *Medina v. Pub. Util. Dist. No. 1 of Benton Cty*, 53 P.3d 993 (Wash. 2002)

stands for the proposition that the "claim notice filing is a mandatory condition precedent and will be strictly construed." (*Id.*)

*Medina* held that a party's "failure to wait 60 days before filing a claim against [a municipality] in superior court violates the provisions of [Washington Revised Code §] 4.96.020(4)[.]" 53 P.3d at 996.  The issue in *Medina* was not whether the "facts and circumstances" asserted in a lawsuit exceeded the scope of the allegations contained in the claim notice submitted to a municipality.  Notably, however, *Medina* did "recognize that the statute sets forth a substantial compliance standard for the content of a claim." *Id*. at 997.

Neither party directly addresses whether the "facts and circumstances" contained in the Second Amended Complaint are supported by facts and circumstances contained in the original claim notice such that it can be concluded Plaintiff substantially complied with § 4.96.020's claim content requirement as a prerequisite to filing the claims asserted in the Second Amended Complaint.[4]

Instead, Defendant generally asserts Plaintiff's claims related to actions occurring after August 20, 2020 should be barred (Dkt. No. 60 at 4–5) and cursorily states Plaintiff "recognizes the insufficiency of her 2020 tort claim as to the current action." (Dkt. No. 90 at 2.)  Conversely, Plaintiff initially made a reference to Defendant's possible waiver of the claim requirement and noted that Plaintiff would serve a new claim notice to address any argument the claim notice was

---

[4] Neither party provided a complete copy of the August 13, 2020 claim notice in support of or in opposition to Plaintiff's motion.  Exhibit 8 from Plaintiff's deposition may be a copy of the August 13, 2020 claim notice.  (See Dkt. No. 91-1 at 26.)  However, page 216 of the deposition transcript where it appears Exhibit 8 is discussed is not included as part of the excerpts provided.  Again though, no analysis regarding substantial compliance with § 4.96.020 is provided.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE DEFENSES (DKT. NO. 55) AND DEFENDANT'S CROSS-MOTION (DKT. NO. 60) - 7

1  insufficient.⁵  (Dkt. No. 62 at 6.)  Subsequently, Plaintiff cursorily asserted, "Plaintiff considers

2  all claims in this matter intertwined" and that Plaintiff "does not agree that these claims of

3  continuing damage need to be 'noticed' separately[.]"  (Dkt. No. 94 at 7.)

4        The record and the parties' arguments as to whether Plaintiff substantially complied with

5  the claim notice requirements of § 4.96.020 to support Plaintiff's Second Amended Complaint

6  are incomplete and lacking.

7        Accordingly, Plaintiff's motion as to this affirmative defense is DENIED at this stage.

8      2.  <u>Discretionary Immunity</u>

9        Defendant contends Plaintiff's claims are barred by the doctrine of discretionary

10  immunity, which bars tort claims when a particular discretionary act is so rooted in governing

11  that it cannot be tortious, no matter how "unwise, unpopular, mistaken, or neglectful [it] might

12  be."  *Gorman v. Pierce County*, 307 P.3d 795, 803 (Wash. Ct. App. 2013) (quoting *Evangelical

13  United Brethren Church of Adna v. State*, 407 P.2d 440, 444 (Wash. 1965).  Defendant contends

14  to the extent Plaintiff challenges the City's decisions with respect to processes and programs

15  related to land use planning, community engagement, establishment of an ethics program, and

16  other discretionary decisions, the City's conduct meets the four-part test set forth in *Evangelical*

17  to qualify for discretionary immunity.  (Dkt. No. 60 at 6–8.)

18        Plaintiff contends there is no genuine issue of material fact as to this issue, and argues

19  application of the law to the facts shown by Plaintiff establishes that the acts complained of are

20  not entitled to immunity under the discretionary immunity doctrine.  (Dkt. No. 55 at 3, 10–11.)

---

⁵ Plaintiff subsequently filed a Motion to Amend (Dkt. No. 115) 60 days after filing a new tort claim notice and well past the deadline contained in the Court's May 25, 2022 scheduling order which contained an amended pleadings deadline.  That motion is noted for April 21, 2023.

When determining whether a government act qualifies for discretionary immunity under the test set forth in the *Evangelical* case, the Court must apply a four-part test:

> (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?

*Evangelical*, 407 P.2d at 255.

