Hon. Judge David G. Estudillo
Trial Date:  May 13, 2024

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT TACOMA

| | |
|---|---|
| LISA C. NEAL, an individual,<br><br>                                    Plaintiff,<br><br>vs.<br><br>CITY OF BAINBRIDGE ISLAND, a Washington State municipal corporation,<br><br>                                    Defendant. | NO.:  3:20-cv-06025-DGE<br><br>**DECLARATION OF CHRISTOPHER L. NEAL IN SUPPORT OF PLAINTIFF'S REPLY RE: MOTION/REQUEST FOR JUDICIAL NOTICE** |

I, Christopher L. Neal, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct.

1.    I am Plaintiff's attorney in this matter, and make the following declaration based upon my personal knowledge and the records in this matter.

2.    Since 2011, I have operated my own law firm as a sole practitioner. I have no staff or assistants. I have no contract lawyer assistance, and I have no associates/partners. I do all of the work on my cases, but charge my clients only for the "lawyer" time. Necessarily, I have to be strategic in my use of litigation resources if I am to provide value and competent representation to my clients. One of the tools available to litigants when circumstances permit, one employed to reduce the unnecessary consumption of lawyer, court, and witness time/expense before, and during, trial, is Fed. R. Evid. 201, Request for Judicial Notice of an

C. NEAL DECLARATION RE: REPLY - 1
(Cause No. 3:20-cv-06025-DGE)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

adjudicative fact.  Plaintiff has been prejudiced by having to respond to Defendant's unfounded Motion for Sanctions here in her RJN Reply.

   3. During the summer of 2022, Plaintiff disputed Defendant's representation to her and the Court that it had produced "all" documents responsive to her requests for production.  As is discussed in her eventual Motion to Compel, Dkt. 48, during the required court conference, the Court commented that if Plaintiff were to prove that responsive documents had not, in fact, been produced, the Court "should" award her sanctions.[1]  Following the conference, Plaintiff submitted a few Public Records Act requests, and almost immediately received highly relevant documents that had not been produced in this litigation.  *Id*.  Plaintiff moved to compel, and requested sanctions.[2]  Defendant countered with a demand for sanctions *against her*.  Dkt. 50.  In its Motion to Strike Plaintiff's Motion for Partial Summary Judgment, Defendant suggested the Court could sanction Plaintiff.  Dkt. 107, p. 4, fn. 2.  In its Opposition to Plaintiff's Motion to File Third Amended Complaint (Dkt. 123), Defendant insisted that Plaintiff not be allowed to amend to *remove* claims, so that it could maintain a demand for sanctions based on the claims to be removed.  In its Answer, despite the removal of the artifact punitive damages claim (included in the first Complaint, in which an individual City Council member was sued, and remained as the Court allowed amendment

---

[1] Dkt. 41, pp. 35-36, ll.20-2 - **"I will say . . . if you [Plaintiff] do run into that situation where you identify a document that should have been produced, . . . I do think that is something that should be sanctioned for not being produced and having an improper objection, because . . . it is wasting everybody's time when you should have had that from the beginning."**

[2] Denied - With respect to Plaintiff's complaint that she obtained relevant documents via the PRR process (late in the litigation) that Defendant failed to produce earlier in the litigation:  **"To the extent Plaintiff seeks production of publicly available documents already in her possession, the Court will not, and cannot, compel production of these documents."** [Dkt. 76, p. 7, ll.19-20] * * * **"To the extent Plaintiff's motion to compel asks the Court to sanction Defendant for its alleged lack of diligence in producing these publicly available comments, the Court declines to do so."** Dkt. 76, p. 8, ll.7-9.

C. NEAL DECLARATION RE: REPLY - 2
(Cause No. 3:20-cv-06025-DGE)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

to add, not remove, claims and facts to the Second Amended Complaint), Defendant has maintained a claim for fees due to this "frivolous claim" that is now a nullity.  Dkt. 143, p. 63, ll. 14-20.  In this latest round, Defendant again seeks to block and distract from Plaintiff's attempts to prosecute her case, demanding sanctions for violating an Order that does not apply to requests for judicial notice.  Plaintiff's RJN was filed in good faith.  Plaintiff has expended countless hours revisiting the factual issue each time Defendant re-urges one or another of its misrepresentations that the applicable Code section included a removal process.  Plaintiff hopes that grant of this RJN will avoid at least that burden, and avoid having to present witness testimony and documentary evidence at trial regarding this simple issue.

