UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA NEAL,<br><br>                     Plaintiff,<br><br>    v.<br><br>CITY OF BAINBRIDGE ISLAND,<br><br>                     Defendant. | CASE NO. 3:20-cv-06025-DGE<br><br>ORDER ON DISCOVERY DISPUTE STATEMENT (DKT. NO. 164) |

       On January 8, 2024, the parties filed a joint discovery dispute statement regarding the deposition of Defendant City of Bainbridge Island's 30(b)(6) witness, Christine Brown. (Dkt. No. 164.) In light of the Court's "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery," *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998), the Court declines to entertain the dispute and will not be scheduling the requested conference. The 30(b)(6) deposition should have been completed in August 2023—not months later and just before the deadline for dispositive motions.

In April of 2023, the Court issued an order denying Plaintiff's motion for relief from discovery deadlines, but permitting Plaintiff to conduct a 30(b)(6) deposition of the City after the formal close of discovery. (Dkt. No. 117 at 8–9.) The Court directed that "[t]he parties shall inform the Court no later than May 1, 2023 when this deposition is to be conducted." (*Id.* at 8.) In compliance with the Court's directive, the parties submitted a joint status report on May 1, 2023, informing the Court that the deposition would "take place on August 29, 30, or 31, 2023," and providing potential dates for trial. (Dkt. No. 136.) The following day, the Court acknowledged the parties' representations regarding the August deposition date and trial availability, and "issued an order setting new trial and pre-trial dates ***based on the parties' representations***." (Dkt. No. 137 at 1–2 (emphasis added).) The Court stressed that the dates could "be changed only by order of the Court, not by agreement of counsel or the parties," and that the Court would "alter these dates only upon good cause shown." (Dkt. No. 138 at 2.)

The parties were therefore on notice that the Court set the pre-trial and trial deadlines based on the parties' representation that the 30(b)(6) deposition would take place in August. (Dkt. No. 137 at 1–2.) Nonetheless, without informing the Court and without considering the foreseeable impact on case deadlines, Plaintiff decided to reschedule the deposition yet again[1]— this time for three months later, on December 1, 2023. (Dkt. No. 158-2 at 14.) And in contravention of the Court's directive that the 30(b)(6) deposition be "conduct[ed] . . . as previously scheduled on February 24, 2023" (Dkt. No. 117 at 8–9), Plaintiff's new notice of deposition contained a number of additional topics that were not present in the February 24, 2023 notice of deposition (Dkt. No. 158-2 at 2–5, 14–18).

---

[1] The 30(b)(6) deposition, which was first noticed for February 13, 2023, has been scheduled and rescheduled numerous times. (*See* Dkt. Nos. 71; 136; 158.)

ORDER ON DISCOVERY DISPUTE STATEMENT (DKT. NO. 164) - 2

While Plaintiff does not specify the relief sought in the instant discovery dispute, the Court can only assume Plaintiff wishes to require Ms. Brown to attend another deposition or to require the City to provide the information sought in some other fashion. But as the Court previously explained, tactical decisions to delay depositions have consequences. (Dkt. No. 117 at 8.) Here, the late-stage deposition resulted in submission of the discovery dispute statement just *four days* before the January 12, 2024 cutoff for dispositive motions (Dkt. No. 138 at 1) and roughly nine months after the formal close of discovery (Dkt. No. 35 at 1). Entertaining the dispute would invariably require extending the deadlines in this case. Although Plaintiff has maintained that rescheduling the deposition for December provided the parties "ample time prior to the dispositive motion cutoff" (Dkt. No. 149 at 4), that was clearly not so.[2]

Given the repeated delays in taking the 30(b)(6) deposition and apparent disregard for the Court's order establishing pre-trial and trial deadlines, the Court will not consider the discovery dispute statement.

Dated this 10th day of January 2024.

David G. Estudillo
United States District Judge

---

[2] Another justification for rescheduling advanced by Plaintiff is that the December deposition date would "allow[] Defendant more time to complete its production in response to Plaintiff's [public records requests]." (Dkt. No. 149 at 4; *see also* Dkt. No. 160 at 5–6.) This does not change the Court's analysis. The Court explained last April that "'methods of discovery may be used in any sequence' and 'discovery by one party does not require any other party to delay its discovery.'" (Dkt. No. 117 at 7.)