UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA NEAL,<br><br>                Plaintiff,<br>   v.<br><br>CITY OF BAINBRIDGE ISLAND,<br><br>                Defendant. | CASE NO. 3:20-cv-06025-DGE<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PRA CLAIM (DKT. NO. 144) |

### I      INTRODUCTION

Before the Court is Defendant City of Bainbridge Island's motion for summary judgment on Plaintiff's claim under Washington's Public Records Act. (Dkt. No. 144.) Finding no genuine dispute of material fact and Defendant entitled to judgment as a matter of law, the Court GRANTS Defendant's motion.

### II      BACKGROUND

On December 16, 2020, Plaintiff filed a public records request with the City, seeking "the video and audio zoom recordings for all Island Center Subarea Planning Process meetings." (Dkt. Nos. 100-6.) Plaintiff's request followed email correspondence the same day between Plaintiff and the City's Administrative Specialist, Jane Rasely. (Dkt. No. 100-3.) In that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PRA CLAIM (DKT. NO. 144) - 1

correspondence, Plaintiff asked whether there was "a way to view the past Zoom meetings" rather than just listen to audio recordings posted online for the public. (*Id.* at 3.) Ms. Rasely responded minutes later that only audio of the meetings was available. (*Id.* at 2.) Ms. Rasely explained, "[w]e were asked to only provide the same level of recording as before the pandemic, so the videos are deleted and the audio recordings uploaded to the City's agenda center." (*Id.*) Upon follow-up from Plaintiff requesting the rationale underlying the deletion of videos, Ms. Rasely clarified that because "we only provided an audio recording of the meetings before we began remote work situations," the audio recordings are "what we have continued to provide." (Dkt. No. 100-4 at 2.) Shortly thereafter, Plaintiff filed her public records request seeking the same videos Ms. Rasely informed her were deleted. (Dkt. No. 100-6 at 2.)

Ms. Rasely's declaration states she was tasked with recording Committee meetings. (Dkt. No. 100 at 2–3.) As Ms. Rasely attests, Zoom created both an audio and video file of the meetings. (*Id.* at 4.) Due to her understanding that "video files were not needed," Ms. Rasely would only download the audio file from Zoom to "the City's data drives[,] after which [the audio file] would be converted and uploaded" to the City's public-facing webpage, the "Agenda Center." (*Id.* at 3–4.) Upon uploading the audio, Ms. Rasely deleted the video file from the City's Zoom account. (*Id.* at 4.) This would move the video file out of the Recordings folder and into the Trash folder of the City's Zoom account, where Zoom would eventually delete the file unless Ms. Rasely "emptied" the Trash first. (*Id.* at 3–4.) Ms. Rasely states that "to the best of [her] recollection, on occasion," she "may have 'emptied' the Trash folder to keep it organized." (*Id.* at 4.) In contrast to her regular practice of downloading audio files from Zoom, Ms. Rasely attests that she "never downloaded any Zoom video file(s) to the City's data drives (i.e., database)." (*Id.*)

Ms. Rasely assisted in responding to Plaintiff's public records request. (*Id.* at 8; Dkt. No. 101 at 3.) On the same day Plaintiff submitted her request, Ms. Rasely recalls reviewing the Recordings and Trash folders of Zoom to check whether "there were [] video files of any prior Committee meetings." (Dkt. No. 100 at 10.) She reports that "there were no video files . . . in either folder." (*Id.*) Ms. Rasely states she contacted Zoom and the City's Zoom administrator to inquire whether the deleted videos could be recovered; both attempts at outreach resulted in confirmation that the videos were not recoverable. (*Id.*)

Ms. Rasely ultimately responded to Plaintiff's public records request two days after the request's receipt, on December 18, 2020. (Dkt. No. 100-7 at 6.) The only videos Ms. Rasely produced were a video from a Committee meeting held on December 16, 2020—the same day Plaintiff submitted her records request—and a video from an open house in February 2020. (*Id.*) Ms. Rasely did not provide videos for any other Committee meetings. (*Id.*; Dkt. No. 100 at 9–10.)

### III    LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). While a court "must accept the nonmoving party's evidence as true,"[1] *Mayes v. WinCo Holdings,*

---

[1] Plaintiff asserts "the Court must assume that all material facts *alleged* by Plaintiff are true." (Dkt. No. 148 (emphasis added).) However, a plaintiff opposing summary judgment cannot rely on "mere allegations"; rather, the plaintiff must "set forth by affidavit or other evidence specific facts." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal citations and quotations omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PRA CLAIM (DKT. NO. 144) - 3

1  *Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017), the nonmoving party "must do more than simply show
2  there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v.*
3  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Arpin v. Santa Clara Valley Transp.*
4  *Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("conclusory allegations unsupported by factual data
5  are insufficient to defeat" a motion for summary judgment).