With respect to the first part of the test, Defendant contends providing a process for land use planning and community involvement involves basic governmental policies, programs, and objectives. (Dkt. No. 60 at 8.) As for the second part of the test, Defendant argues decisions about evaluating land use, including the way citizen committees are established and the criteria for appointment to, and removal from, those committees are essential to the City's realization of its land use planning policies and programs. (*Id*.) Third, Defendant contends the City Council's decision to establish volunteer committees, and to exercise its discretion in appointing and removing members of those committees, requires the exercise of basic policy evaluation, judgment, and expertise by the City Council. (*Id*. at 8–9.) Finally, Defendant argues the City Council had the requisite authority to pass ordinances establishing committees and to appoint and remove committee members at its discretion. (*Id*. at 9.)

In support of its arguments, Defendant cites to City ordinances governing land use review procedures and the subarea planning process, staffing and goals of volunteer committees, as well

as the circumstances under which members of those committees may be appointed, demoted, and removed.  (Dkt. No. 60 at 8–9, citing Dkt. No. 10-1.)

Based on this, the Court finds there is a genuine issue of material fact concerning whether Defendant's conduct qualifies for discretionary immunity under the four-part test set forth in *Evangelical*.  Accordingly, Plaintiff's motion as to this affirmative defense is DENIED.

3. Statute of Limitations

Defendant contends Plaintiff did not properly file or effect service of her Amended Complaint on the City in a timely manner, and that Plaintiff's claims with respect to defamation and outrage should be barred by the two-year statute of limitations applicable to these claims.  (Dkt. No. 60 at 5.)

Plaintiff argues the City did not initially indicate which claims were barred by the statute of limitations, and that Plaintiff's state law claims were filed in a timely manner.  (Dkt. No. 55 at 4, 11.)

In Washington State, the statute of limitations with respect to defamation is two years. Wash. Rev. Code § 4.16.100.  "Outrage" and "intentional infliction of emotional distress" are synonyms for the same tort.  *Kloepfel v. Bokor*, 66 P.3d 630, 631, n.1 (Wash. 2003).  There is some uncertainty concerning whether this claim is subject to a two- or three-year statute of limitations.  Wash. Rev. Code § 4.16.080(2); *see Mason v. Mason*, 497 P.3d 431, 445 (Wash. Ct. App. 2021) (suggesting that the statute of limitation is three years); *Doe v. Finch*, 942 P.2d 359, 361 (Wash. 1997) ("There appears to be some disagreement in this state whether outrage claims are governed by the three-year statute of limitation".).

The statute of limitations period begins to run at the point at which a plaintiff's cause of action accrues.  *Nichols v. Peterson NW, Inc.*, 389 P.3d 617, 622 (Wash. Ct. App. 2016).  To

determine when a cause of action accrues, a court will apply the "discovery rule." *Killian v. Seattle Pub. Schs.*, 403 P.3d 58, 63 (Wash. 2017). Under the discovery rule, a cause of action accrues when the plaintiff knew or should have known the essential elements of the cause of action. *Id*. The discovery rule postpones the running of a statute of limitations until the date the plaintiff "through exercise of due diligence, should have discovered the basis for the cause of action, even if actual discovery did not occur until later." *Id*.

Plaintiff knew or should have known the essential elements of her defamation and outrage claims on August 14, 2018, the date the City Council voted to remove Plaintiff from the Committee. Plaintiff filed her defamation and intentional infliction of emotional distress claims with this Court on October 16, 2020. (Dkt. No. 1 at 13–14.)

Under Washington law, no action for damages arising out of tortious conduct shall be commenced against any local government entity until 60 calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. Wash. Rev. Code § 4.96.020(4). The applicable period of limitations within which an action must be commenced is tolled during the sixty-calendar day period. *Id*. For the purposes of the applicable period of limitations, an action commenced within five court days after the 60-calendar day period has elapsed is deemed to have been presented on the first day after the 60-calendar day period elapsed. *Id*.

Plaintiff filed her tort claim notice with the City on August 13, 2020. (Dkt. No. 91-1 at 34–35.) Plaintiff's complaint was filed on October 16, 2020, four court days after the 60-day calendar period elapsed. Thus, whether dealing with a two-year or three-year statute of limitations, Plaintiff's claims for defamation and outrage were timely given the tolling provisions of the applicable statute.

1    Accordingly, there is no genuine dispute of material fact concerning whether Plaintiff's

2    claims for defamation and outrage were barred by the statute of limitations, and Plaintiff's

3    motion as to this affirmative defense is GRANTED.