4. The day after my filing of Dkt. 155, I received a letter from Defendant's counsel, Jayne Freeman, in which she relayed Defendant's dissatisfaction with Plaintiff's Request for Judicial Notice.  This letter is filed at Dkt. 158-1, pp. 3-4.  Defendant asked Plaintiff to strike the Request for Judicial Notice on grounds its filing was, for reasons unspecified, in violation of the Court's Order re:  Dispositive Motions (Dkt. 137).  From the Dkt. 137 language Ms. Freeman chose to set forth in bolded print,[3] it appeared to me that Defendant's position was that Plaintiff's Request for Judicial Notice was a dispositive motion, but, as the parties were each allowed to file one "dispositive motion" at any time after Plaintiff's Dkt. 55 was ruled upon, so long as the motion was filed before the dispositive motion cutoff date (January 12, 2024, per Dkt. 138), it was unclear to me, even if the Request for Judicial Notice could somehow be considered a request for dispositive/summary judgment of a claim or defense (Fed. R. Civ. P. 56(a)) (which it was not), how the filing could have run afoul of Dkt. 137's constraints on the dispositive motion process.  Ms. Freeman's letter went on to say (p. 2) that Dkt. 137 similarly constrained Defendant.  From Ms. Freeman's letter, it was not clear to me exactly what Defendant's problem was with Plaintiff's filing - only that

---

[3] **"Plaintiff SHALL file one dispositive motion before the new dispositive motion deadline in accordance with Local Rule 7(e)."**

C. NEAL DECLARATION RE: REPLY - 3
(Cause No. 3:20-cv-06025-DGE)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

Defendant considered the Request for Judicial Notice to somehow violate the Court's Order re: dispositive motions (Dkt. 137). Ms. Freeman closed her letter by asserting that Plaintiff's Request for Judicial Notice was filed in violation of Dkt. 137, and stating Defendant would seek fees/costs from Plaintiff if Defendant had to file a motion to enforce Dkt. 137, strike Plaintiff's Request, or "otherwise respond" to the Request. Ms. Freeman asked that I advise her "promptly" as to Plaintiff's response.

5.  As Plaintiff's counsel, I was very concerned about another threat by Defendant to pursue some form of monetary sanction against Plaintiff, and I responded to Ms. Freeman at 1:07pm the next business day, after I'd had an opportunity to consider Defendant's position(s) as relayed in her letter, and to do some legal research about their potential validity. My letter has been filed at Dkt. 158-1, pp. 6-7. In addition to explaining Plaintiff's supported disagreement with Defendant's assertion that the Request somehow violated Dkt. 137, I left open the possibility that I did not understand Defendant's position, so I asked (p. 2):

> Therefore, if Defendant is arguing that Dkt. 155 is a dispositive motion subject to Dkt. 137, which applies only to dispositive motions, there appears to be no good faith basis in law for Defendant's argument. *If Defendant is arguing something else, let me know that.* **Please provide the rule or authority (if any) upon which Defendant is relying for the position relayed in your letter before filing anything related to this issue so that Plaintiff may have an opportunity to consider and respond to it**.

(Bolding in original, italics/underlining added)

6.  Per the parties' stipulated Electronic Service Agreement (ESA) entered March 3, 2021 (a true and correct copy of the ESA is attached as Exhibit 1), the Defendant agreed to "electronic service of any document" (¶ 1), and "electronic service" includes "e-mail" (*Id*.). In ¶ 2 to the ESA, Defendant agreed that:

> A party desiring proof of service may . . . request in the transmittal email that one of the recipients acknowledge receipt, to which request the party receiving the request [here, Defendant] agrees to respond to the request via email as soon as practicable after receipt. Proof of service requires confirmation of receipt from only one of the e-mail addresses identified for each party . . . .