6                                          **IV   DISCUSSION**

7  **A.   Defendant is entitled to summary judgment on Plaintiff's Public Records Act claim.**

8          Defendant moves for summary judgment on Plaintiff's PRA claim, which alleges
9  Defendant violated the PRA by withholding and allowing "loss and destruction" of Zoom video
10 recordings.  (Dkt. No. 142 at 53–54.)

11         As a general matter, the PRA requires an agency to disclose public records unless the
12 records are exempt from production.  *Hearst Corp. v. Hoppe*, 580 P.2d 246, 250 (Wash. 1978).
13 However, the PRA does not require an agency to produce a record that did not exist at the time
14 of the request.  *Fisher Broadcasting-Seattle TV LLC v. City of Seattle*, 326 P.3d 688, 692 (Wash.
15 2014); *West v. Washington State Dept. of Natural Resources*, 258 P.3d 78, 83 (Wash. Ct. App.
16 2011) ("there [i]s no agency action to review under the Act where . . . the public record [the
17 requestor] sought did not exist") (internal quotation and citation omitted).  Agencies comply with
18 the PRA by showing "a sincere and adequate search" for the requested records.  *Fisher*, 326 P.3d
19 at 522; *see also Nissen v. Pierce County*, 357 P.3d 45, 56–57 (Wash. 2015) (a "good-faith search
20 for public records . . . can satisfy an agency's obligations under the PRA"); *Zellmer v.*
21 *Department of Labor and Indus.*, 2020 WL 5537007, at *4 (Wash. Ct. App. 2020) (agency "met
22 its burden to show that its search was adequate, and the requested records did not exist").

23

24

Defendant's principal argument is that the requested videos did not exist at the time of Plaintiff's request, such that Defendant could not have violated the PRA. (Dkt. No. 144 at 10–12.) Defendant also asserts its search for the videos was adequate, foreclosing any PRA violation. (*Id.* at 11–12.) In response, Plaintiff argues that (1) at least one of the videos still existed at the time of the request (Dkt. No. 148 at 2, 8); (2) Defendant's search was inadequate (*id.* at 20–22); and (3) Defendant wrongfully and intentionally destroyed the videos (*id.* at 22–27).

1.  There is no genuine factual dispute that the videos did not exist.

Ms. Rasely's declaration establishes that the Recordings and Trash folders of the City's Zoom account were the only locations the videos could reasonably be found and that the videos were not in either of those locations on the day of Plaintiff's request. As such, Defendant satisfied its burden of showing the videos did not exist.

In particular, Ms. Rasely attests that she never downloaded a video file from the City's Zoom account to the City's drives and would routinely move video files from the Recordings folder to the Trash folder on the City's Zoom account. (Dkt. No. 100 at 3–4.) Ms. Rasely further reports that to the best of her recollection, she occasionally may have emptied the Trash folder, thereby deleting any videos in that folder prior to automatic deletion by Zoom, which occurred after 30 days. (*Id.* at 4.) And, critically, Ms. Rasely attests that she did not locate any videos in either the Recordings or Trash folders of the City's Zoom account on the day of Plaintiff's request. (*Id.* at 9–10.)

Plaintiff has not proffered evidence that would raise a genuine dispute as to the videos' existence. Plaintiff reasons that because Zoom automatically deletes files from the Trash folder after 30 days, video of the Committee's November 23 meeting "would have remained" in the Trash folder of the City's Zoom account on December 16. (Dkt. No. 148 at 8.) But the mere

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PRA CLAIM (DKT. NO. 144) - 5

existence of a 30-day Trash deletion policy does not actually call into question Ms. Rasely's attestations that she searched the Trash folder for any remaining videos on December 16 and did not locate any videos in that folder.  Accordingly, the Court does not find Zoom's 30-day trash deletion protocol creates a reasonable dispute of fact as to the videos' existence.  *See City of Pomona v. SQM North Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (a mere "scintilla of evidence" supporting a nonmoving party's position is insufficient to survive summary judgment); *Gales v. City of Seattle*, 2014 WL 545844, at *6 (Wash. Ct. App. 2014) ("Purely speculative claims about the existence and discoverability of other documents will not overcome an agency affidavit which is accorded a presumption of good faith") (internal citation and quotation omitted).