4       4.   <u>Mitigation of Damages</u>

5    Plaintiff argues Defendant did not provide fair notice concerning which damages Plaintiff

6    allegedly failed to mitigate.  (Dkt. No. 55 at 12.)

7    Defendant initially argued it required discovery on the alleged damage to Plaintiff's

8    reputation to effectively establish the extent to which Plaintiff may have failed to mitigate such

9    damages. (Dkt. No. 60 at 8–10.)  Defendant further argued it was entitled to depose Plaintiff to

10   obtain additional facts and information that may establish a failure to mitigate such damages.

11   (*Id*.)

12   In the supplemental filing requested by the Court, Defendant argues the failure to

13   mitigate affirmative defense applies equally to all of Plaintiff's claims, including those arising

14   under 42 U.S.C. § 1983.  (Dkt. No. 90 at 3–5.)  Having deposed Plaintiff, Defendant argues

15   Plaintiff continued to publish information about her August 2018 removal from the Committee

16   and did not seek medical or mental health care after the meeting.  (*Id*.)

17   Defendant first presented its failure to mitigate affirmative defense in its answer to

18   Plaintiff's Amended Complaint on February 25, 2022.  (Dkt. No. 31 at 59.)  Plaintiff had notice

19   of Defendant's failure to mitigate affirmative defense more than a year ago.  Following

20   Plaintiff's deposition, Defendant has provided additional information concerning the substance

21   of its defense.  Defendant argues that in the five years since the City Council vote giving rise to

22   her complaint, Plaintiff did little to minimize the emotional distress and reputational damage

23   allegedly arising from the removal vote.  (Dkt. No. 90 at 3–5.)

24

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE
DEFENSES (DKT. NO. 55) AND DEFENDANT'S CROSS-MOTION (DKT. NO. 60) - 12

Specifically, Defendant identified that despite allegedly being traumatized by this event and concerned about reputational damage stemming from it, Plaintiff continued to appear at City Council meetings, encouraged members of the public to view a video of the meeting posted online by her husband, and established several websites to draw further attention to the episode. (Dkt No. 91-1 at 16–17.)  Defendant further contends that Plaintiff made attorneys at her law firm aware of her removal from the Committee, despite no indication that anyone at her firm was previously aware of it or any suggestion it impacted her reputation in the legal community.  (*Id.* at 11.)  Defendant also noted that despite Plaintiff's claim for damages related to medical or mental health treatment stemming from her removal, she has not sought any medical or mental health care for such alleged injuries.  (*Id.* at 6.)

Defendant has presented a genuine issue of material fact concerning whether Plaintiff failed to mitigate her damages.  Accordingly, Plaintiff's motion as to the failure to mitigate affirmative defense is DENIED.

   5. Privilege

Plaintiff argues Defendant has not identified communications that are protected by various privileges, including intra-corporate privilege, common interest privilege, fair reporting privilege, and good faith report to a government agency.  (Dkt. No. 55 at 4–5.)

      a. Intra-corporate Privilege

Intra-corporate communications are not "published" for purposes of defamation. *Doe v. Gonzaga Univ.*, 24 P.3d 390, 397 (Wash. 2001), rev'd on other grounds, 536 U.S. 273 (2002). "For a corporation ... acting through one of its agents or representatives, to send a libelous communication to another of its agents or representatives cannot be a publication of the libel on

the part of the corporation.  It is but communicating with itself." *Prins v. Holland–North Am. Mortgage Co.*, 181 P. 680, 681 (Wash. 1919).

b.  Common Interest Privilege

"The 'common interest' doctrine provides that when multiple parties share confidential communications pertaining to their common claim or defense, the communications remain privileged as to those outside their group." *Sanders v. State*, 240 P.3d 120, 134 (Wash. 2010).

The common interest doctrine is an exception to the general rule that the voluntary disclosure of a privileged attorney client or work product communication to a third party waives the privilege. *Kittitas County v. Allphin*, 381 P.3d 1202, 1208–1209 (Wash. Ct. App. 2016) (citing *Avocent Redmond Corp. v. Rose Elec., Inc.*, 516 F.Supp.2d 1199, 1202 (W.D. Wash. 2007)).