C. NEAL DECLARATION RE: REPLY - 4
(Cause No. 3:20-cv-06025-DGE)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

7. My email transmitting Plaintiff's October 30 response to Defendant (Dkt. 158-1, p. 5), was addressed *via* "reply all" to the following recipients: Jayne Freeman (jfreeman@kbmlawyers.com), Audrey M. Airut Murphy (amurphy@kbmlawyers.com), and Lindsey Martin (Lmartin@kbmlawyers.com). As per my usual practice, I bcc'd myself to confirm a successful email transmission. I closed my October 30 email with: **"Per the parties' agreement, please confirm your receipt by return email."**

8. I received immediate confirmation of my October 30 email's successful transmission *via* the bcc to myself, however, to date, and despite Defendant's entry into the ESA, none of the identified recipients has responded to my request that they acknowledge receipt of my October 30, 2023, letter. Unfortunately, this is a too-common occurrence in this case. I now know my letter was received, as Defendant filed it at Dkt. 158-1, pp. 6-7.

9. Ms. Freeman did not respond to my October 30, 2023, letter in any way, including to provide Plaintiff with any correction to my stated understanding of her October 27, 2023, letter's expressed position, or, even if I properly understood, with any rule or authority upon which Defendant relied for the position expressed in her letter. I concluded, therefrom, that Defendant was satisfied with Plaintiff's explanation of, and legal support for, Plaintiff's position provided in response to Defendant's complaint re: Dkt. 155, so I am surprised that Defendant has moved the Court for any form of sanction as the result of Plaintiff's filing, or this process.

10. While the parties initially contemplated deposing COBI after Ms. Lester returned from sabbatical (late August), the Court's continuance of the trial to May, 2024, caused Plaintiff to desire a later date because Plaintiff is still receiving slowly rolled out production in response to her Public Records Act requests that is relevant to this case. I therefore suggested a deposition date range of late November to early December, 2023. Defendant's counsel, Ms. Freeman, said she needed to consider her schedule and contact her client, but she did not initially, or ever, object to scheduling the deposition as requested.

C. NEAL DECLARATION RE: REPLY - 5
(Cause No. 3:20-cv-06025-DGE)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

When I did not hear from her within a reasonable time, I noticed the deposition for December 1, 2023.  Dkt. 158-2, p. 14.  This Notice was sent back on June 23, 2023.  *Id.*  When I sent the December 1, 2023, Notice of Deposition, I made clear that if this particular date and time was inconvenient, that Plaintiff was open to a different date and time.  I never heard back from any of Defendant's lawyers, so, as Ms. Freeman had invited me to keep after her on this issue, I wrote Ms. Freeman and Ms. Lester again, on July 12, 2023, to ask again about Defendant's desires for the deposition scheduling/conference:

* * *

> In other business, Ms. Freeman's vacation and other impediments removed, I continue to await COBI's counsels' scheduling availability for the required 30(b)(6) deposition conference.  As noted in my June 21, 2023, email, COBI's continued drip-production of relevant, unproduced documents in response to the outstanding public records requests compelled Plaintiff to renote (served June 23, 2023) the deposition of COBI for December 1, 2023.

As before, Defendant's lawyers did not respond.  Unfortunately, it appears likely Defendant will attempt to avoid the upcoming deposition by claiming the required conference did not occur, but Plaintiff's repeated efforts were unavailing.

11. In its Motion to Bifurcate (Dkt. 77, p.10-11:19-3), Defendant stated, **"[b]ut an agency has no obligation to produce records that do not exist when the request is made."** In its Order granting Defendant's Motion to Bifurcate (Dkt. 141, p.6:15-17), the Court held, **"To resolve the PRA issue, the Court must simply decide whether Defendant had the records Plaintiff requested at the time she requested them on December 16, 2020.  (See Dkt. No. 30 at 44 [Plaintiff's Second Amended Complaint])."** In its Motion for Summary Judgment on the PRA Claim (Dkt. 144, p.8:1-3), Defendant stated, **"On July 17, 2023, the Court bifurcated Neal's PRA claim from her remaining claims, recognizing that, to resolve the PRA claim, "the Court must simply decide whether Defendant had the records Plaintiff requested at the time she requested them on December 16, 2020. [*citing* Dkt. 141 at p.6:15-17]."** In fact, as briefed by Plaintiff in response to Defendant's dispositive

C. NEAL DECLARATION RE: REPLY - 6
(Cause No. 3:20-cv-06025-DGE)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

motion, the PRA plainly prohibits destruction, and provides for a remedy if this prohibition is violated. Dkt. 148, pp. 23-27.