      Plaintiff also argues certain "equivocal" language in Ms. Rasely's declaration leaves open the possibility that videos existed at the time of Plaintiff's request.  (Dkt. No. 148 at 14.)  However, in all material respects, Ms. Rasely's declaration is sufficiently certain and is afforded the presumption of good faith.  *See Gales*, 2014 WL 545844, at *6; *Reid v. Pullman Police Dept.*, 2014 WL 301065, at *3 (Wash. Ct. App. 2014).  For instance, Ms. Rasely attests unequivocally that she clicked "Delete" when Zoom created video files of Committee meetings, which moved the videos to the Trash folder of the Zoom account; "never downloaded any Zoom video file(s) to the City's data drives" (Dkt. No. 100 at 4); and "reviewed" the Recordings and Trash folders on Zoom "to confirm that there were no video files of any prior Committee meetings that could be retrieved" on the date of Plaintiff's records request (*id.* at 10).  Without facts proffered by Plaintiff that would actually lead a reasonable juror to doubt Ms. Rasely's attestations as to the location the videos could exist and search of those locations, the use of some equivocal language in some portions of the declaration does not provide a basis for

denying summary judgment. *See Romans v. United States*, 2015 WL 4523500, at *7 (W.D. Wash. July 27, 2015) ("equivocal testimony" simply "shift[ed] the burden to" the party opposing summary judgment "to submit admissible evidence contesting" the testimony).

  2. <u>Even if video existed at the time of Plaintiff's request, there is no genuine dispute as to the adequacy of Defendant's search.</u>

Even assuming a dispute regarding the existence of requested video, Plaintiff's PRA claim cannot survive summary judgment because there is no genuine dispute as to the adequacy of the City's search. "[A]n adequate search, despite a missing document," may "be considered conformance to the Public Records Act." *Jones v. Washington State Dept. of Corr.*, 2016 WL 4413285, at *5 (Wash. Ct. App. 2016); *see also Kozol v. Washington State Dept. of Corr.*, 366 P.3d 933, 936 (Wash. Ct. App. 2015) ("The fact that [a requested] record eventually was found does not establish that the agency's search was not adequate."); *Millennium Bulk Terminals Longview, LLC v. Department of Ecology*, 2020 WL 902558, at*3 (Wash. Ct. App. 2020) ("An agency's failure to disclose a responsive record does not violate the PRA if the agency's search was adequate.").

An adequate search is "reasonably calculated to uncover all relevant documents." *Neighborhood Alliance of Spokane County v. Spokane County*, 261 P.3d 119, 128 (Wash. 2011). The search must be "more than [] perfunctory" and must "follow obvious leads." *Id.* However, an agency need not "search *every* possible place a record may conceivably be stored," so long as the agency searched "places where [the records are] *reasonably likely* to be found." *Id.* (emphasis in original).

Defendant satisfied its burden of showing it searched all places the videos were reasonably likely to be found—namely, the Recordings and Trash folders of the City's Zoom account. Plaintiff questions why Ms. Rasely did not search "the Zoom administrator's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PRA CLAIM (DKT. NO. 144) - 7

computer's backups (likely COBI backups)," Ms. Rasely's own computer, and "COBI server backups" (Dkt. No. 148 at 21), seemingly relying on an email from a councilmember to Plaintiff expressing a "hope[] that if there is a back up of the recording," it could be retrieved (*id.* at 8; Dkt. No. 150 at 42).  Critically, however, this email does nothing to help establish that the files were *reasonably likely* to be found in a backup, or even that "backup" locations actually existed. *See Neighborhood Alliance*, 261 P.3d at 128.  Without evidence showing that the videos were likely stored in a backup, the Court does not find this email raises a fact dispute as to the adequacy of Plaintiff's search.

Plaintiff also attempts to suggest Ms. Rasely did not actually search the Trash folder of the City's Zoom account on December 16, by highlighting that the City shared with Plaintiff a screenshot of the empty Zoom Trash folder on January 11 when responding to Plaintiff's further inquiries.  (Dkt. No. 148 at 8.)  Plaintiff questions, "Where is the screenshot dated December 16?  Why did Rasely not advise Plaintiff on any prior date that she had already reviewed the Trash folder?  Why did she review the Trash folder on January 11 if she had already done so?" (*Id.* at 13.)  But a screenshot of an empty Trash folder on January 11 only indicates that Ms. Rasely reviewed the folder on that date in response to inquiries from Plaintiff asking about locations the City had checked (*see* Dkt. No. 148 at 8); it reveals nothing as to whether a search of the Trash folder occurred earlier on December 16.  Absent evidence actually rendering less likely Ms. Rasely's attestation that she checked the Trash folder on December 16, there is no dispute of fact precluding summary judgment.