"The common interest or joint defense privilege applies where (1) the communication was made by separate parties in the course of a matter of common interest or joint defense; (2) the communication was designed to further that effort; and (3) the privilege has not been waived." *Id*. at 1203. A written agreement regarding the privilege is not required, but "the parties must invoke the privilege: they must intend and agree to undertake a joint defense effort." *Id*.

c.  Fair Reporting Privilege

The fair reporting privilege serves the public's interest in obtaining information about official proceedings and public meetings. *Clapp v. Olympic View Pub Co., L.L.C.*, 154 P.3d 230, 234 (Wash. Ct. App. 2007), citing *Herron v. Tribune Publ'g Co.*, 736 P.2d 249, 260 (Wash. 1987).  The privilege attaches to a report on official proceedings or records that (1) attributes the report to the official record, and (2) is accurate and complete or a fair abridgement of the record.

*Alpine Industries Computers Inc. v. Cowles Pub Co.*, 57 P.3d 1178, 1186 (Wash. Ct. App. 2002).

        d.  <u>Good Faith Report to a Government Agency</u>

Revised Code of Washington § 4.24.510 provides hat "[a] person who communicates a complaint or information to any branch or agency of federal, state, or local government . . . is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization."

The purpose of this statute is to "protect individuals who make good-faith reports to appropriate governmental bodies" because "the threat of a civil action for damages can act as a deterrent to citizens who wish to report information" to these bodies.  Revised Code of Washington 4.24.500.

Plaintiff did not identify all the communications Plaintiff relies on to support her claims.  Likewise, Defendant did not identify which communications Plaintiff uses to supports her claims are subject to the privileges asserted.  Defendant noted only that Plaintiff may have testified some of her claims are based on privileged communications between the city attorney and the city clerk.  (*See* Dkt. No. 91-1 at 20.)  Based on the insufficient record, the Court lacks the ability to evaluate whether the any of the privilege defenses apply.  Once the parties identify the communications Plaintiff relies on to support her claims, the Court can evaluate whether any of the identified privileges apply.

Until the communications are identified, Plaintiff's motion for summary judgment as to these privileges is DENIED.

    6.  <u>Public Figure</u>

Plaintiff contends she was a citizen volunteer on an advisory committee, and not a "public figure." (Dkt. No. 55 at 5, 14–16.)

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE DEFENSES (DKT. NO. 55) AND DEFENDANT'S CROSS-MOTION (DKT. NO. 60) - 15

The question of whether Plaintiff is a public figure is relevant to Plaintiff's defamation claim and is currently at issue in Defendant's pending motion for summary judgment. (Dkt. No. 98.)  The Court finds it more efficient to address this question on the merits, following full briefing by the parties, when ruling on Defendant's summary judgment motion.

### 7. Public Duty Doctrine

Plaintiff contends that the public duty doctrine does not bar her claim for negligent infliction of emotional distress. (Dkt. No. 55 at 16.)  Defendant raises the public duty doctrine in support of its motion for summary judgment (Dkt. No. 98 at 17), and the Court will address this contention when ruling on Defendant's motion.

### 8. Federal Rule of Civil Procedure 11 Sanctions

A request for sanctions under Federal Rule of Civil Procedure 11 is not an affirmative defense even if listed under the heading of "affirmative defenses" in an answer.  Accordingly, the Court will not consider Plaintiff's request for partial summary judgment regarding this issue.

### 9. Legislative Immunity

Plaintiff argues her claims are not barred by the doctrine of legislative immunity. (Dkt. No. 55 at 7, 18–21.)  In its motion for summary judgment, Defendant argues the doctrine of legislative immunity bars Plaintiff's claims based on the City Council vote. (Dkt. No. 98.)  As discussed above in connection with the public figure and public duty doctrines, the Court finds it efficient to address this argument when ruling on Defendant's motion for summary judgment.

## IV. ORDER

For the reasons discussed herein, the Court GRANTS Plaintiff's motion for summary judgment (Dkt. No. 55) as to the following affirmative defenses:

1) Statute of Limitations;

2) Failure to Comply with Washington Revised Code § 7.96.040;

3) Identifiable Public Records; and

4) Equitable Defenses.

With respect to all other affirmative defenses, Plaintiff's motion is DENIED. To the extent Defendant's cross-motion can be construed as a motion for a continuance (Dkt. No. 60), that motion is DENIED as MOOT.

Dated this 19th day of April, 2023.

David G. Estudillo
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE DEFENSES (DKT. NO. 55) AND DEFENDANT'S CROSS-MOTION (DKT. NO. 60) - 17