I declare under penalty of perjury of the laws of the State of Washington that the foregoing is true and correct.

DATED this 10th day of November 2023 at Bainbridge Island, Washington.

/s/ Christopher L. Neal
Christopher L. Neal

C. NEAL DECLARATION RE: REPLY - 7
(Cause No. 3:20-cv-06025-DGE)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

# CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the EM/ECF system, which will send notification of such filing to the following:

Kari I. Lester, WSBA #28396
OGDEN MURPHY WALLACE PLLC
901 Fifth Avenue, Suite 3500
Seattle, WA 98164
Email:  klester@omwlaw.com

Jayne L. Freeman, WSBA #24318
Audrey M. Airut Murphy, WSBA #56833
KEATING, BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210
Seattle, WA 98104
Phone:  (206) 623-8861
Fax:       (206) 223-9423
Email:   jfreeman@kbmlawyers.com; amurphy@kbmlawyers.com

DATED:  November 10, 2023

/s/  Christopher L. Neal
Christopher L. Neal

C. NEAL DECLARATION RE: REPLY - 8
(Cause No. 3:20-cv-06025-DGE)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

# EXHIBIT 1

Hon. Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| LISA C. NEAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BAINBRIDGE ISLAND, a Washington State municipal corporation,<br><br>Defendant. | NO.: 3:20-cv-06025-RSL<br><br>ELECTRONIC SERVICE AGREEMENT |

The parties, by and through their counsel of record, stipulate as follows:

1. Except as otherwise provided in paragraph 3 below, the parties agree to electronic service of any document, including but not limited to motions, supporting documents to motions, pleadings, discovery, and notices in lieu of personal service or service by regular mail. For purposes of this stipulation, "serve electronically" or "electronic service" or "serve by electronic means" are defined as sending by e-mail a specified document in Portable Document Format (PDF) to the e-mail address of the attorneys of record and other recipients, as specified below:

ELECTRONIC SERVICE AGREEMENT - 1
(Cause No. 3:20-cv-06025-RSL)

NEAL FIRM, PLLC
PO Box 11215
Bainbridge Island, Washington 98110
Telephone (206) 317-3000

|  | Attorney For | Email Addresses |
|---|---|---|
| Christopher L. Neal | Plaintiff | cneal@coveragenorthwest.com |
| Jayne L. Freeman | Defendant | jfreeman@kbmlawyers.com<br>LWalker@kbmlawyers.com |
| Audrey M. Airut Murphy | Defendant | amurphy@kbmlawyers.com<br>TCaceres@kbmlawyers.com. |
| Kari I. Lester | Defendant | klester@omwlaw.com<br>pabbey@omwlaw.com |

2. Parties serving electronically shall send the specified document to each and every e-mail address identified above. A party desiring proof of service may send "read receipt requested," or may request in the transmittal email that one of the recipients acknowledge receipt, to which request the party receiving the request agrees to respond to the requester via email as soon as practicable after receipt. Proof of service requires confirmation of receipt from only one of the e-mail addresses identified for each party (e.g., proof of service on a defendant with multiple e-mail addresses listed needs a receipt from only one of them).

3. The foregoing agreement does not include service of original process. Any court filings of pleadings and other court documents that are forwarded *via* email notification in accordance with the Court's CM/ECF registration agreements and the Court's rules will not be served by email.

4. Other than documents filed with the Court, the parties further agree the time of service shall be as follows:

> Service by facsimile or electronic means is complete on transmission when made prior to 5:00 p.m. on a judicial day. Service made on a Saturday, Sunday, holiday or after 5:00 p.m. on any other day shall be deemed complete at 9:00 a.m. on the first judicial day thereafter. Service by other consented means is complete when the person making

ELECTRONIC SERVICE AGREEMENT - 2
(Cause No. 3:20-cv-06025-RSL)

NEAL FIRM, PLLC
PO Box 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

service delivers the copy to the agency designated to make delivery. Service under this subsection is not effective if the party making service learns that the attempted service did not reach the person to be served.