3. <u>Plaintiff does not have a cause of action for destruction of or failure to retain records.</u>

Plaintiff's response repeatedly asserts that the City "illegally destroyed" the requested videos, suggesting that Plaintiff may bring a claim for destruction or failure to retain public

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PRA CLAIM (DKT. NO. 144) - 8

records.  (*See, e.g.*, Dkt. No. 148 at 1–2, 22, 27.)  In particular, Plaintiff argues that the PRA "expressly provides a remedy" for failure to preserve records prior to a public records request. (*Id.* at 19.)  Plaintiff also relies upon RCW 42.56.100, which provides that "[i]f a public record request is made at a time when such record exists but is scheduled for destruction in the near future, the agency . . . shall retain possession of the record, and may not destroy or erase the record until the request is resolved." (Dkt. No. 148 at 23.)  As Plaintiff concludes, "[d]estruction, therefore, violates the PRA" unless there is an applicable exemption to production. (*Id.*)

At bottom, Plaintiff appears to argue she has a cause of action for deletion of records that occurs either prior to or following a request for those records.  As to the former, the Court finds Plaintiff's position without authority.  "[T]he destruction of a document prior to a PRA request is not actionable under the PRA."  *Washington State Dept. of Corr. v. Barstad*, 2015 WL 6688864, at *3 (Wash. Ct. App. 2015); *see also Entler v. Department of Corr.*, 2011 WL 2993702, at *2 (Wash. Ct. App. 2011) (declining to find a "civil remedy [] available for premature destruction of a document").  Indeed, "the only PRA provision that actually regulates destruction of records" concerns deletion *following* a request for records.  *Building Indus. Ass'n of Wash. v. McCarthy*, 218 P.3d 196, 205 (Wash. Ct. App. 2009) (citing RCW 42.56.100).  To that end, the Court also finds unavailing Plaintiff's argument that Defendant destroyed videos following Plaintiff's request.  To find otherwise, Plaintiff would need to introduce evidence that would allow a reasonable trier of fact to conclude that the requested records still existed at the time of Plaintiff's request *and* that they were subsequently destroyed by the City.  Plaintiff has not advanced such evidence.

      4.      <u>Plaintiff's remaining arguments and factual narrative do not preclude summary judgment.</u>

The Court does not find that the remaining arguments and factual narrative presented by Plaintiff raise a dispute of fact on an issue material to Plaintiff's PRA claim.  For example, Plaintiff highlights the inconsistency between Ms. Rasely's understanding that only audio of Committee meetings were to be retained and an internal City email instructing that both the audio and video should be retained for any recorded meetings.  (Dkt. Nos. 148 at 5, 15; 100-9 at 4–5.)  However, to the extent this email shows the City was not complying with its own internal directives by deleting the video of Committee meetings, the Court has explained Plaintiff does not have a private cause of action for such deletion.  Likewise, the Court finds irrelevant to Plaintiff's PRA claim events occurring over two years prior to Plaintiff's request, which Plaintiff asserts reflect the City's "general antipathy" to "public involvement" (Dkt. No. 148 at 16–18); these events are also not probative of the existence of videos on the date of Plaintiff's request or the adequacy of the City's search.

**B.**    **Plaintiff is not entitled to further discovery.**

Citing Federal Rule of Civil Procedure 56(d), Plaintiff argues Defendant's motion for summary judgment is premature because Plaintiff is entitled to additional discovery.  (Dkt. No. 148 at 3–6.)  In particular, Plaintiff seeks to "supplement[]" her opposition brief following the deposition of the City's 30(b)(6) witness, which Plaintiff asserts "will result in testimony directly pertinent to Plaintiff's opposition to" the motion for summary judgment.  (*Id.* at 4–6.)  Plaintiff also requests an opportunity to "subpoena" City Manager Morgan Smith for a hearing regarding what Plaintiff characterizes as Ms. Smith's order for the "destruction" of Committee video recordings.  (*Id.* at 5; Dkt. No. 152 at 5.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PRA CLAIM (DKT. NO. 144) - 10

1       Federal Rule of Civil Procedure 56(d) states that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may," *inter alia*, "allow time to obtain affidavits or declarations or to take discovery." In assessing motions under Rule 56(d), district courts consider (1) "whether the movant had sufficient opportunity to conduct discovery," (2) "whether the movant was diligent," (3) "whether the information sought is based on mere speculation," and (4) "whether allowing additional discovery would preclude summary judgment." *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. Appx. 760, 761 (9th Cir. 2014).