5. This stipulation constitutes each party's consent to be served by electronic means as indicated. Any party may revoke this consent by serving all other parties with notice by email that the party no longer consents to electronic service. Any party may revoke this consent by serving all other parties by traditional means under Fed. R. Civ. Proc. 5(b)(l) and 5(b)(2) notice that the party no longer consents to electronic service. Nothing in this stipulation shall preclude a party from serving another party by traditional means as described in Fed. R. Civ. Proc. 5.

6. The parties agree to the following document specifications:

a. Attachments to any e-mail shall not exceed 10 MB for a single e-mail. To avoid over-sized attachments, attachments may be broken into two or more PDF files and multiple e-mails can be used. The correct format for the partial files should be to identify the parts numerically, for example, Declaration of Smith - Part 1, Declaration of Smith - Part 2. Documents may also be produced electronically through file upload services, such as Dropbox.com, using originator-supplied links.

b. Exhibits may be incorporated into source documents or attached as separate files identifying the range of exhibit numbers.

c. A paper served by e-mail that an attorney is required to sign may include the attorney's actual signature or a signature block with the name of the signatory accompanied by *"s/"* or *"/s/"* That designation shall constitute a signature for all purposes.

ELECTRONIC SERVICE AGREEMENT - 3
(Cause No. 3:20-cv-06025-RSL)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

d. Each e-mail that transmits a document shall include a subject line that identifies the case by party name, and the title or legal description of the document(s) being sent.

DATED: March 3, 2021.

                                NEAL FIRM, PLLC

                                /s/ Christopher L. Neal
                                Christopher L. Neal, WSBA #25685
                                Attorney for Plaintiff Lisa Neal
                                Neal Firm, PLLC
                                PO Box 11215
                                Bainbridge Island, WA 98110
                                cneal@coveragenorthwest.com

                                */s/ Jayne L. Freeman*
                                */s/ Audrey M. Airut Murphy*
                                Jayne L. Freeman, WSBA #24318Audrey
                                Audrey M. Airut Murphy, WSBA #56833
                                KEATING, BUCKLIN & McCORMACK, INC., P.S.
                                801 Second Avenue, Suite 1210
                                Seattle, WA 98104
                                jfreeman@kbmlawyers.com

                                */s/ Kari I. Lester*
                                Kari I. Lester, WSBA #28396
                                OGDEN MURPHY WALLACE PLLC
                                901 Fifth Avenue, Suite 3500
                                Seattle, WA 98164
                                klester@omwlaw.com

ELECTRONIC SERVICE AGREEMENT - 4
(Cause No. 3:20-cv-06025-RSL)

NEAL FIRM, PLLC
PO BOX 11215
BAINBRIDGE ISLAND, WASHINGTON 98110
TELEPHONE (206) 317-3000

CERTIFICATE OF SERVICE

I hereby certify that on _____, 2021, I electronically filed the foregoing with the Clerk of the Court using the EM/ECF system, which will send notification of such filing to the following:

Jayne L. Freeman, WSBA #24318
Audrey M. Airut Murphy, WSBA #56833
KEATING, BUCKLIN & McCORMACK, INC., P.S.
801 Second Avenue, Suite 1210
Seattle, WA 98104
jfreeman@kbmlawyers.com

Kari I. Lester, WSBA #28396
OGDEN MURPHY WALLACE PLLC
901 Fifth Avenue, Suite 3500
Seattle, WA 98164
klester@omwlaw.com

DATED: _____

NEAL FIRM, PLLC

_____
Christopher L. Neal, WSBA # 25685

ELECTRONIC SERVICE AGREEMENT - 5
(Cause No. 3:20-cv-06025-RSL)

NEAL FIRM, PLLC
PO Box 11215
Bainbridge Island, Washington 98110
Telephone (206) 317-3000