      Each factor weighs against Plaintiff's request for additional discovery. First, Plaintiff had ample time to seek discovery related to her PRA claim and has not shown otherwise. (*See* Dkt. No. 35.) Second, Plaintiff's repeated delays in taking the deposition of the City's 30(b)(6) witness speaks to a lack of diligence on Plaintiff's part. (*See* Dkt. No. 165.) Third, the information sought by Plaintiff is grounded in speculation. For instance, Plaintiff seeks discovery on City Manager Morgan Smith's "*possible* involvement" in "orally order[ing] the destruction" of videos, in light of an internal City message in which Ms. Rasely mentioned that instruction to only retain audio of the meetings may have been verbal. (Dkt. No. 152 at 5 (emphasis added); *see also* Dkt. No. 101 at 5–6.) Fourth, it is far from clear that the additional discovery sought would actually preclude summary judgment. The issues critical to Plaintiff's PRA claim are whether the requested records existed at the time of the request and whether the City undertook an adequate search. Plaintiff has not identified how the additional discovery sought—including "possible involvement" in "destruction" by Ms. Smith—would engender a fact dispute on either of these issues. And to the extent Plaintiff believes she will receive answers in a 30(b)(6) deposition that would undermine Ms. Rasely's declaration, that belief is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S PRA CLAIM (DKT. NO. 144) - 11

not reasonably supported by the evidence and, again, is based on conjecture.  The Court denies Plaintiff's request for a continuance under Rule 56(d).

**C.    Plaintiff is not entitled to an evidentiary hearing.**

Plaintiff argues she requires an "evidentiary hearing" to allow her to "subpoena and cross-examine witnesses before this Court as a factfinder," and "evaluate" their "veracity." (Dkt. No. 148 at 6.)  Consequently, Plaintiff would like the Court to "delay ruling [on the PRA claim] until after trial of this matter on all other claims." (*Id.*)  In support of her request for a hearing, Plaintiff identifies issues on which she asserts "Defendant failed to present [] evidence," including "testimony of [] two potentially culpable persons . . . who allegedly ordered the destruction" of the requested videos. (*Id.*)  Plaintiff further argues that "[t]he declaration testimony Defendant has submitted is internally inconsistent, conflicts with the written record, is equivocal, and appears coached." (*Id.*)

As an initial matter, Plaintiff's request for the Court to delay ruling on her PRA claim until after trial on Plaintiff's other claims represents a clear effort to circumvent the Court's order bifurcating the PRA claim from Plaintiff's other claims. (Dkt. No. 141.)  The Court declines to revisit that ruling.

The Court also finds Plaintiff's requests to subpoena and cross-examine witnesses speak to the lack of evidence Plaintiff currently has in support of her position.  In effect, Plaintiff seeks to question witnesses in the mere hope of receiving answers contrary to the facts set forth in those witnesses' declarations.  That discovery did not turn out the way Plaintiff had hoped, and that Plaintiff chose not to depose certain witnesses during discovery, does not provide a basis on which the Court can reasonably delay ruling on Defendant's motion for summary judgment.  To the extent Plaintiff felt declarations conflicted with the written record or that Defendant failed to

present certain relevant evidence, it was incumbent upon Plaintiff to present those portions of the written record to the Court, identify the conflict, and, critically, explain why that conflict raised a dispute on a factual issue that is actually *material* to Plaintiff's PRA claim.

**D.      Plaintiff's full deposition need not be disclosed.**

Because Defendant's motion for summary judgment relied in part on portions of Plaintiff's deposition, Plaintiff requests that the Court order Defendant to file her full deposition and then "allow Plaintiff to supplement the record with that deposition." (Dkt. No. 148 at 7.) As the basis for her request, Plaintiff cites Federal Rule of Civil Procedure 32(a)(6), which states that "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced." As Plaintiff has not identified any "other parts" of her deposition that she claims should be introduced, or explained why those parts must be introduced "in fairness," the Court declines Plaintiff's request.

## V      CONCLUSION

Accordingly, and having considered Defendant's motion (Dkt. No. 144), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that the motion for summary judgment on Plaintiff's PRA claim is GRANTED.

Dated this 26th day of January 2024.



David G. Estudillo
United States District Judge